GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
MARINA V. BOGORAD (SBN 217524)
mbogorad@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Tel: (310) 441-0500
Fax: (310) 441-4447

Attorneys for Defendants
McCandless Group, LLC
and Nicholas McCandless

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Digital Marketing Advisors,<br><br>Plaintiff,<br><br>v.<br><br>McCandless Group, LLC, *et al*.,<br><br>Defendants.<br>_____ | CASE NO.: 2:21-cv-6888<br><br>The Honorable Andre Birotte Jr.<br><br>(1) DEFENDANTS' NOTICE OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; and<br><br>(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.<br><br>FILED UNDER SEPARATE COVER:<br><br>(3) DECLARATION OF NICHOLAS MCCANDLESS; and<br><br>(4) PROPOSED ORDER.<br><br>Date:       March 11, 2022<br>Time:       10:00 a.m.<br>Courtroom:  7B |

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that on March 11, 2022 at 10 a.m., or as soon thereafter

3   as the matter may be heard, in the above entitled court, located at Courtroom 7B, 350 West

4   First Street, Los Angeles, California 90012, Defendants McCandless Group LLC and

5   Nicholas McCandless will and hereby do move this Court for an order dismissing Plaintiff's

6   single-claim complaint for failure to state a claim upon which relief can be granted pursuant

7   to FRCP 12(b)(6).

8       This Motion is based upon this Notice of Motion, the attached Memorandum of

9   Points and Authorities and Declaration of Nicholas McCandless, as well as all pleadings

10  and papers on file herein and all other such evidence or argument as may be submitted to

11  the Court at or prior to the hearing.

12      This motion is made following the conference of counsel pursuant to L.R. 7-3 on

13  January 10, 2022 by a telephone call and subsequent email correspondence, all of which

14  discussed the grounds for this Motion and the supporting authorities.  Although Plaintiff

15  remedied some of the deficiencies identified by Defendants by filing its Second Amended

16  Complaint, Plaintiff also refused to address the rest of these deficiencies, which are now

17  the subject of this Motion.

18  DATED: February 10, 2022                              GERARD FOX LAW P.C.

19

20                                                        /s/ *Marina Bogorad*
                                                          GERARD P. FOX
21                                                        MARINA V. BOGORAD
                                                          Attorneys for Defendants
22

23

24

25

26

27

28

---

1

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

I. SUMMARY OF ALLEGATIONS..............................................................2

II. ARGUMENT............................................................................................4

  A. Applicable Standards.........................................................................4

  B. The Single Remaining DMCA Claim Fails. .....................................6

  C. Leave to Amend for a Third Time Should Be Denied. .....................9

III. CONCLUSION.....................................................................................10

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
  790 F. Supp. 2d 1024 (N.D. Cal. 2011)................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 4

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 4, 8

*Bezirganyan v. BMW of N. Am., LLC*,
  __F. Supp. 3d ___, 2021 WL 6201298 (C.D. Cal. Nov. 18, 2021) ..................... 4

*Bly-Magee v. California*,
  236 F. 3d 1014 (9th Cir. 2001).............................................................................. 5

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011)............................................................................... 5

*Cavanaugh v. Cty. of San Diego*,
  2021 WL 6103115 (9th Cir. Dec. 22, 2021) ......................................................... 9

*Ellison v. Robertson*,
  357 F.3d 1072 (9th Cir. 2004)............................................................................... 6

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003)............................................................................... 9

*Evans v. McCoy-Harris*,
  2019 WL 4284504 (C.D. Cal. May 9, 2019).......................................................... 7

*Goldfinger v. Israel*,
  2017 WL 11633731 (C.D. Cal. May 17, 2017)...................................................... 1

*Ives v. Allstate Ins. Co.*,
  520 F. Supp. 3d 1248 (C.D. Cal. 2021)................................................................. 5

*Joseph v. Kraft Heinz Foods Co., Inc.*,
  691 F. App'x 850 (9th Cir. 2017).......................................................................... 5

*Joseph v. Ralphs Grocery Co.*,
  2016 WL 1056648 (C.D. Cal. Mar. 4, 2016) ........................................................ 5

