Chris J. Zhen (SBN 275575)
Email: chris.zhen@zhenlawfirm.com
Phone: (213) 935-0715
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036

*Attorneys for Plaintiff*
Digital Marketing Advisors

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Digital Marketing Advisors, a California Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>McCandless Group, LLC, a Florida Limited Liability Company; Nicholas McCandless, an individual; DOES 1-10,<br><br>  Defendants. | Case No.: 2:21-cv-06888-AB-GJS<br><br>*The Honorable Andre Birotte Jr.*<br><br>EX PARTE APPLICATION FOR LEAVE TO FILE LATE-FILED OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF CHRIS ZHEN IN SUPPORT THEREOF<br><br>12(b)(6) Hearing: Mar. 11, 2022<br>Time:  10:00 a.m.<br>Courtroom: 7B |

EX PARTE APPLICATION FOR LEAVE TO FILE LATE-FILED OPPOSITION
CASE NO.: 2:21-CV-06888-AB-GJS   -1-

Plaintiff Digital Marketing Advisors ("Plaintiff" or "Advisors" hereby applies for leave to file the concurrently-filed Opposition to Defendants' Motion to Dismiss the Second Amended Complaint filed on February 10, 2022.

This Ex Parte Application is made in the interest of justice on the following grounds:

1. Plaintiff's counsel erroneously believed that the date for filing the Opposition to Defendants' Motion to Dismiss Second Amended Complaint was February 24, 2022, or 14 days from the date the motion was filed. Other district courts in this state provide for 14 days for a party to file its opposition. Nevertheless, the response date was in error.

2. As soon as Plaintiff's counsel discovered the error on February 21, 2022, Plaintiff meet and conferred by email with Defendants to request a stipulation of a one-week continuance of the hearing for Defendants' motion. Defendants refused.

3. On February 22, 2022, Plaintiff's counsel notified Defendants of its intent to file an application for ex parte order. Defendants indicated they intend to oppose the application.

4. Plaintiff has valid grounds for opposing the Motion to Dismiss Second Amended Complaint. Plaintiff should not incur any prejudice as a result of the error of counsel.

This Ex Parte Application is based on this Notice; the attached Memorandum of Points and Authorities; the attached Declaration of Chris Zhen and the papers and pleadings on file in this action.

Dated: February 22, 2022          Respectfully Submitted,

ZHEN LAW FIRM

By: /s/ Chris J. Zhen
Chris J. Zhen
*Attorneys for Plaintiff*
Digital Marketing Advisors

# MEMORANDUM OF POINTS AND AUTHORITIES

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In exercising its discretion to determine whether a litigant has established excusable neglect under Rule 6(b)(1)(B), the court considers four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Rule 6(b)(1), "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration of Rule 60(b) motions). Through other decisions, including *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir.2000), and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir.2004) (*en banc*), the courts have further clarified application of this test.

The Ninth Circuit has stressed that the Rule 6(b)(1)(B) is to be liberally construed. *See, e.g.*, *Ahanchian* v. Xenon Pictures, Inc., 624 F.3d 1253. In *Pincay*, despite a twenty-four-day late filing, the Ninth Circuit found excusable neglect because the party asserted that their tardy filing resulted from a calendaring mistake caused by attorneys and paralegals misapplying a clear legal rule. *Pincay*, 389 F.3d at 855.

In this case, counsel for Plaintiff reached out to Defendants as soon as the error was discovered on February 21, 2022. Declaration of Chris Zhen at 2. Defendants, however, refused to cooperate. *Id*. There should be no prejudice to any party because the Opposition will be filed merely 1 business day (or 4 total days) from the original due date. Filing the opposition will not adversely affect the

EX PARTE APPLICATION FOR LEAVE TO FILE LATE-FILED OPPOSITION
CASE NO.: 2:21-CV-06888-AB-GJS   -5-

Motion to Dismiss hearing date, which is over two weeks away. While any mistake, including a calendaring mistake caused by the failure to apply a clear local rule, is undesirable, the Ninth Circuit has previously found the identical mistake to be excusable neglect. *See, e.g., Pincay*, 389 F.3d at 860. In fact, in *Bateman*, the attorney's reasons for his nearly month-long delay, the need to recover from jet lag and to review mail, were far less persuasive. Yet, the Ninth Circuit concluded that excusable neglect was established. *Bateman*, 231 F.3d at 1225.

      In addition, Plaintiff's counsel acted in good faith; he contacted Defendant's attorney as soon as the error was discovered, offering to stipulate to a one-week continuance. Declaration of Chris Zhen at 2.

      Accordingly, all the factors establish excusable neglect, and the ex parte application for leave to file the late-filed opposition should be granted.

Dated: February 22, 2022    Respectfully Submitted,

                                      ZHEN LAW FIRM

                                      By: */s/ Chris J. Zhen*
                                      Chris J. Zhen
                                      *Attorneys for Plaintiff*
                                      Digital Marketing Advisors

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of February, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission, first class mail, and/or electronic mail.

By:  /s/ *Chris J. Zhen*