Chris J. Zhen (SBN 275575)
Email: chris.zhen@zhenlawfirm.com
Phone: (213) 935-0715
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036

*Attorneys for Plaintiff*
Digital Marketing Advisors

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Digital Marketing Advisors, a California Corporation, | Case No.: 2:21-cv-06888-AB-GJS |
| Plaintiff, | *The Honorable Andre Birotte Jr.* |
| vs. | **OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| McCandless Group, LLC, a Florida Limited Liability Company; Nicholas McCandless, an individual; DOES 1-10, | **Hearing Date:**  Mar. 11, 2022 |
| Defendants. | **Time:**  10:00 a.m. |
| | **Courtroom:**  7B |

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -1-

## OPPOSITION TO MOTION TO DISMISS

By making false statements to a third-party so that Defendants disable Digital Marketing Advisors' ("Plaintiff") online presence Defendants have violated § 512(f) of the DMCA. The Second Amended Complaint (SAC) alleges this violation, plausibly and with particularity. *See* Dkt. 29. The Motion to Dismiss by Defendants McCandless Group, LLC, and Nicholas McCandless should therefore be denied. *See* Motion (Dkt. 35). Contrary to arguments made in the Motion, this case should be allowed to proceed so that Plaintiff may have its day in court.

## I.   FACTS ALLEGED

Plaintiff Digital Marketing Advisors is a company founded in 2018 as a model management and influencer development company. SAC ¶ 7. Over the years, Plaintiff has built up a social media presence and attracted social media personalities to bolster its brand. SAC ¶ 7. As part of the online presence, Plaintiff had built up online presence on the popular Reddit platform. *Id*. Plaintiff used the Reddit platform to promote its brand and social media personalities. SAC ¶ 8-11.

As Plaintiff's efforts started to bear fruit, Defendants take actions that impede Plaintiff media presence and ultimately disable Plaintiff's Reddit account. SAC ¶ 10-11.

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED
COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -2-

Defendants' Motion attempts to sidestep their liability under § 512 by focusing attention on irrelevant facts, misstatements of law, and summary judgment-level arguments. More broadly, Defendants attempt via their motion to completely eviscerate any statutory protection for proper copyright usage under the Digital Millennium Copyright Act ("DMCA"), an interpretation that flies directly in the face of both Congressional intent, this Court's decisions, and common sense. The statute requires an express obligation to only send DMCA takedown notices *after* forming a good-faith belief that a particular use of their copyrighted material is infringing, an obligation that Defendants have failed to uphold.

Defendants' position that they are nevertheless immune from § 512 liability is antithetical to controlling case law and the purpose and structure of § 512. As well, Defendants misconstrue the relevant analytical standard to be applied at this stage. Defendants ask the Court to dismiss this case based on a factual analysis with inferences in Defendants' favor. This is both inaccurate and inappropriate on a motion to dismiss. Digital Marketing Advisors has alleged sufficient facts to support its claim, based on the information available to it prior to discovery. Taking Plaintiff's allegations to be true and with all reasonable inferences in its favor, Plaintiff has shown why it should be permitted to develop evidence to substantiate those allegations and vindicate its rights.

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -3-

## II.    ARGUMENT

The DMCA provides a rapid procedure for copyright owners to protect the widespread proliferation of their digital content. A DMCA notice requires a signed statement under penalty of perjury that the submitting party has a good faith belief that the content identified in the notice is infringing on a copyright, together with "[a] statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law" under § 512(c)(3)(A)(v) of the DMCA. Defendants did not do any investigation or legal analysis prior to filing the notices at issue, as required by the DMCA. SAC ¶ 26. Defendants sent DMCA notices for photographs when Defendants did not even own the underlying copyright. *Id*. Defendants knew that the DMCA notices were false and did not have a "good faith" basis for believing that Plaintiff's uses of the photographs were unauthorized. *Id*. As a result, Plaintiff suffered injury including loss of a significant social media asset in a Reddit account. SAC ¶ 24-25.

### A. Standard Of Review

"For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff." *Lenz v. Universal Music Corp., No. C 07-03783 JF, 2008 WL 962102*

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -4-

*(N.D. Cal. Apr. 8, 2008)* *1 (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). To defeat such a motion, the factual allegations must simply be "enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S.Ct. 1955, 1965 (2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). Further, the court must draw all reasonable inferences in the plaintiff's favor. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005), and presume that general allegations embrace those specific facts that are necessary to support the claim, *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990). Thus, factual disputes are properly resolved only on summary judgment or at trial, not on a motion to dismiss. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

**B. The DMCA Claim is plausible**

In order to plead a proper § 512(f) claim, a plaintiff must allege facts to show that (1) the defendant knowingly and materially misrepresented that copyright infringement occurred; (2) a service provider relied on that misrepresentation; and (3) the plaintiff was injured as a result. 17 U.S.C. § 512(f).

Plaintiff has alleged each of these elements, along with sufficient facts to support the claim. Plaintiff has alleged that Defendants knew that the photos were

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -5-

not infringing, and set forth a factual basis for that allegation, therefore satisfying the first element. SAC ¶ 23. Because Plaintiff alleges that Reddit took down the photographs and postings in response to Defendants' notices, the second element is met. SAC ¶ 24. Finally, Plaintiff alleges that Reddit disabled Plaintiff's account with Reddit which satisfies the third element. SAC ¶ 25.

**C. Plaintiff Alleges Misrepresentations Plausibly and with Particularity**

The DMCA creates a specific statutory cause of action like the one pleaded here. Under § 512(f) of the statute, "[a]ny person who knowingly materially misrepresents under this section … that material or activity is infringing … shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer … who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing[.]" 17 U.S.C. § 512(f). Defendants "face[ ] liability if [they] knowingly misrepresented in the takedown notification that [they] had formed a good faith belief the [photographs] were not authorized by the law, i.e., did not constitute fair use." *See Lenz*, 815 F.3d at 1154.

