GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
MARINA V. BOGORAD (SBN 217524)
mbogorad@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Tel: (310) 441-0500
Fax: (310) 441-4447

Attorneys for Defendants
McCandless Group, LLC
and Nicholas McCandless

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Digital Marketing Advisors,<br><br>Plaintiff,<br><br>v.<br><br>McCandless Group, LLC, *et al*.,<br><br>Defendants. | CASE NO.: 2:21-cv-6888<br><br>The Honorable Andre Birotte Jr.<br><br>DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT<br><br>Date: March 18, 2022<br>Time: 10:00 a.m.<br>Courtroom: 7B |

# TABLE OF CONTENTS

1. PLAINTIFF'S OWN ALLEGATIONS CONCLUSIVELY NEGATE CAUSATION. .......... 1

2. PLAINTIFF FAILED TO PLEAD THE REQUIRED "SUFFICIENT" FACTS TO SATISFY THE NINTH CIRCUIT'S "HIGH BAR" FOR PLEADING "SUBJECTIVE" BAD FAITH .......... 2

3. PLAINTIFF PROVIDES NO GROUNDS FOR A FOURTH BITE AT THE PLEADING APPLE .......... 4

# TABLE OF AUTHORITIES

## Cases

*Alamilla v. Hain Celestial Grp., Inc.*,
30 F. Supp. 3d 943 (N.D. Cal. 2014) ........ 1

*ENTTech Media Grp. LLC v. Okularity, Inc.*,
2021 WL 916307 (C.D. Cal. Mar. 10, 2021) ........ 3

*Gardiner v. Walmart, Inc.*,
2021 WL 4992539 (N.D. Cal. July 28, 2021) ........ 5

*Goldfinger v. Israel*,
2017 WL 11633731 (C.D. Cal. May 17, 2017) (Birotte Jr., J.) ........ 2

*Haley v. Elegen Home Lending, LP*,
2010 WL 1006664 (D. Nev. Mar. 16, 2010) ........ 5

*Lazy Y Ranch Ltd. v. Behrens*,
546 F.3d 580 (9th Cir. 2008) ........ 2

*Lenz v. Universal Music Corp.*,
2013 WL 271673 (N.D. Cal. Jan. 24, 2013) ........ 4

*MP3Tunes, LLC v. EMI Grp., PLC*,
2008 WL 11508670 (S.D. Cal. Apr. 18, 2008) ........ 4

*Ouellette v. Viacom Int'l, Inc.*,
2012 WL 1435703 (D. Mont. Apr. 25, 2012) ........ 2, 4

*Rossi v. Motion Picture Assn. of Am., Inc.*,
391 F.3d 1000 (9th Cir. 2004) ........ 2, 3

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........ 2

*United States ex rel. Lee v. SmithKline Beecham, Inc.*,
245 F.3d 1048 (9th Cir. 2001) ........ 5

## Statutes

17 U.S.C.A. § 512 ........ 1, 2, 3, 4

## Rules

Fed. R. Civ. Proc. 9 ........ 3

As Defendants demonstrated in their opening papers, Plaintiff's single remaining claim based on Defendants' purported takedown notices supposedly issued under the DMCA for photographs posted on Reddit should be dismissed for at least two reasons: (1) the SAC on its face negates any notion that Plaintiff was banned from Reddit as a result of anything that these Defendants did, and (2) Plaintiff failed to allege any facts to satisfy the Ninth Circuit's "high bar" for pleading sufficient "facts" supporting the required "subjective" bad faith in issuing the notice under the statute.[1] Plaintiff's opposition presents no reasons to keep this case going any further.

**1. <u>Plaintiff's Own Allegations Conclusively Negate Causation.</u>**

As Defendants showed, any DMCA claim requires Plaintiff to establish, *inter alia*, that "a service provider relied on [Defendants' supposed] misrepresentation," and that "the plaintiff was injured as a result." (Def. Br. at 6, citing 17 U.S.C.A. § 512 (f).) As Defendants further showed, Plaintiff has pleaded itself out of the statute by providing links to the alleged injuring notices, which demonstrate on their face that Plaintiff was banned from Redit "due to a violation of Reddit's rules against sexual or suggestive content involving minors or someone who appears to be a minor." (Def. Br. at 6, citing SAC at ¶¶ 11 & 17.)[2] In response, Plaintiff does not contest that its allegations incorporate by reference the stated reasons for its ban once the pleaded links are followed. Rather, Plaintiff claims that because Plaintiff "alleges" that the cause of its ban was Defendants' takedown notices, its allegation must be taken as true. (Opp'n at 6.) But "[c]ourts need not accept as true allegations contradicting documents that are referenced in the complaint." *Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (granting motion to

---

1 All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted. All the defined terms are the same as those in Defendants' opening papers.

