UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-06888-AB-GJS | Date: | March 28, 2022 |
|---|---|---|---|

| Title: | *Digital Marketing Advisors v. McCandless Group, LLC et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT [Dkt. No. 35]**

Before the Court is Defendants McCandless Group, LLC and Nicholas McCandless's ("Defendants") Motion to Dismiss Second Amended Complaint ("Motion," Dkt. No. 35). Plaintiff Digital Marketing Advisors ("Plaintiff") filed an opposition and Defendants filed a reply. The Motion is **GRANTED**.

## I. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's original Complaint asserted five causes of action against Defendants. Plaintiff filed the First Amended Complaint (Dkt. No. 22) after this Court granted its unopposed motion to do so, and filed the now-operative Second Amended Complaint ("SAC," Dkt. No. 29) pursuant to a stipulation. The SAC asserts three causes of action. In light of Plaintiff's Notice of Dismissal of Counts Two and Three (Dkt. No. 34), the Court **DISMISSES** Counts two and three.

Only one cause of action remains: for violations of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(f). Plaintiff alleges that it is a "model

management and influencer development company. Plaintiff also does business under the Shore Thang brand working with internationally notable social media personalities from online social media platforms such as Instagram, YouTube, and TikTok." SAC ¶ 7. Plaintiff entered into a content creator agreement with "social media personality and model Ellie-Jean C. (the 'Model')" to generate social media content, and purchased rights to photographs of the Model. SAC ¶ 8. Plaintiff alleges that Defendants wrongfully sent to Reddit, and to internet service provider Hostwinds[1], "fraudulent" DMCA take-down requests for some of the photographs of the Model to which Plaintiff purchased the rights. *See* SAC ¶¶ 10-19. Plaintiff alleges that Defendants "willfully, knowingly materially or with willful blindness made third-party § 512(f) misrepresentations to Reddit." SAC ¶ 22. On August 15, 2021, Reddit banned Plaintiff's user account because of the large number of DMCA take-down notices filed against Plaintiff's account. SAC ¶ 20. Plaintiff seeks damages and attorneys' fees. SAC ¶ 28. Defendants move to dismiss the SAC under Rule 12(b)(6).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

---

[1] The reference to "Hostwinds" appears to be an artifact from prior complaints as there are no other allegations about it. Likewise, Plaintiff's reference to "Models" appears to be a mistake, as it seems the only photos in issue are of "Ellie-Jean C."

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

A court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment . . . Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials), and *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may also take judicial notice of matters of public record outside of the pleadings and consider them on a motion to dismiss).

In federal court, "[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires a plaintiff averring fraud to plead the 'who, what, when, where, and how' of the alleged misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## III.   DISCUSSION

### A. Plaintiff's SAC Fails to State a Claim Under DMCA § 512(f)

"Congress enacted the DMCA in 1998 to comply with international copyright treaties and to update domestic copyright law for the online world." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Title II of the DMCA provides that "when a copyright owner suspects his copyright is being infringed

[through Internet and online service providers], he must follow the notice and takedown provisions set forth in § 512(c)(3) of the DMCA." *Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1003 (9th Cir. 2004).

However, § 512(f) of the DMCA authorizes a civil action against someone who wrongfully files a DMCA takedown notice. Section 512(f) provides, in relevant part: "(f) Misrepresentations. Any person who knowingly materially misrepresents under this section-- (1) that material or activity is infringing, . . . shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer . . . who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing. . ." 17 U.S.C. § 512(f).

To state a claim under § 512(f), a plaintiff must allege facts to show that (1) the defendant knowingly and materially misrepresented that copyright infringement occurred; (2) a service provider relied on that misrepresentation; and (3) the plaintiff was injured as a result. 17 U.S.C. § 512(f). Defendants argue that Plaintiffs have not alleged any of these elements, and that their SAC forecloses Plaintiff from showing the second and third elements.

