1  GERARD FOX LAW P.C.
   GERARD P. FOX (SBN 151649)
2  gfox@gerardfoxlaw.com
   MARINA V. BOGORAD (SBN 217524)
3  mbogorad@gerardfoxlaw.com
   1880 Century Park East, Suite 1410
4  Los Angeles, CA 90067
   Tel: (310) 441-0500
5  Fax: (310) 441-4447

6
   Attorneys for Defendants
7  McCandless Group, LLC and Nicholas McCandless

8

9              **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

| Digital Marketing Advisors, | Case No.: 2:21-cv-06888 |
|---|---|
| Plaintiff, | Hon. Andre Birotte Jr. |
| v. | Courtroom 7B |
| McCandless Group, LLC, *et al.*, | DECLARATION OF GERARD P. FOX IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES, OR, IN THE ALTERNATIVE, FOR SANCTIONS PURSUANT TO C.D. CAL. LOCAL RULES 11-9 AND 83-7, 28 U.S.C. § 1927 AND/OR THE COURT'S INHERENT AUTHORITY |
| Defendants. | |

-1-
DECLARATION OF GERARD P. FOX

I, Gerard P. Fox, hereby declare as follows:

## PRELIMINARY STATEMENT

1. I am the Founding Partner of the law firm Gerard Fox Law P.C., with locations at 1880 Century Park East #1410, Los Angeles, California, and 1345 6th Avenue, 33rd Floor, New York, New York. I make this declaration based on my personal knowledge and my review of the file in this matter and could competently testify to these facts if called upon to do so.

2. I represent the Defendants McCandless Group, LLC and Nicholas McCandless in this action. In addition to myself, my partner Marina Bogorad served as co-counsel on the matter, and associates James Burrell and Prachi Ajmera, along with law clerk Iuliia Kassai, provided further assistance and support. This Declaration is submitted in support of the accompanying Motion for the award of attorneys' fees pursuant to Section 505 of the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*, or, in the alternative, for sanctions.

## PLAINTIFF WAS FOREWARNED THAT ITS CLAIMS ARE DEFECTIVE

3. I was retained in this matter shortly after Plaintiff filed the action on August 26, 2021. Prior to initiating this action, Plaintiff litigated tortious interference claims based on the same exact allegations in three separate actions in small claims court. Nonetheless, Plaintiff brought the same already litigated claims in the instant action, in addition to several other baseless causes of action.

4. As a result, I am informed that the initial meet and confer process, conducted by one of my associates, Mr. Burrell (who has since departed the Firm), involved informing Plaintiff's counsel of the claim preclusion issues surrounding the already litigated claims, as well as the pleading deficiencies of the initial complaint.

5. After initial meet and confer efforts, Plaintiff filed an amended complaint, which still included the already litigated claims. As such, Defendants were forced to meet and confer further, pointing out that the already-litigated claims remained, while continuing to insist that Plaintiff's pleadings were insufficient.

6. Rather than withdraw the complaint or inform Defendants of its intended actions, Plaintiffs took its time. This resulted in Defendants' being compelled to prepare their motion to dismiss papers. Four days before Defendants' response to the amended complaint was due, Plaintiff filed its second amended complaint.

7. Plaintiff's second amended complaint was once again inadequately pleaded, forcing further meet and confer efforts between the parties, including Defendants' reasserting that that the federal claim in particular was inadequately pleaded because it lacked any facts supporting the requisite intent under the statute. Defendants also raised preemption and the California anti-SLAPP law in connection with the remaining state law claims. In response, Plaintiff finally agreed to voluntarily dismiss all of its state law claims. Accordingly, Defendants moved to dismiss the only remaining claim under the federal statute.

**PLAINTIFF'S CONDUCT TO DATE**

8. Upon arriving in this Court, Plaintiff issued to Defendants an unsolicited settlement demand in the amount of $53,200. Attached as **Exhibit 3** is a true and correct copy of the November 23, 2021 email from Plaintiff's counsel, Mr. Chris Zhen, to James Burrell, as it currently exists on my firm's email server.

9. Upon Defendants' filing of their motion to dismiss papers, Plaintiff apparently got antsy and started sending threatening communications to my clients. One of those emails has been already introduced into the record under Dkt. No. 43-2, which is an email dated February 11, 2022 from Zachary Elliot, Plaintiff's principal (as identified by Mr. McCandless in his supporting declaration, *see* Dkt. No. 43-1 at ¶ 2). In it, Mr. Elliot threatens to drop the one remaining claim in this case and file seven more small claims court actions against my clients.

10. Plaintiff continued with threats even after this Court determined that it had no claims. In his email dated April 4, 2022, Mr. Elliot continued claiming that "I'm just going to keep suing you." Attached as **Exhibit 2** is a true and correct copy of Mr. Elliot's email dated April 4, 2022 to Mr. McCandless, as forwarded to me by Mr. McCandless on

the same day.

