GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
MARINA V. BOGORAD (SBN 217524)
mbogorad@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Tel: (310) 441-0500
Fax: (310) 441-4447

Attorneys for Defendants
McCandless Group, LLC and Nicholas McCandless

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Digital Marketing Advisors, <br><br> Plaintiff, <br><br> v. <br><br> McCandless Group, LLC, *et al.*, <br><br> Defendants. | CASE NO.: 2:21-cv-6888 <br><br> The Honorable Andre Birotte Jr. <br><br> DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR ATTORNEY'S FEES, OR, IN THE ALTERNATIVE, FOR SANCTIONS PURSUANT TO C.D. CAL. LOCAL RULES 11-9 AND 83-7, 28 US.C. § 1927 AND/OR THE COURT'S INHERENT AUTHORITY <br><br> Date: June 17, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 7B |

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................3
    A.    The *Fogerty* Factors Compel the Requested Fee Shifting. ......................5
    B.    Alternatively, The Conduct at Issue is Sanctionable. ...........................10
CONCLUSION ........................................................................................................14

# TABLE OF AUTHORITIES

Cases

*Alamilla v. Hain Celestial Group, Inc.*,
  30 F. Supp. 3d 943 (N.D. Cal. 2014)..................................................................9

*B.K.B. v. Maui Police Dep't*,
  276 F.3d 1091 (9th Cir. 2002) ..........................................................................11

*Disney Enterprises, Inc. v. VidAngel Inc.*,
  2017 WL 6819882 (C.D. Cal. Oct. 5, 2017) ........................................ 2, 12, 13

*ENTTech Media Grp. LLC v. Okularity, Inc.*,
  2021 WL 916307 (C.D. Cal. Mar. 10, 2021) ..................................................8, 9

*Fantasy, Inc. v. Fogerty*,
  94 F.3d 553 (9th Cir. 1996) ............................................................................4, 5

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) ............................................................................11

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
  2015 WL 5601853 (D. Haw. Sept. 23, 2015)................................................8, 10

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*,
  925 F.3d 1140 (9th Cir. 2019) ............................................................................5

*Goldberg v. Cameron*,
  2011 WL 3515899 (N.D. Cal. Aug. 11, 2011)....................................................7

*Great Dynasty Int'l Fin. Holdings Ltd. v. Haiting Li*,
  2014 WL 3381416 (N.D. Cal. July 10, 2014) ..................................................13

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir. 2005) ............................................................................11

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) ..............................................................................7

*In re Nat'l Mass Media Telecomm. Sys., Inc.*,
  152 F.3d 1178 (9th Cir. 1998)............................................................................8

*Mattel, Inc v. MGA Entm't, Inc.*,
  705 F.3d 1108 (9th Cir. 2013) ........................................................................4, 8

*Mattel, Inc. v. Walking Mountain Prods.*,
  353 F.3d 792 (9th Cir. 2003) ..............................................................................7

*Microsoft Corp. v. Softwareau.com*,
  2016 WL 7647682 (C.D. Cal. June 22, 2016)....................................................5

*Ouellette v. Viacom Int'l, Inc.*,
  2012 WL 1435703 (D. Mont. Apr. 25, 2012) ................................................4, 6

*Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007) ..............................................................................4

*Perfect 10, Inc. v. Giganews, Inc.*,
    2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) ......................................... passim

*R. Prasad Indus. v. Douglas*,
    673 F. App'x 676 (9th Cir. 2016) ........................................................................12

*R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*,
    2014 WL 4722487 (D. Ariz. Sept. 23, 2014) ....................................................12

*Rossi v. Motion Picture Ass'n of Am. Inc.*,
    391 F.3d 1000 (9th Cir. 2004) .............................................................................6

*Smith & Green Corp. v. Trustees of Const. Indus. & Laborers Health & Welfare Tr.*,
    244 F. Supp. 2d 1098 (D. Nev. 2003) ................................................................11

Statutes

17 U.S.C. § 512 ..........................................................................................................7

28 U.S.C. § 1927 ..................................................................................................2, 11

Rules

C.D. Cal. L.R. 11-9 ......................................................................................... 2, 11, 13

C.D. Cal. L.R. 83-7 ......................................................................................... 2, 11, 13