*Lenz v. Universal Music Corp.*,
  815 F.3d 1145 (9th Cir. 2016)............................................................................... 9

*Lisner v. Sparc Grp. LLC*,
  2021 WL 6284158 (C.D. Cal. Dec. 29, 2021)....................................................... 8

1

*Love v. Pacifica Napa Winery LLC*,
  2021 WL 5848078 (N.D. Cal. Dec. 9, 2021) ................................................ 7

*Martin v. CSAA Ins. Exch.*,
  2018 WL 1242069 (N.D. Cal. Mar. 8, 2018) ................................................ 9

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) ...................................................................... 5

*MP3Tunes, LLC v. EMI Grp., PLC*,
  2008 WL 11508670 (S.D. Cal. Apr. 18, 2008) .......................................... 6, 7

*Ouellette v. Viacom Int'l, Inc.*,
  2012 WL 1435703 (D. Mont. Apr. 25, 2012) ............................................ 7, 8

*Rogers v. Postmates Inc.*,
  2020 WL 1032153 (N.D. Cal. Mar. 3, 2020) ................................................ 7

*Rossi v. Motion Picture Ass'n of Am., Inc.*,
  391 F.3d 1000 (9th Cir. 2004) .................................................................. 6, 7

*Sanders v. Ruiz*,
  2008 WL 4813097 (E.D. Cal. Nov. 3, 2008) ................................................ 9

*Selane Prod., Inc. v. Cont'l Cas. Co.*,
  2020 WL 7253378 (C.D. Cal. Nov. 24, 2020) .............................................. 5

*Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*,
  489 F. Supp. 3d 1048 (C.D. Cal. 2020) ........................................................ 4

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ...................................................................... 1

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ...................................................................... 5

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...................................................................... 1

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .................................................................... 5

*Zearfoss v. Rubbermaid, Inc.*,
  2018 WL 8731935 (C.D. Cal. Dec. 21, 2018) .............................................. 5

**Statutes**

Digital Millennium Copyright Act, 17 U.S.C. § 512 ............................... 1, 6, 7, 8

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**Rules**

Fed. R. Civ. P. 8..........................................................................................................8

Fed. R. Civ. P. 9.....................................................................................................5, 8

Fed. R. Civ. P. 12........................................................................................................4

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Plaintiff Digital Marketing Advisors ("Plaintiff" or "DMA")'s entire case is based on Defendants McCandless Group, LLC and Nicholas McCandless ("Defendants")' purported takedown notices supposedly issued under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f) ("DMCA"), for photographs posted on Reddit.com ("Reddit").[1] Plaintiff now brings a single claim under that statute, yet it fails on its face. Plaintiff's own links as pleaded in its complaint show the content at issue was removed "due to a violation of Reddit's rules against sexual or suggestive content involving minors or someone who appears to be a minor."[2]  As such, whatever Reddit did, it did not do it because of Defendants.

Even aside from this facial lack of reliance and causation, Plaintiff fails to allege any facts that establish "actual knowledge" of falsity on Defendants' part as required to state a claim under the statute. In fact, Defendants' actual notice submitted to Reddit simply asserted that Defendants took the picture at issue.[3] There are no facts alleged in Plaintiff's complaint concerning the authorship of the picture at issue; as such, the entire action must be dismissed with prejudice, considering that Plaintiff has had already **three** bites at the pleading apple and still cannot state a claim.

_____

[1]     All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted.

[2]     https://www.reddit.com/r/ShoreThang/comments/lxdkty/ellie_the_empress/     (as cited in Plaintiff's Second Amended Complaint ("SAC") at ¶ 17 (the first link for the alleged August notices) and accessed on Jan. 24, 2022; the same message appears when opening the URL link for the alleged January notice (*see* SAC at ¶ 11)).