To satisfy the "knowingly" prong, Plaintiff needs to allege sufficient facts to show that Defendants lacked a subjective good faith belief that the images that were subject to the takedown notices were infringing. *See Lenz v. Universal Music*

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -6-

*Corp.*, 815 F.3d 1145, 1154 (9th Cir. 2016) (citing *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004)).

The Ninth Circuit has held that the DMCA "requires consideration of fair use prior to sending a takedown notification..." *Id*. A defendant in a § 512(f) claim cannot maintain it formed a subjective good faith belief if the defendant did not perform the analysis. *ENTTech Media Group LLC v. Okularity, Inc.*, No. 2:20-CV-06298-JWH-EX, 2021 WL 916307 (C.D. Cal. Mar. 10, 2021). In *Okularity*, the court noted that it had previously held that the plaintiff adequately pleaded the DMCA claim based on plaintiff's allegations that the defendant submitted DMCA notices without considering fair use. *Id*. The *Okularity* Court reasoned that those allegations, if true, were enough to constitute "lack of subjective good faith belief because if [defendant] failed to consider fair use, it could not have formed a good faith belief that the images were infringing." *Id*.

The SAC alleges that Plaintiff owned the copyright so that Defendants failed to perform the analysis necessary to determine whether a copyright violation has occurred; in other words, Defendants could not have formed a good faith basis for the belief in filing the DMCA takedown notice. SAC ¶ 26. This fact that Defendants did not own the copyright is a specific and plausible basis for alleging that Defendants knew it was not acting in good faith when it issued a takedown

notice -- because any analysis (much less the "fair use" analysis required under copyright law) would reveal that no copyright infringement is possible. *See, e.g., Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1154 (9th Cir. 2016).

Accordingly, the "knowingly" prong is satisfied when Defendants lacked the good faith belief of infringing uses.

### D. Plaintiff sufficient alleges injury from wrongful DMCA takedown notices

Courts construe damages under § 512(f) broadly, as the statute's use of "any damage" in its language "suggests strong Congressional intent that recovery be available for damages even if they do not amount to . . . substantial economic damages." *Lenz v. Universal Music Corp.*, No. 5:07-cv-03783-JF, 2013 WL 271673, at *9 (N.D.Cal. Jan. 24, 2013) (quoting *Lenz v. Universal Music Corp.*, No. C 07-3783 JF, 2010 WL 702466, at *10 (N.D.Cal. Feb. 25, 2010)). In *Lenz*, plaintiff sought damages for an estimated ten hours spent obtaining counsel and sending notices from her own computer when her video was removed. *Id*. The *Lenz* Court noted that permitting such recovery would be consistent with the construction of damages under the statute contemplated by Congress. *Id*. The Court went on to suggest that the minimal expenses in "electricity to power her computer, internet and phone bills, and the like" expended by Lenz in dealing with the

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -8-

takedown notices, were potentially recoverable under § 512(f). *Id*. Finding that "actual expenses or economic losses of some minimum value [were] not necessary under the statute[,]" the court held that the fact "Lenz incurred some damages as defined under the statute" was sufficient to survive the high standard for summary judgment. *Id*. at *8 (quoting *Lenz*, 2010 WL 702466, at *11-13).

In this case, Plaintiff has suffered all the types of damages present in *Lenz* such as time and money expended obtaining counsel and pursuing legal action. This alone is sufficient for the purposes of satisfying the statute. In addition, Plaintiff has suffered damages from losing a significant social media account on the Reddit platform. SAC ¶ 24. Defendants seek to turn a motion to dismiss on its head by requesting the Court to deny the well-pled allegations in Plaintiff's SAC, and to draw inferences in favor of Defendants. Defendants ask the Court to instead infer that Plaintiff's Reddit account was shut down due to some other unproven cause, rather than the DMCA takedown notices admitted by Defendants. Motion at 1. Plaintiff has provided sufficient allegations for the Court to draw the inference that Plaintiff's Reddit account was disabled due to the large number of DMCA takedown notices; Reddit has a policy of disabling accounts from repeated copyright infringement. SAC ¶ 25.

**E.  If Required, Leave to Amend Would Not Be Futile**

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -9-

Defendant's Motion appears to insinuate the prior amendments made by Plaintiff were necessitated by the pleading standard – "Plaintiff here has been given multiple opportunities to cure the deficiencies of its claim…" Dkt 35, at 9. This is not the case; Plaintiff's amendments were submitted to streamline the case to focus on the § 512(f) cause of action to preserve court resources. The allegations in the SAC are sufficient to meet the pleading standard.

No further amendment is required for the reasons discussed above. If the Court were to find that further allegations are necessary, however, then leave to amend is the proper remedy. *See Doc's Dream, LLC v. Dolores Press, Inc.*, 678 Fed. App'x. 541, 542 (9th Cir 2017); Fed. R. Civ. P. 15(a)(2) (providing the "court should freely give leave [to amend] when justice so requires").

## III.    CONCLUSION

For at least the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

Dated: February 22, 2022          Respectfully Submitted,

                                  ZHEN LAW FIRM

                                  By: /s/ Chris J. Zhen
                                  Chris J. Zhen
                                  *Attorneys for Plaintiff*
                                  Digital Marketing Advisors

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED
COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -10-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of February, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission, first class mail, and/or electronic mail.

By:   */Chris J. Zhen/*

OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED
COMPLAINT
CASE NO.: 2:21-CV-06888-AB-GJS   -11-