2 Plaintiff also incorporated by reference Defendants' actual takedown notices, which did not report any "sexual or suggestive content involving minors" (McCandless Decl., Ex. 1), thus further demonstrating that Plaintiff's ban and Defendants' notices had nothing to do with each other.

dismiss where the complaint incorporated by reference documents that contradicted the allegations and observing that "[a] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts"), citing, *inter alia*, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *accord Goldfinger v. Israel*, 2017 WL 11633731, at *2 (C.D. Cal. May 17, 2017) (Birotte Jr., J.) ("[T]he court is not required to accept as true allegations that contradict … material … incorporated by reference into the complaint."), citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). Since Plaintiff's own allegations conclusively establish that Defendants' notices were not the cause of its claimed injuries, the claim must be dismissed on that basis alone.

**2. Plaintiff Failed to Plead the Required "Sufficient" Facts to Satisfy the Ninth Circuit's "High Bar" for Pleading "Subjective" Bad Faith**

As Defendants further showed, Plaintiff's conclusory complaint necessarily fails the Ninth Circuit's "high bar" for pleading sufficient "facts" required to support the "subjective" bad faith element of statutory liability under the DMCA. (Def. Br. at 7-8, citing *Ouellette v. Viacom Int'l, Inc.*, 2012 WL 1435703, at *1-3 (D. Mont. Apr. 25, 2012) (holding that "§ 512(f) requires [plaintiff] to allege facts, at the pleading stage, that demonstrate that [defendant] acted without a good-faith belief"), *aff'd*, 671 F. App'x 972 (9th Cir. 2016), citing *Rossi v. Motion Picture Assn. of Am., Inc.*, 391 F.3d 1000, 1004-05 (9th Cir. 2004).) As the *Ouellette* court further underscored, the "strict requirements" set by the Ninth Circuit for its "high bar" of the "subjective" bad faith pleading under the DMCA is crucial because "[w]ithout the subjective standard, copyright owners such as [defendant] could face limitless lawsuits just by policing its copyrighted material on the internet." 2012 WL 1435703, at *3. Indeed, the Ninth Circuit's refusal to impose liability for "unknowing mistake[s] …, even if [defendant] acted unreasonably," *Rossi*, 391 F.3d at 1005, further underscores the importance of meeting the "strict requirements" of the "high bar" for the "subjective" bad faith pleading under the statute.

In response, Plaintiff ignores all of these authorities, as well as the authorities showing that Plaintiff must also carry the burden of heightened particularity of pleading under Rule 9(b), since it accused Defendants of "fraudulent" conduct. (Def. Br. at 8, citing SAC at ¶ 10; *see also* Def. Br. at 5 (collecting authorities).) Instead, Plaintiff relies on *ENTTech Media Grp. LLC v. Okularity, Inc*., 2021 WL 916307 (C.D. Cal. Mar. 10, 2021), for the proposition that Plaintiff's allegation that Defendants failed to "consider[] … fair use prior to sending a takedown notification" is, in itself, sufficient to meet the "strict requirements" of the "high bar" for the "subjective" bad faith pleading under the statute. (Opp'n at 7-8.) But the *ENTTech* plaintiff had more than that. The *ENTTech* plaintiff alleged that defendant failed to consider fair use because it "***automatically*** generates [and submits] DMCA notices," 2021 WL 916307, at *4.[3] Plaintiff here has pleaded no similar basis for the allegation that Defendants had failed to consider fair use before they issued their notices—in fact, other than its unsupported conclusory allegations that Defendants did so, Plaintiff offers no facts to support its conclusions, let alone "sufficient" facts required to satisfy the "strict requirements" of the "high bar" for the "subjective" bad faith pleading under the statute.