The Court will address the latter argument first. Defendants argue that the SAC disproves reliance and resulting damages. The SAC includes links to Plaintiff's Reddit pages that were disabled, and when one follows these links, they include a notice from Reddit that "r/ShoreThang has been banned from Reddit This subreddit was banned due to a violation of Reddit's rules against sexual or suggestive content involving minors or someone who appears to be a minor." *See, e.g.,* https://www.reddit.com/r/ShoreThang/comments/lxdkty/ellie_the_empress/ (last checked March 24, 2022) (link alleged in SAC ¶ 23). Notably, Defendants' takedown notice does not refer to sexual content involving minors, but states only that Nicholas McCandless is the copyright owner of the referenced images and that the copyrighted work being reported is "[a] photograph I took." *See* McCandless Decl. Ex. 1 (DMCA takedown notices).[2]

According to Defendants, Reddit's notice establishes that Reddit banned

---

[2] The Court can consider Defendants' DMCA takedown notice in resolving this motion to dismiss without converting it into a summary judgment motion because the notice is incorporated by reference in the SAC, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and there is no dispute that Exhibit 1 is the relevant DMCA notice.

Plaintiff because of the nature of the content Plaintiff posted, not because Defendant wrongly reported that that content was infringing. Plaintiff responds only that its allegations are sufficient to support the inference that Reddit shut down its account due to Defendants' wrongful takedown notice, and fails to grapple with the rule that courts "need not accept as true allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008)." Here, Plaintiff's allegation that Reddit shut down Plaintiff's account because Defendants wrongfully reported Plaintiff as an infringer is directly contradicted by Reddit's own notice, incorporated into the SAC, that it shut down Plaintiff's account for posting sexual images of minors. The Court therefore need not credit Plaintiff's bare allegation that Reddit banned Plaintiff because Defendants wrongfully accused it of infringement because it is contradicted by a document incorporated in the SAC. *See, e.g., Alamilla v. Hain Celestial Group, Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (dismissing false advertising claims where plaintiff's allegation that pressure-treating juice reduces its nutritional value was directly contradicted by articles attached to the complaint that stated pressurization has little effect on nutritional quality). Plaintiff therefore has not alleged reliance and resulting damages.

      Nor has Plaintiff pled facts sufficient to establish the "knowingly" component of the first element. "The Ninth Circuit has interpreted § 512(f) as setting a high bar for plaintiffs." *Ouellette v. Viacom Intern., Inc.*, CV 10-133-M-DWM-JCL, 2012 WL 1435703, at *3 (D. Mont. Apr. 25, 2012), *aff'd*, 671 Fed. Appx. 972 (9th Cir. 2016) (unpublished). A copyright owner is liable for a mistaken takedown notice under § 512(f) only if the owner *subjectively* had *actual knowledge* of the misrepresentation. *See Rossi v. Mot. Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1005 (9th Cir. 2004) ("A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake. [] Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner.") Here, Plaintiff has pled only that "Defendants have no rights, title, or interest to" the photographs (SAC ¶ 11), that Defendants "did not engage in any analysis" prior to filing its takedown notices (SAC ¶ 19), and that Defendants "fail[ed] to take into consideration that it does not own the copyright, have the entire rights to photographs or images, or that other parties have rights to publication or other license to exploit the photographs or images." (SAC ¶ 26.) But these allegations add up to nothing more than the allegation that Defendants mistakenly asserted rights in the works. This is not the same as alleging facts showing that Defendants subjectively, actually knew that they misrepresented their rights or that Plaintiff's conduct was infringing.

Furthermore, Plaintiff also asserts that Defendants engaged in their conduct "fraudulently." Even where fraud is not a necessary element of a claim, a plaintiff can trigger Rule 9(b) by alleging that the defendant engaged in fraudulent conduct, in which case "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted). Here, just as the SAC does not plead facts sufficient to show that Defendants actually knew they made misrepresentations in their takedown notices, the SAC fails to plead any of the facts necessary to plead fraud with particularity. Indeed, Plaintiff fails to plead what the alleged fraud was, let alone the details needed to plead that fraud with specificity.

### B. Whether to Grant Leave to Amend

Leave to amend a complaint should be freely granted. Fed. R. Civ. P. 15(a). A "district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *Natl. Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). But leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). And, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *In re Read–Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003) (internal quotations and citation omitted).

The SAC is Plaintiff's third complaint. But, out of an abundance of caution, the Court will allow Plaintiff to amend *only its DMCA § 512(f) claim, and only* if it can do so consistent with this Order and Rule 11. Plaintiff must eliminate from any Amended Complaint allegations that appear to be artifacts from prior complaints.

### IV. CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**. Plaintiff may attempt to cure the above-referenced deficiencies by filing a Third Amended Complaint within 14 days of the issuance of this Order. If no Third Amended Complaint is filed, the action will be deemed dismissed with prejudice and the case will be closed.

**IT IS SO ORDERED**.