**QUALIFICATIONS AND HOURLY RATES CHARGED BY MY FIRM**

11. For the work done in this action, my hourly rate was $500. This rate is reasonable and in line with (and actually lower than) the hourly rate normally charged for similar attorneys of like skill and experience in the Los Angeles area. I am a nationally recognized trial lawyer and the founding/managing partner of Gerard Fox Law P.C. In 1985, I obtained my law degree from Georgetown University, where I graduated *magna cum laude*. Since then, I have over thirty-seven years of experience handling a variety of complex commercial litigation matters, including those involving copyright claims. My clients have included BMG Rights Management, Madonna, Anita Baker, and Martin Lawrence, among others. Among other matters, I was counsel principally in charge of the prevailing party's case in the following copyright cases:

- *Hall v. Swift*, Case No. 18-55426, 786 F. App'x 711 (9th Cir. Dec. 5, 2019), and *Hall v. Swift*, No. CV 17-6882-MWF (ASX), 2021 WL 6104160 (C.D. Cal. Dec. 9, 2021), a copyright infringement case where I represent authors of lyrics allegedly infringed by Taylor Swift's song *Shake It Off*;

- *Three Boys Music Corp. v. Bolton* (C.D. Cal. Feb. 24, 1992, No. CV-92-01177), where I obtained a $5.4 million jury award for the copyright infringement of the Isley Brothers' 1964 song *Love Is a Wonderful Thing*;

- *BMG Rts. Mgmt. (US) LLC v. Glob. Eagle Ent. Inc.*, Case No. 218CV03723VAPJEMX, 2019 WL 4544424 (C.D. Cal. Aug. 20, 2019), where I represented a global music publishing firm in their copyright infringement claims over unauthorized use of their content on inflight entertainment systems and successfully opposed Defendants' motion for partial summary judgment, as well as later obtained a favorable settlement.

12. I have been designated a Southern California "Super Lawyer" in 2015-2017, as well as a Southern California "Top Attorney" in 2016, 2018, and 2019 by *Los Angeles* magazine, a "Top 100 Attorney" in 2020 by *Top 100* magazine, and as a finalist in the

"Elite Trial Lawyer" awards by the *National Law Journal* in 2021.  I have also co-authored a book *Sue the Bastards! Everything You Need to Know to Go to—or Stay Out of—Court* (McGraw-Hill 1999) and regularly participate as a speaker or panelist at various presentations on litigation around the country.

13. My partner Marina V. Bogorad's hourly rate for this matter was $400.  This rate is reasonable and in line with (and actually lower than) the hourly rates normally charged for similar work by attorneys of like skill and experience in the Los Angeles area.  Ms. Bogorad received her law degree from the University of California, Los Angeles in 2001.  She has over twenty years of complex commercial litigation experience.  Prior to joining the firm in 2014, Ms. Bogorad spent thirteen years at the prestigious firm of Skadden, Arps, Slate, Meagher & Flom LLP.  Ms. Bogorad consistently achieves widely reported high-profile results for her clients throughout the country.

14. Gerard Fox Law associate Prachi Ajmera's hourly rate for this matter was $400.  This rate is reasonable and in line with (and actually lower than) the hourly rates normally charged for similar work by attorneys of like skill and experience in the Los Angeles area.  Ms. Ajmera has over eight years of complex commercial litigation experience, including managing cases from inception through trial.  Ms. Ajmera obtained her law degree from Brooklyn Law School in 2012.  Prior to joining the firm, Mrs. Ajmera worked at a boutique law firm specializing in New York Labor Law, where she represented municipalities, private corporations, and prominent universities.  Prior to that, Mrs. Ajmera practiced general liability defense work at a leading national firm.

15. Former Gerard Fox Law associate James Burrell's hourly rate for this matter was $400. This rate is reasonable and in line with (and actually lower than) the hourly rates normally charged for similar work by attorneys of like skill and experience in the Los Angeles area.  Mr. Burrell had extensive litigation experience at both the trial and appellate levels, working on matters ranging from contract disputes, trade secrets, and data privacy.  Mr. Burrell is also a Certified Information Privacy Professional in the Untied States. Mr. Burrell served as a clerk for the Honorable Dee Benson of the Untied

States District Court for the District of Utah. Mr. Burrell obtained his law degree from Harvard Law School in 2015. While in law school, Mr. Burrell served as a judicial extern for the Honorable Kent Jordon of the United States Court of Appeals for the Third Circuit.

16. My legal services are generally charged at the range of $625-800 per hour, but in this matter my legal services have been billed at the rate of $500 per hour. Associates at my firm are generally billed in the range of $450-595 per hour, but in this matter they were billed at $400 per hour. Moreover, Ms. Bogorad, a senior partner, billed at the same rate as associates in this matter.