Fed. R. Civ. P. 9 .....................................................................................................7, 9

Fed. R. Civ. P. 11 ........................................................................................... 2, 11, 13

Plaintiff freely admits that it had no case as of November 10, 2021. (*See* Opp'n at 3:8-9.)¹ It is of that date that it was banned from Reddit for a reason that had nothing to do with Defendants. (*See* Declaration of Zachary Urbina, Dkt. No. 54-1 ("Urbina Decl.") at ¶ 9 (declaring under oath that Plaintiff's current ban is not related to any of Defendants' actions alleged in Plaintiff's complaint).) In fact, even earlier, as of September 15, 2021, Plaintiff's Reddit account was fully restored. (*See id.* at ¶ 7.) Yet despite two amendments it filed since then, as well as an opposition to a motion to dismiss, Plaintiff continued prosecuting its case without having ***any*** basis, let alone a good faith one. In fact, in its FAC dated November 30, 2021, Plaintiff continued asserting that it was "permanently" banned as of August 15, 2021 as a result of Defendants' takedown notices. (Dkt. No. 22 at ¶ 23.)

Regardless, Plaintiff further concedes it never had any facts to support its allegations that Defendants supposedly issued their takedown notices in bad faith, which is a separate and independent ground for the motion at bar. Rather, it points to an authority dealing with ***automatic*** takedown notices as supposedly condoning its right to assert DMCA claims without any supporting facts. If all of this was not enough to justify Defendants' request for fees and/or sanctions, Plaintiff continues to threaten more baseless actions. If this Court does not grant the request, Plaintiff will persist in its vexatious ways, thus further abusing judicial resources and causing Defendants to expend unnecessary fees. In other words, Plaintiff will continue essentially extorting these Defendants unless this Court puts a stop to it.

Indeed, Plaintiff's opposition itself epitomizes its baseless litigation tactics. Thus, Plaintiff claims that Defendants "failed to produce any invoices for [their] motion" (Opp'n at 14), yet they were all produced as Exhibit 1 to the Declaration of Gerard P. Fox (Dkt. No. 53-2), save for the May 2022 invoice, which (at that point) did

---

¹ All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted. All defined terms are the same as those found in Defendants' moving papers.

1

not exist and was thus replaced with a preliminary time report. Similarly, Plaintiff emphasizes that it never received any safe harbor notices under Rule 11 (*see* Opp'n at 10:25-11:3), ignoring that Defendants did not move for sanctions under Rule 11 but rather sought sanctions under the corresponding Local Rules, as approved by this Court. (*See* Defendants' Memorandum of Points and Authorities in Support of Their Motion for Attorney's Fees, or, in the Alternative, for Sanctions Pursuant to C.D. Cal. Local Rules 11-9 and 83-7, 28 U.S.C. § 1927 and/or the Court's Inherent Authority ("Def. Br.") at 18:5-9, citing *Disney Enterprises, Inc. v. VidAngel Inc.*, 2017 WL 6819882, at *3 (C.D. Cal. Oct. 5, 2017) (Birotte Jr., J.) ("Angel argues that because they withdrew the motion within 2 weeks of filing it, they are not subject to sanctions under Rule 11, which provides a 21-day safe harbor period…. However, the Plaintiffs did not file their sanctions motion pursuant to Rule 11, but rather Local Rules 11-9 and 83-7 ….").)

In the end, other than the self-serving conclusory statements that its case was not frivolous or prosecuted in bad faith, Plaintiff's own email communications that Defendants introduced in support of their motion speak volumes otherwise—in fact, nowhere does Plaintiff even address them in its opposition papers. In those communications, following this Court's Dismissal Order and its warning that any further amendment must comply with applicable rules, including Rule 11's good faith standard, Plaintiff still insisted on threatening even more baseless actions in another forum while treating the one at bar as a discarded pawn in its sinister chess games of multiple fora. It is this unabashed gamesmanship that torpedoes any good faith assertions in Plaintiff's opposition, which thus effectively amounts to no opposition at all.