[3]     *See* Declaration of Nicholas McCandless ("McCandless Decl."), Ex. 1.  The takedown notice has been incorporated by reference in Plaintiff's complaint because Plaintiff cites to it extensively—indeed, it serves as the basis for Plaintiff's claims (*see* SAC at ¶¶ 11-13 & 21-28).  Accordingly, it is properly before this Court on this Motion.  *See Goldfinger v. Israel*, 2017 WL 11633731, at *2 (C.D. Cal. May 17, 2017) (Birotte Jr., J.), citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

## I.   SUMMARY OF ALLEGATIONS

DMA brought this action against Defendants on the basis that Defendants allegedly issued supposedly "false" "takedown" notices to "Reddit" (which Plaintiff describes as "an online social media site where the users can post content and share comments and feedback" (SAC at ¶ 11)).  Since Plaintiff is no longer pursuing its other claims as stated in the SAC (*see infra* at 1 n.1), this is now the entirety of its case.

There is very little that Plaintiff offers beyond these conclusory assertions—which, in itself, is remarkable given the multiple rounds of the parties' meet and confer sessions that have already compelled Plaintiff to restate its claims twice so far and wilted down its already terse complaint to a single claim.  Cobbled together from the limited allegations, the background facts appear to stand as follows: sometime in 2020, Plaintiff entered into Content Creator Agreement with a social media personality and/or model named Ellie-Jean C. (hereinafter "Model").  (*See id.* at ¶ 8.)  Plaintiff claims that Defendants issued a "fraudulent" or "willfully blind[]" takedown notice to Reddit regarding the Model's photograph in January 2021.  (*Id.* at ¶¶ 10-11, 17 & 23.)  Plaintiff does not explain why it was "fraudulent"—all Plaintiff claims is that it is Plaintiff that owns the copyright to the picture.  (*See id*. at ¶ 8.)  Plaintiff never pleads any facts even suggesting that Defendants actually knew it.  Indeed, the actual January 2021 takedown notice merely asserted that the picture at issue was ***authored*** by Defendants.  (*See* McCandless Decl., Ex. 1.)  Plaintiff never pleads what Defendants actually said in the notice and thus sets no facts as to the required element of Defendants' "actual knowledge" that the statement was somehow incorrect.

Additionally, there are also allegations about Defendants issuing similar notices to Reddit in August 2021 as to "one of the Models" but the only such "Model" defined in the SAC is Ellie-Jean C.  Indeed, there are no allegations as to any other "Models" or Plaintiff's relationship with any other Model, and it is only from the alleged takedown URL link itself that the name of the model at issue in the August 2021 takedown notices can even be ascertained (*id.* at ¶ 17 (setting forth URLs for takedown notices concerning "Ellie the

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Emress")).

Finally, Plaintiff also contends that Defendants issued a similar notice to the Hostwinds internet service provider in July 2021.  (*See id.* at ¶ 14.)  This, however, appears to be an errand allegation that Plaintiff forgot to take out during its multiple amendments.  Indeed, there are no claims stemming from this allegation, as Plaintiff's entire complaint is limited to claiming damages stemming from its removal from Reddit, and there are no allegations connecting Reddit to Hostwinds.[4]

This is the entirety of the alleged wrongful behavior.  As for the alleged damages, Plaintiff only offers its belief that it was due to these takedown notices that it was banned from Reddit.  (*See id.* at ¶ 20.)  One is left guessing how the alleged July notice to Hostwinds is even connected with Reddit—Plaintiff never sheds light on this issue and leaves it unexplained.  Moreover, when one actually opens the three URLs as set forth in the SAC, two of them lead to the following message on Reddit's site: "This subreddit was banned due to a violation of Reddit's rules against sexual or suggestive content involving minors or         someone         who         appears         to         be         a         minor."  https://www.reddit.com/r/ShoreThang/comments/lxdkty/ellie_the_empress/ (as cited in SAC at ¶ 17 (the first link for the alleged August notices) and accessed on Jan. 24, 2022; the same message appears when opening the URL link for the alleged January notice (*see* SAC at ¶ 11)).[5]

_____

[4]     Should Plaintiff insist that it somehow did intend to assert claims related to this notice, Defendants reserve their rights to supplement their motion as against this claim, including challenging this claim based on the Court's lack of personal jurisdiction over Defendants and for improper venue because Hostwinds appears to be a Seattle-based company with no connection to California or this District.