In other words, Plaintiff's pleading invites this Court to adopt the *res ipsa loquitur* approach to incorrect takedown notices under the statute—meaning, if one was issued, then the issuer must have failed to consider fair use. But since the Ninth Circuit refused to impose liability for even "unreasonabl[e]" mistakes, *Rossi*, 391 F.3d at 1005, Plaintiff's approach must be rejected. This is especially so considering that Plaintiff failed to plead

---

[3] While the *ENTTech* court also observed that "no authority holds that claims under § 512(f) must be pleaded with particularity," *id.* at *6, the *Ouelette* decision (relying on the Ninth Circuit's opinion in *Rossi*) suggests otherwise—if not under Rule 9(b), then (at the very least) requiring any such pleading to provide "sufficient" facts to satisfy the "strict requirements" of the "high bar" for the "subjective" bad faith pleading under the statute. Moreover, the *ENTTech* court also observed that plaintiff's claim there "d[id] not turn upon allegations of fraud," *id.* at *6 n.44, while Plaintiff's claim here appears to do so (*see* SAC at ¶ 10).

***any*** knowing conduct on Defendants' behalf—in fact, nowhere does Plaintiff even plead that Defendants knew that Plaintiff ***owned*** the copyright, which further dooms its claim. (Def. Br. at 7-8, citing *MP3Tunes, LLC v. EMI Grp., PLC*, 2008 WL 11508670, at *8 (S.D. Cal. Apr. 18, 2008) (holding that "the Amended Complaint does not plausibly allege knowing and material misrepresentations by Defendant … [because it ] did not allege facts which identify how or why Defendants knew or should have known" the purported falsity of its notice), and *Ouellette,* 2012 WL 1435703, at *1-3 (concluding that the DMCA claim was properly dismissed because plaintiff failed to "allege sufficient facts that [defendant] knew" that its takedown notices were improper and thus "fail[ed] to plead factual allegations that meet the subjective standard…. Thus, [plaintiff] has failed to plead a prima facie case of misrepresentation under 17 U.S.C. § 512(f)….").) [4]

Moreover, as Defendants further showed (*see* Def. Br. at 8), Plaintiff's allegations necessarily incorporate by reference the actual content of the takedown notices at issue. Accordingly, this Court may properly consider the actual takedown notice, the entire content of which was that the picture at issue was "[a] photograph I took." (McCandless Decl., Ex. 1 (January notice); *see also* McCandless Decl. at ¶ 6 (no record of any August 2021 notices).) Since there are no facts anywhere in the complaint that could possibly demonstrate that Defendants actually knew they did not take the picture at issue, this is an additional ground counseling in favor of dismissing this claim.

**3. <u>Plaintiff Provides No Grounds for a Fourth Bite at the Pleading Apple</u>**

Finally, Plaintiff submits that it should be given further leave to amend if "further

[4] Plaintiff's recitation of its purported damages in responding to Defendants' takedown notices as supposedly including "electricity to power [its] computer, internet and phone bills, and the like" under *Lenz v. Universal Music Corp*., 2013 WL 271673 (N.D. Cal. Jan. 24, 2013) (Opp'n at 8-9), misses the obvious point that the *Lenz* court found those damages appropriate only where plaintiff "has demonstrated a misrepresentation actionable under the DMCA," *id.* at *9. In other words, if Plaintiff could collect on its electricity bills in response to every takedown notice, any copyright policing under the statute would be effectively eradicated.

allegations are necessary" (Opp'n at 10), ignoring that it has already wasted two prior amendments to provide such allegations if it had any. Clearly, Plaintiff does not have any further allegations to offer—if only because it does not even show ***what*** further allegations it could provide. This is sufficient in itself to deny any further leave to amend. *See, e.g., Gardiner v. Walmart, Inc.*, 2021 WL 4992539, at *3 (N.D. Cal. July 28, 2021) (dismissing claims with prejudice where plaintiff "does not explain why he failed to clarify [his] allegation[s] when previously afforded the opportunity to amend or explain how he proposes to do so if afforded another chance"); *Haley v. Elegen Home Lending, LP*, 2010 WL 1006664, at *4 (D. Nev. Mar. 16, 2010) ("In opposition to [the] motion to dismiss, [Plaintiff] requests leave to amend his complaint to correct any deficiencies. However, other than briefly asking for leave to amend, [Plaintiff] has not established how any proposed amended pleading would address and fix the issues raised by [the] motion…. In light of [Plaintiff]'s failure to provide the court with any indicia that amendment would not result in dismissal, the court declines to exercise its discretion and shall deny [Plaintiff]'s request to amend."), citing *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

For the foregoing reasons, as well as all the reasons set forth in Defendants' opening brief, Plaintiff's single remaining claim should be dismissed with prejudice.

DATED: March 3, 2022

**GERARD FOX LAW P.C.**

/s/ *Marina V. Bogorad*
GERARD P. FOX
MARINA V. BOGORAD

Attorneys for Defendants