17. I am familiar with the prevailing hourly rates in Los Angeles County in the copyright and entertainment law fields, for lawyers with experience comparable to mine. Those rates can range anywhere from $400 per hour to well over $800 per hour. I believe that the hourly rate of $500 for myself is below the prevailing hourly rate in this County for lawyers with comparable experience and in this area of practice.

18. I am also familiar with the prevailing hourly rate in Los Angeles County in the copyright and entertainment law fields, for associates with experience comparable to that of Ms. Bogorad, Mr. Burrell and Ms. Ajmera. Those hourly rates run generally run from $450 to around $600 per hour. I believe that the hourly rate of $400 for these lawyers is below the prevailing hourly rate in this County for lawyers with comparable experience and in this area of practice.

**DEFENDANTS' ATTORNEY'S FEES**

**(1)    The Billing Records**

19. My firm bills its clients, including in this matter, in minimum units of 6 minutes, or one-tenth of an hour. Those billing entries are recorded and detailed in contemporaneous billing records detailing the work done and the amount of time spent on said work. Based on those records, Defendants have received and paid in full monthly invoices for legal fees and costs. Attached to this Declaration collectively as **Exhibit 1** are true and correct copies of the invoices that my firm issued to Defendants in this matter from its inception through April 30, 2022, from which confidential or privileged

information has been redacted. The inadvertent disclosure of any confidential or privileged information should not be considered a waiver of any applicable privileges.

20. In each of those invoices, the total attorneys' fees and costs incurred by Defendants are reflected. In reviewing the invoices, I found that the invoices for services in September 2021 and March 2022 incorrectly include four entries that belong to Mr. McCandless' other matters with the firm; accordingly, I deducted $7,150 from the attorney's fees sought to account for those entries. In summary, the attorney's fees incurred by Defendants for services in each of the following months covered by those invoices total $69,966.40, as follows:

    September 2021:    $3,160
    October 2021:    $3,280
    January 2022:    $36,755.06
    February 2022:    $15,394.53
    March 2022:    $4,923.38
    April 2022:    $6,453.43

21. Each of the invoices issued by my firm in this matter sets forth daily descriptions of the legal services rendered and the time spent on those services. Each entry on the invoices was prepared in the normal course of my firm's business, using commercial time-keeping software. My firm's invoices for services from August 2021 through April 2022, and excluding the four incorrect entries identified above, reflect the total attorney's hours of 165.50 as expended in this action, for which my firm has charged a total of $69,966.40 in attorney's fees.

22. Because the month of May 2022 is not yet complete, my firm has not rendered invoices for services in this matter for this month. Included in **Exhibit 1** is a true and correct copy of a printout, using the same commercial time-keeping software described in the preceding paragraph, of the entries in this matter for May 2022. That printout reflects the billing attorney's expenditure of an additional 31.30 hours from May 2, 2022 to date in this action, for which my firm will charge $12,520 in attorney's fees,

also at the rate as those previously charged. Those attorney's fees together with the $69,966.40 in attorney's fees incurred in this matter prior to May 2022, total $82,486.40, and reflect the billing attorneys' expenditure of a total of 196.80 hours in this matter through the filing of the Motion at bar.

23. There is no insurance company involved; as such, Defendants have paid the invoices through April 30, 2022 discussed above out of their own pockets.

**(2)** **The Services Rendered**

24. The legal services my firm rendered for Defendants and which are reflected in Exhibit 1 attached to this Declaration, include, among other things:

(a) Receipt and review of Plaintiff's filed complaint, first amended complaint, and second amended complaint;

(b) Numerous meet and confer efforts, in which the deficiencies of Plaintiff's pleadings were identified;

(c) Preparation of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support of Defendants' Motion to Dismiss, and circulating for comment, reviewing, revising and finalizing Defendants' Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint;

(d) Preparation of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum in Support of Defendants' Motion to Dismiss, and circulating for comment, reviewing, revising and finalizing Defendants' Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint;

(e) Review, research and responses to Plaintiff's threatening communications;

(f) Review and analysis of the Court's Order granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint;

(g) Preparation of drafts of Defendants' Motion for Attorney's Fees or

Sanctions, supporting Memorandum of Points and Authorities, and supporting Declarations, and circulating for comment, reviewing, revising and finalizing Defendants' Memorandum of Points and Authorities and Declarations.

25. I believe that $82,486.40 is a reasonable fee for the services my firm rendered to defendants from the inception of this case until today.

**(3)** **Summary of the Requested Attorney's Fees**

26. Defendants respectfully request that the Court award Defendants' attorney's fees of $82,486.40 as billed by my firm to date in this matter. Of that sum, $17,360 was incurred in connection with the Motion at bar, for which a total of 42.6 hours was expended.

27. Defendants also respectfully request that the Court award attorney's fees in connection with the review of Plaintiff's opposition papers and the preparation of Defendants' Reply papers, in the estimated amount of $9,000, and attorney's fees in connection with the hearing on the Motion, in the estimated amount of $1,000.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 6, 2022 in New York, New York.

_____
Gerard P. Fox, Esq.