Indeed, nothing sets this Plaintiff apart from those "serial litigants … [that] bring[] unmeritorious suits and then unnecessarily driv[e] up litigation costs in order to drive a settlement." (Def. Br. at 1, citing *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *12 (C.D. Cal. Mar. 24, 2015) (Birotte Jr., J.), *aff'd*, 847 F.3d 657 (9th Cir. 2017).) In opposition, Plaintiff still insists that its allegations must be taken as true,

even though, in the same breadth, it also confirms that two months after it brought suit, its Reddit account was banned for reasons that had nothing to do with Defendants. Having admitted that, it dares to fault this Court for drawing wrong "inferences"—even though Plaintiff itself pleaded the links in its own complaint that show the actual reason for its current ban. It then complains that the Court demanded too much pleading on the bad faith element, ignoring all the authorities that mandate the heightened standard under the DMCA so that litigants like Plaintiff are foreclosed from doing exactly what Plaintiff did here—that is, come to this Court without a shred of any supporting facts.

Plaintiff also laments that Defendants never even contested that they issued notices without owning copyrights[2] or even put in an affirmative showing that they acted in good faith. (*See* Opp'n at 6:20-7:6.) But none of that is Defendants' burden when they challenge the pleadings on their face. By contrast, it is both Plaintiff's and its counsel's obligation to come to this Court with facts sufficient to support their claims. Plaintiff's opposition papers confirm that that no such facts ever existed, and both Plaintiff and its counsel knew it. If this is not a case for awarding Defendants their unnecessarily incurred fees, nothing will ever be.

## ARGUMENT

As Plaintiff chose to ignore the billing records submitted in support of Defendants' motion (*see* Dkt. No. 53-2),[3] the reasonableness of Defendants' claimed fees stands ***unchallenged***. As such, the only issue remaining before the Court is

---

[2] Aside from being irrelevant, this assertion is also inaccurate. (*See* Declaration of Nicholas McCandless, Ex. 1 (Dkt. No. 35-1) at 8 (Defendant McCandless asserting in the takedown notice that the copyright ownership claim had a good faith basis because the post contained "a photograph I took").)

[3] Despite claiming that no invoices were provided, Plaintiff still asserts that all Defendants' expenditures were "lump[ed]" together (Opp'n at 14:5-6), presumably based on the total number of fees claimed in the motion. Regardless, Mr. Fox's supporting declaration, in addition to attaching all the monthly invoices, also separately outlined all the categories of services rendered in this case on Defendants' behalf (*see* Dkt. No. 53-1 at ¶ 24).

3

whether the fees should be awarded. Plaintiff's opposition provides no cognizable reasons to refuse the requested award, be it through shifting fees to the winning party under the Copyright Act or through an award of sanctions. As shown in Defendants' opening papers and further demonstrated below, since awarding Defendants their requested fees here promotes the DMCA's stated objectives to enable them to "police their copyrights on the internet,"[4] "the pivotal criterion" of furthering the purposes of the statute under the *Fogerty* factors is clearly met. *Perfect 10*, 2015 WL 1746484, at *3, citing *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). In response, Plaintiff mistakenly focuses on the supposed merits of its claims, yet requiring that a losing plaintiff's claim be unreasonable before fees may be awarded to a prevailing defendant conflicts with *Fogerty* and "seeks to resurrect the long-rejected requirements of frivolousness and bad faith" before defendants could be awarded attorney's fees. *Mattel, Inc v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013). Crucially, as Defendants already showed, this Court itself found it "important to emphasize" that the award of attorney's fees under the statute "is not cabined by a requirement of culpability on the part of the losing party," and such awards are proper "even when a party acted reasonably or in good faith." (Def. Br. at 8-9, citing *Perfect 10*, 2015 WL 1746484, at *3.). Indeed, the *Fogerty* court itself affirmed a $1.3 million fee award to the prevailing defendants even though the plaintiff had in good faith asserted a non-frivolous claim. Yet the *Fogerty* court found that fees were properly awarded because the defendants' successful defense of the claim "further[ed] the underlying purposes of the Copyright Act." *Fogerty*, 94 F.3d at 555. Since it would do the same here, Defendants' motion should be granted.

---

[4] *Ouellette v. Viacom Int'l, Inc.*, 2012 WL 1435703, at *2 (D. Mont. Apr. 25, 2012), *aff'd*, 671 F. App'x 972 (9th Cir. 2016), citing *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113 (9th Cir.2007) (noting that the takedown provisions of the statute place the "burden of policing copyright infringement ... squarely on the owners of the copyright").