[5]     The second link set forth for the alleged August notices leads to the "no such user found"         message.         (*See*         SAC         at         ¶         17,         citing https://www.reddit.com/user/Zurbina/comments/lxdj9j/ellie_the_empress/, as accessed on Jan. 24, 2022.)  Tellingly, Defendants could locate no notices issued to Reddit in August 2021 in their records.  (*See* McCandless Decl. at ¶ 6.)

## II.   ARGUMENT

### A.   Applicable Standards.

"Under Rule 12(b)(6), a defendant may move to dismiss a pleading for failure to state a claim upon which relief can be granted." *Bezirganyan v. BMW of N. Am., LLC*, __ F. Supp. 3d ___, 2021 WL 6201298, at *2 (C.D. Cal. Nov. 18, 2021) (Birotte Jr., J.), citing FRCP 12(b)(6).   Under this rule, "[a] complaint may be dismissed … for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*, 489 F. Supp. 3d 1048, 1054 (C.D. Cal. 2020) (Birotte Jr., J.), citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

While on this motion "a judge must accept as true all of the factual allegations contained in the complaint" and  "make all reasonable inferences in the plaintiff's favor," the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Semerjyan*, 489 F. Supp. 3d at 1054, citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."   *Id.* (alteration in original).   Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Bezirganyan*, 2021 WL 6201298, at *2, citing *Iqbal*, 556 U.S. at 678.   Accordingly, ruling on a motion to dismiss will be "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the

pleader is entitled to relief.'" *Id.* at 679.

As the complaint here asserts a claim of falsity and attempts to state a claim under the "fraudulent" prong of the UCL, it is also subject to the heightened pleading standards set forth in Federal Rule of Civil Procedure 9(b). *See Joseph v. Ralphs Grocery Co.*, 2016 WL 1056648, at *3 (C.D. Cal. Mar. 4, 2016) (Birotte Jr., J.), *aff'd sub nom. Joseph v. Kraft Heinz Foods Co., Inc.*, 691 F. App'x 850 (9th Cir. 2017). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy Rule 9(b), a plaintiff must allege 'an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Ives v. Allstate Ins. Co.*, 520 F. Supp. 3d 1248, 1257 (C.D. Cal. 2021) (Birotte Jr., J.), citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Stated differently, '[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Ives*, 520 F. Supp. 3d at 1257 (original alteration), citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The bottom line is that "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Zearfoss v. Rubbermaid, Inc.*, 2018 WL 8731935, at *3 (C.D. Cal. Dec. 21, 2018) (Birotte Jr., J.), citing *Bly-Magee v. California*, 236 F. 3d 1014, 1019 (9th Cir. 2001). "[M]ere conclusory allegations of fraud are insufficient." *Zearfoss*, 2018 WL 8731935, at *3 (original alteration), citing *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). As such, the complaint must not only "identify the 'who, what, when, where, and how' of the fraudulent misconduct" but also plead the particulars of "what is false or misleading about it, and why it is false." *Selane Prod., Inc. v. Cont'l Cas. Co.*, 2020 WL 7253378, at *3 (C.D. Cal. Nov. 24, 2020) (Birotte Jr., J.), citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

**B.    The Single Remaining DMCA Claim Fails.**

"Congress enacted the DMCA in 1998 to comply with international copyright treaties and to update domestic copyright law for the online world." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). "Title II of the DMCA [also referred to as the Online Copyright Infringement Liability Act] contains a number of measures designed to enlist the cooperation of Internet and other online service providers to combat ongoing copyright infringement." *Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1003 (9th Cir. 2004). Thus, "when a copyright owner suspects his copyright is being infringed, he must follow the notice and takedown provisions set forth in § 512(c)(3) of the DMCA." *Id.*