In the alternative, as demonstrated in Defendants' opening papers and further shown below, Plaintiff and its counsel continued prosecuting the claims here knowing they had no supporting facts. In fact, Plaintiff's email communications submitted in support of Defendants' motion demonstrate that it intends to file seven more baseless actions in another forum, despite this Court's Dismissal Order that has already put it on notice that it cannot state a viable claim. Indeed, Plaintiff itself never took the action at bar seriously, threatening to dispense with it altogether and continue elsewhere even before the Court's Dismissal Order. In other words, Plaintiff came here with no other purpose but to maximize Defendants' fees and extort a settlement. Now, more than eighty thousand in Defendants' fees later, Plaintiff and its counsel should not be allowed to disappear into the sunset without paying the price.

### A. The *Fogerty* Factors Compel the Requested Fee Shifting.

As Defendants demonstrated in their opening papers, their "defense was the type of defense that furthers the purposes underlying the Copyright Act and therefore should be encouraged through a fee award." *Fogerty*, 94 F.3d at 556. This is because "[a] successful defense [in itself] furthers the purposes of the Copyright Act …." (Def. Br. at 10:14-17, citing, *inter alia*, *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1149 (9th Cir. 2019).) Since, as this Court and countless other courts recognized, furthering the purposes of the statute is "the most important factor" in the *Fogerty* analysis (Def. Br. at 10:10-14, citing, *inter alia*, *Microsoft Corp. v. Softwareau.com*, 2016 WL 7647682, at *4 (C.D. Cal. June 22, 2016) (Birotte Jr., J.)), this factor weighs decisively in favor of the requested award. Moreover, as this Court further recognized, "[d]eterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudible ends." (Def. Br. at 10:18-21, citing *Perfect 10*, 2015 WL 1746484, at *12.) Accordingly, since a defensive fee award under the Act would "discourage serial litigants from bringing unmeritorious suits and then unnecessarily driving up litigation costs in order to drive a settlement[,] [s]uch a result is entirely

consistent with the purpose of the Copyright Act, and this factor weighs in favor of an award of attorneys' fees." (*Id.*, citing *Perfect 10*, 2015 WL 1746484, at *12.).

As Defendants further showed, Plaintiff here is precisely the type of "a serial plaintiff" that this Court already found warranting fee shifting under the statute in *Perfect 10*. Plaintiff's emails, which it fails to even address in its opposition, confirm that the only purpose behind its venture into this Court was to maximize Defendants' costs in order to drive a settlement. (*See* Def. Br. at 6:22-7:18.) Indeed, when Plaintiff saw the writing on the wall that no easy settlement would be forthcoming, it threatened to abandon the case at bar altogether and file seven more meritless actions elsewhere. (*See id.*, citing Dkt. No. 43-2.) Once this Court issued its Dismissal Order, Plaintiff remained resolute, unabashedly proclaiming: "I'm just going to keep suing you." (Def. Br. at 6:22-7:18, citing Dkt. No. 53-3.) It would thus actually frustrate the purposes of the Act's fee shifting provisions to stick Defendants with the bill for Plaintiff's costly stop in this Court on its way to more meritless actions.

Plaintiff responds by rehashing its meritless arguments raised in opposition to Defendants' motion to dismiss, claiming that its allegations are "deemed as true" and that its attempt to saddle Defendants with all the blame for Plaintiff's "permanent" Reddit ban must be accepted at face value despite its own allegations (and now also its sworn declaration) confirming that it had nothing to do with Defendants. (Opp'n at 1:20-22 & 2:12-14; *see also* Urbina Decl. at ¶ 9.) Additionally, Plaintiff also faults the Court for faithfully following the precedent and requiring Plaintiff to meet the Ninth Circuit's "high bar" of pleading sufficient facts in support of the asserted bad faith under the statute instead of the run-of-the-mill general scienter standard touted by Plaintiff. (*See* Opp'n at 8:19-22.) Indeed, the irony is lost on Plaintiff here, considering that it was to deter the meritless suits like the one at bar that was the reason for the Ninth Circuit's imposition of its "high bar" standard under the statute in the first place. (Def. Br. at 1:11-17, citing *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004-05 (9th Cir. 2004), and *Ouellette*, 2012 WL 1435703, at *3 (observing that "[t]he Ninth