Plaintiff here attempts to state a claim under Section 512(f) of the DMCA, alleging that Defendants issues a wrongful takedown notice.  To state a claim under § 512(f), a plaintiff must allege facts to show that: (1) the defendant knowingly and materially misrepresented that copyright infringement occurred; (2) a service provider relied on that misrepresentation; and (3) the plaintiff was injured as a result.   *Id.*; *see also MP3Tunes, LLC v. EMI Grp., PLC*, 2008 WL 11508670, at *8 (S.D. Cal. Apr. 18, 2008). As an initial matter, Plaintiff's claim fails on its face under the aforementioned second and third prongs because the complaint on its face ***disclaims*** the required reliance by the service provider and Plaintiff's resulting damages.  This is because Plaintiff actually pleads that its Reddit account was not closed because of Defendants' notices—rather, once Plaintiff's alleged takedown links are followed, the reason for the closure is displayed as "banned due to a violation of Reddit's rules against sexual or suggestive content involving minors or someone       who       appears       to       be       a       minor." https://www.reddit.com/r/ShoreThang/comments/lxdkty/ellie_the_empress/ (as cited in SAC at ¶ 17 (the first link for the alleged August notices) and accessed on Jan. 24, 2022; the same message appears when opening the URL link for the alleged January notice (*see* SAC at ¶ 11)).  The actual reasons displayed once Plaintiff's pleaded links are opened have been thus expressly incorporated by reference into Plaintiff's complaint and require for its DMCA claim to be dismissed outright.  *See, e.g., Rogers v. Postmates Inc.*, 2020 WL

6

1032153, at *1 n.2 (N.D. Cal. Mar. 3, 2020) (considering the actual content of the pleaded URLs on a motion to dismiss as incorporated by reference); *see also Love v. Pacifica Napa Winery LLC*, 2021 WL 5848078, at *2 (N.D. Cal. Dec. 9, 2021) (same); *Evans v. McCoy-Harris*, 2019 WL 4284504, at *4 n.3 (C.D. Cal. May 9, 2019) (same).  Accordingly, because the alleged take-down had nothing to do with Defendants' alleged take-down notices, the claim cannot proceed.  *See Amaretto Ranch Breedables, LLC v. Ozimals, Inc*., 790 F. Supp. 2d 1024, 1029 (N.D. Cal. 2011) ("A fair reading of the statute, the legislative history, and similar statutory language indicates that a § 512(f) plaintiff's damages must be proximately caused by the *misrepresentation to the service provider and the service provider's reliance on the misrepresentation*.") (original italics).

Moreover, Plaintiff fails to allege any supporting facts under the first prong of the claim either, let alone those satisfying the Ninth Circuit's "high bar" for pleading sufficient "facts" supporting the required "subjective" bad faith in issuing the notice under the statute. *Ouellette v. Viacom Int'l, Inc*., 2012 WL 1435703, at *1-3 (D. Mont. Apr. 25, 2012) (holding that "§ 512(f) requires [plaintiff] to allege facts, at the pleading stage, that demonstrate that [defendant] acted without a good-faith belief" and also observing that "[w]ithout the subjective standard, copyright owners such as [defendant] could face limitless lawsuits just by policing its copyrighted material on the internet"), *aff'd*, 671 F. App'x 972 (9th Cir. 2016), citing *Rossi v. Motion Picture Assn. of Am., Inc*., 391 F.3d 1000, 1004-05 (9th Cir. 2004).  Indeed, "[a] copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistakes.    Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner." *Id.* at 1005.

Plaintiff pleads no facts even suggesting such "subjective" bad faith here.  All Plaintiff says is that it is supposedly the rightful copyright owner of the pictures at issue and that Defendants thus "could not have formed a good faith basis" to issue the notice. (SAC at ¶¶ 8, 12 & 18.)  Plaintiff never pleads that Defendants actually knew of its ownership.  As such, the claim fails.  *See MP3Tunes*, 2008 WL 11508670, at *8 (holding

that "the Amended Complaint does not plausibly allege knowing and material misrepresentations by Defendant … [because it ] did not allege facts which identify how or why Defendants knew or should have known" the purported falsity of its notice), citing *Twombly*, 550 U.S. at 555 (motion to dismiss should be granted if the allegations of the complaint do not raise the right to relief above the speculative level); *accord Ouellette*, 2012 WL 1435703, at *1-3 (concluding that the DMCA claim was properly dismissed because plaintiff failed to "allege sufficient facts that [defendant] knew" that its takedown notices were improper and thus "fail[ed] to plead factual allegations that meet the subjective standard…. Thus, [plaintiff] has failed to plead a prima facie case of misrepresentation under 17 U.S.C. § 512(f)….").