6

Circuit has interpreted § 512(f) as setting a high bar for plaintiffs," and thus "§ 512(f) requires [plaintiff] to allege facts, at the pleading stage, that demonstrate that [defendant] acted without a good-faith belief," since "[t]he high standard for a § 512(f) claim reflects the reality that copyright owners face an uphill battle to protect their copyrights on the internet…. Without the subjective standard, copyright owners … could face limitless lawsuits just by policing its copyrighted material on the internet.").)[5]  In other words, Plaintiff's response merely attempts to relitigate Defendants' motion to dismiss and offers nothing to contradict Defendants' showing on the "most important" factor of them all—namely, that the requested award here would further the purposes of the statute because of Defendants' successful defense.  Indeed, although Plaintiff claims that a fee award here would somehow "chill[]" other copyright plaintiffs (Opp'n at 9:11-13), it would actually promote the Act's purposes if those plaintiffs are anything like Plaintiff here.  (Def. Br. at 11:6-9, citing *Goldberg v. Cameron*, 2011 WL 3515899, at *6 (N.D. Cal. Aug. 11, 2011) (finding that the fee award would comport with the statute's goals where it "would deter other plaintiffs from bringing [similarly] meritless, objectively unreasonable claims").)  *See also Perfect 10*, 2015 WL 1746484, at *12-13 (rejecting similar "chilling effect arguments), citing, *inter alia*, *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) ("Under the Copyright Act, the question is whether a successful defense of the action furthered the purposes of the Act, not whether a fee award would do so.").

      To the extent Plaintiff's arguments are designed to demonstrate that its claims

---

[5]  Plaintiff's complete ignorance of the fact that it sued under a special statute with a special pleading standard is further betrayed by its reliance on *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1546-47 (9th Cir. 1994), which, of course, had nothing to do with the DMCA that was passed four years later in 1998.  Rather, *GlenFed* dealt with the pleading standard for fraud claims under Rule 9(b), and even for those claims it approved of "a complaint's general averment of the defendant's 'knowledge' of material falsity" only where it "*also* sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Id.* at 1546 (original italics).  Plaintiff pleaded no such circumstances here.

7

were objectively reasonable, this consideration should bear little weight on the analysis, since Defendants do not even need to show otherwise to recover their fees. (*See* Def. Br. at 12:18-26, citing *Mattel*, 705 F.3d at 1111 (denying the plaintiff's attempt to "resurrect the long-rejected requirements of frivolousness and bad faith" for an award of fees under the Copyright Act), and *Perfect 10*, 2015 WL 1746484, at *9 & 11 (reasoning that "the fact that Perfect 10's copyright claims were not frivolous … does not undermine the Court's ultimate conclusion that attorneys' fees would promote the purpose of the Copyright Act and are appropriate in this case … [because] [a] finding of frivolity is not essential to award attorneys' fees" and also finding determination of objective unreasonableness to be "unnecessary").) Still, Plaintiff's claims here certainly fit the mold. As Defendants showed, a claim is objectively unreasonable if the plaintiff "should have known from the outset that its chances of success in the case were slim to none." (Def. Br. at 13:2-5, citing, *inter alia*, *Perfect 10*, 2015 WL 1746484, at *11.)[6] Crucially, "[a] claim that is not 'objectively unreasonable' at the outset can become so if the litigant continues to pursue it when the litigant knew or should have known that the chance of success was slim to none." (Def. Br. at 13:6-9, citing *Frost-Tsuji Architects v. Highway Inn, Inc.*, 2015 WL 5601853, at *5 (D. Haw. Sept. 23, 2015).)

Here, in response to Defendants' showing that Plaintiff never had any facts to support its bare allegations that Defendants somehow issued their takedown notices in subjective bad faith and without the necessary due diligence, all Plaintiff offers is its rehashed reliance on *ENTTech Media Grp. LLC v. Okularity, Inc.*, 2021 WL 916307, at *8-9 (C.D. Cal. Mar. 10, 2021), which Plaintiff touts as purportedly blessing naked assertions that "Defendants did not engage in any [due diligence] analysis prior to filing

---

[6] Plaintiff's reliance on *In re Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d 1178, 1181 (9th Cir. 1998), for a slightly different definition of frivolousness is misplaced because it dealt with the standard for frivolous appeals: "An **appeal** is frivolous within the meaning of [Fed. R. App. P. 38] when 'the result is obvious or the appellant's arguments of error are wholly without merit.'"

the DMCA take-down notices" as somehow providing sufficient allegations for subjective bad faith pleading under the statute. (Opp'n at 3:23-4:20.) But, as Defendants showed in their motion to dismiss briefing, the *ENTTech* plaintiff had more than that. The *ENTTech* plaintiff alleged that defendant failed to consider fair use because it "***automatically*** generates [and submits] DMCA notices," 2021 WL 916307, at *4. Since Plaintiff here pleaded no similar basis for its allegations (or any basis at all), the Court rightfully concluded that Plaintiff's allegations "add up to nothing more than the allegation that Defendants mistakenly asserted rights in the works. This is not the same as alleging facts showing that Defendants ***subjectively***, ***actually*** knew that they misrepresented their rights or that Plaintiff's conduct was infringing." (Dismissal Order at 5.) Furthermore, unlike the *ENTTech* plaintiff, Plaintiff here pleaded fraud (*see id.* at 6 (finding that Plaintiff's pleading triggered but failed to satisfy the heightened standard under Rule 9(b)), thus further destroying any supposed notion that it could get away with "general[]" intent pleading. (Opp'n at 8:20-23.)

Plaintiff fares no better in response to Defendants' showing that Plaintiff's own allegations conclusively disclaimed any reliance and resulting damages here. Plaintiff blames the Court for opening the very links pleaded in the complaint that show that Plaintiff is now banned from Reddit for a reason that has nothing to do with Defendants. (*See* Opp'n at 2:12-18.) Plaintiff still insists that despite what its own pleaded links show—which showing is now confirmed by its sworn declaration (*see* Urbina Decl. at ¶ 9)—the Court was still somehow obligated to accept "as true" Plaintiff's allegations blaming the ban on Defendants. This, of course, is not the law. (*See* Dismissal Order at 4-5, citing *Alamilla v. Hain Celestial Group, Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (dismissing false advertising claims where plaintiff's allegation that pressure-treating juice reduces its nutritional value was directly contradicted by articles attached to the complaint that stated pressurization has little effect on nutritional quality).) Moreover, as Plaintiff's own fact submissions now show, it had no evidence that even its original ban for copyright infringement was a result of Defendants' notices, as all it

9

offers are Reddit emails simply stating that Plaintiff got banned for "repeat copyright infringement" and for violation of "Reddit's Content Policy." (Dkt Nos. 54-2 & 54-3.) Even assuming that these emails could somehow produce an inference of Defendants' role in this ban, Plaintiff further testifies that it reinstated itself on Reddit as of September 15, 2021. (*See* Urbina Decl. at ¶ 7.) As such, when it amended its complaint on November 30, 2021, Plaintiff's allegation that Defendant caused a "permanent[]" ban (FAC at ¶ 23) was knowingly false. Moreover, by the time Plaintiff amended its complaint, it had been already banned from Reddit for another reason altogether, yet it kept the original links in the FAC (and later in the SAC) as if they somehow showed that Defendants caused the ban. (*See* Urbina Decl. at ¶ 9 (testifying that Plaintiff was banned as of November 10, 2021 for a reason that had nothing to do with Defendants).) Additionally, by November 30, 2021, Plaintiff knew that whatever Defendants did, they only caused a temporary ban that lasted less than a month and that it would have been banned anyway for a superseding reason that had nothing to do with these Defendants. Yet neither of the two amendments even attempted to deal with the issue. As such, this is the quintessential claim that might not have been "'objectively unreasonable' at the outset [but then] … bec[a]me so" because Plaintiff "continue[d] to pursue it when [it] knew or should have known that the chance of success was slim to none." (Def. Br. at 13:6-9, citing *Frost-Tsuji*, 2015 WL 5601853, at *5.)

   Finally, as Defendants also showed, all the remaining *Fogerty* factors similarly counsel in favor of the requested award. (*See* Def. Br. at 11-15 (analyzing the degree of success, motivation, compensation and deterrence factors).) Yet Plaintiff ignores all of them, thus conceding that all the remaining factors weigh in favor of the fee award. Accordingly, the Court should grant Defendants the fees they incurred in successfully defending against Plaintiff's claims under the fee shifting provisions of the Copyright Act.

### B.   Alternatively, The Conduct at Issue is Sanctionable.

As Defendants further demonstrated in their opening papers, both Plaintiff's and

10

its counsel's conduct in this action is sanctionable because their actions purposefully multiplied these proceedings in bad faith and without any proper basis for doing so. (See Def. Br. at 17-22 (collecting authorities demonstrating that such conduct is sanctionable under both the Court's inherent authority and 28 U.S.C. § 1927, as well as L.R. 11-9 & 83-7 because Plaintiff and its counsel filed a baseless opposition to Defendants' motion to dismiss).) Indeed, as Defendants further showed, "bad faith" for purposes of the requested sanctions includes conduct that is neither frivolous nor meritless. (See Def. Br. at 18:18-19:13, citing, inter alia, *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).) Thus, for example, presenting a valid claim for an improper purpose would do. (See Def. Br. at 19:5-8, citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).) Alternatively, recklessly raising a frivolous argument would qualify as well. (See id.) Crucially, courts agree that sanctions are appropriate where plaintiff unreasonably delays dismissal of his frivolous claims. (See Def. Br. at 19:14-2-:11 (collecting cases).)

As Defendants further showed, Plaintiff and its counsel came to this Court asserting claims they knew have been already litigated and decided, as well as state law claims that, as "even the most cursory legal inquiry would have revealed," were preempted by the very federal statute that brought Plaintiff to this Court in the first place (and were also inactionable under the California anti-SLAPP statute). (Def. Br. at 20-22, citing, inter alia, *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).)[7] It was

---

[7] Plaintiff objects to Defendants' reliance on *Smith & Green Corp. v. Trustees of Const. Indus. & Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1108 (D. Nev. 2003), because sanctions there were awarded under Rule 11. The *Smith* court awarded Rule 11 sanctions because it found that "plaintiff filed the complaint without performing adequate legal research to confirm whether the theoretical underpinnings of the complaint were warranted by existing law or a good faith argument for an extension, modification, or reversal of existing law. A reasonable and competent inquiry would have revealed that plaintiff's state law claims were preempted by [a federal statute]." *Id.* Here, the same conduct is sanctionable under this Court's inherent powers. *See* (footnote continued)

11

only through (costly) meet and confer efforts that Plaintiff's overpleaded claims eventually dwindled down to one DMCA claim, which Plaintiff and its counsel knew was unsupported, as discussed above.8  Throughout this process, Plaintiff kept threatening to drop this case as if it was always worthless and file seven more baseless actions in another court.  In fact, after this Court's Dismissal Order, which signaled that Plaintiff had no facts to proceed any further, Plaintiff remained defiant, proclaiming to Defendants: "I'm just going to keep suing you." (Dkt. No. 53-3.)  It is hard to come up with a better example of knowingly vexatious conduct.

As such, Plaintiff's attempt to distinguish Fink because Defendants supposedly did not identify "reckless misstatements of law and fact" and did not point to "an

---

*Disney Enterprises*, 2017 WL 6819882, at *3 (finding bad faith to support an award of sanctions under the Court's inherent powers because "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument," and "[a]ny reasonable or competent inquiry" would have revealed that the established precedent precluded the party's argument).

8  Plaintiff's attempt to distinguish *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, 2014 WL 4722487, at *6 (D. Ariz. Sept. 23, 2014), *aff'd sub nom. R. Prasad Indus. v. Douglas*, 673 F. App'x 676 (9th Cir. 2016), is unavailing because Plaintiff invokes a strawman argument and then tries to attack it.  Defendants never argued that the decision stands for the proposition that "voluntary dismissal alone … [is] sanction worthy." (Opp'n at 12:5-7.)  Rather, Defendants relied on *Prasad* to show that the court there found "voluntary withdrawal of the claim to be evidence of the claim's legal or factual weakness" (Def. Br. at 20:16-22).  Just like the Court here, the *Prasad* court never got a chance to rule on the voluntarily dismissed claims, yet found plaintiff's voluntary dismissal of those claims in the face of opposing party's arguments to provide evidence that they were "so weak as to constitute objective evidence of improper purpose," which thus made them frivolous.  2014 WL 4722487, at *6.  It was this finding, in conjunction with the court's observations that "a reasonable and competent inquiry … would have revealed that … [the claims] were wholly without merit," that led the court to hold that the claims were "both reckless and frivolous" and to conclude that counsel acted in "subjective bad faith[,] … [and] unnecessarily and unreasonably multiplied the proceedings." *Id.* at *6-8 (awarding sanctions based on these findings).  In fact, Plaintiff appears to refer to another motion at issue in *Prasad* altogether when it tries to inject additional considerations into the analysis at hand. (*See* Opp'n at 12:14-24, citing *Prasad*, 2014 WL 4722487, at *9 (dealing with a different motion by another party).)

improper purpose" (Opp'n at 11:23-12:4) is not well taken. This is because Defendants showed that: (1) Plaintiff and its counsel knew their claims had no factual support yet persisted with them anyway; moreover, their initially asserted state law claims were always preempted and/or precluded by anti-SLAPP, which even "most cursory legal inquiry would have revealed," and (2) Plaintiff's own communications confirm that it came to this Court with an improper purpose of vexatiously multiplying proceedings to drive up Defendants' costs and extort a settlement. Plaintiff offers no other opposition on the sanctions front, aside from erroneously demanding safe harbor notices for a motion that did not seek sanctions under Rule 11 (see Opp'n at 10:22-11:3).[9]

In the end, as Defendants showed, "[h]ad counsel conducted any meaningful research, he would have—and indeed should have—discovered" not only that Plaintiff had no state law claims but also that it had no facts to assert a DMCA claim. (Def. Br. at 17-22 (collecting cases).) Plaintiff's tepid attempts to claim that it and its counsel had a good faith basis to pursue its claims cannot hold water in the face of the clear precedent showing the claims had no merits and Plaintiff's own emails solidifying the notion that it came here with an improper purpose. As such, the conduct here is the kind that combines improper purpose with frivolousness, which makes it sanctionable. (Def. Br. at 22:1-10, citing *Disney Enterprises*, 2017 WL 6819882, at *3 (finding bad faith and imposing sanctions for knowingly frivolous filings, as they were "both baseless and made without a reasonable and competent inquiry"), and *Great Dynasty Int'l Fin. Holdings Ltd. v. Haiting Li*, 2014 WL 3381416, at *6-7 & 10-11 (N.D. Cal. July 10, 2014) (finding bad faith and awarding sanctions pursuant to the court's inherent authority, as "[c]ounsel's conduct was reckless and frivolous because a reasonable and

---

[9] Defendants relied instead on L.R. 11-9 and 83-7 based on Plaintiff's baseless opposition to their motion to dismiss. This Court has held that safe harbor notices are not required to proceed under these Local Rules. (*See* Def. Br. at 18:5-9, citing *Disney Enterprises*, 2017 WL 6819882, at *3.)

13

competent inquiry into the law would have revealed," inter alia, that the claims were meritless, and the award of sanctions "would both vindicate the Court's judicial authority while also make Defendants whole for expenses incurred to defend the frivolous claims").)

## CONCLUSION

Plaintiff and its counsel knew Plaintiff had no claims, yet they still caused Defendants to incur at least $82,486.40 in indisputably reasonable fees to defend themselves in this baseless action. Undaunted, Plaintiff has threatened seven more of similarly meritless actions. Indeed, Plaintiff's ominous last words to Defendants were: "I'm just going to keep suing you." As such, Plaintiff will continue abusing the judicial system and extorting settlement from these Defendants unless the Court makes it cost-prohibitive for Plaintiff to persist in its vexatious ways. Defendants prevailed on the merits, all the *Fogerty* factors cut in favor of the award of attorney's fees, and this is a quintessential case where the successful defense under the Copyright Act has furthered the purposes of the statute. Accordingly, as Defendants showed in their opening papers and further demonstrated herein, the Motion should be granted. Alternatively, the Court should impose sanctions in the amount of the aforementioned indisputably reasonable attorney's fees based on Plaintiff's and its counsel's bad faith litigation conduct.

DATED: June 3, 2022

GERARD FOX LAW P.C.

/s/ *Marina V. Bogorad*
GERARD P. FOX
MARINA V. BOGORAD

Attorneys for Defendants