This is especially so given that Plaintiff claims the notices at issue here were "fraudulent" (SAC at ¶ 10), thus triggering the heightened pleading requirement under Rule 9(b)—which Plaintiff necessarily fails because the complaint pleads insufficient facts even under Rule 8's simple notice requirement, let alone the heightened pleading requirements of Rule 9(b). *See, e.g., Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *3 (C.D. Cal. Dec. 29, 2021) (Birotte Jr., J.) ("Claims sounding in fraud … are subject to the heightened pleading requirements of Rule 9(b)."). In fact, Plaintiff never actually pleads the content of the offending statement. Since it is incorporated by reference, the Court may consider it. (*See* McCandless Decl., Ex. 1 (January notice); *see also* McCandless Decl. at ¶ 6 (no record of any August 2021 notices).) The actual statement reads that the offending content posted on Reddit includes "[a] photograph I took." (McCandless Decl., Ex. 1 (January notice).) This was the entire extent of the assertion at issue, and there are no facts anywhere in the complaint that could possibly demonstrate that Defendants actually knew they did not take the picture at issue.

Finally, Plaintiff's allegations of "willful blindness" (SAC at ¶ 23) fare no better. "To demonstrate willful blindness a plaintiff must establish two factors: '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Lenz v. Universal*

8

*Music Corp.*, 815 F.3d 1145, 1155 (9th Cir. 2016).  "Under this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts."  *Id.*  To meet this standard, Plaintiff must demonstrate that "before sending the takedown notification—[defendant] (1) subjectively believed there was a high probability that the [picture] constituted [proper] use, and (2) took deliberate actions to avoid learning of this [proper] use."  *Id.*  Plaintiff here cites no facts supporting either factor, and its claim thus fails under this standard as well.

### C.   Leave to Amend for a Third Time Should Be Denied.

Should Plaintiff seek a third amendment of its complaint, it should be denied.  See *Cavanaugh v. Cty. of San Diego*, 2021 WL 6103115, at *2 (9th Cir. Dec. 22, 2021) ("The district court did not abuse its discretion when it denied leave to amend the complaint for a third time."); *Martin v. CSAA Ins. Exch.*, 2018 WL 1242069, at *4 (N.D. Cal. Mar. 8, 2018) (denying leave to amend for a third time where "Plaintiffs have had ample opportunity to plead their … claim … but they have failed to do so effectively," as they "repeatedly failed to cure deficiencies in their pleading, and they do not explain why they are now able to cure the deficiencies when they were unable to do so prior to this point"), citing *Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (leave need not be granted where plaintiff had multiple opportunities to amend, or where amendment would be futile).  Plaintiff here has been given multiple opportunities to cure the deficiencies of its claim, yet it still cannot state any facts in support of it.  At the same time, as Defendants have already engaged in extensive meet and confer efforts since (at least) November 2021, they would be greatly prejudiced by facing yet another amendment of a claim that simply does not hold any water.  *See Sanders v. Ruiz*, 2008 WL 4813097, at *7 (E.D. Cal. Nov. 3, 2008) (concluding that where "Plaintiff has already been allowed to amend the pleading twice[,] … [p]ermitting a third amendment would be too prejudicial to the proposed defendants[,]" especially given that "Plaintiff has not articulated a legal basis for the amendment in the pleading.").

1

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's single remaining claim should be dismissed with prejudice.

DATED: February 10, 2022                    GERARD FOX LAW P.C.


                                            /s/ *Marina V. Bogorad*
                                            GERARD P. FOX
                                            MARINA V. BOGORAD

                                            Attorneys for Defendants

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT