UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-06888-AB-GJS | Date: | October 27, 2022 |
|---|---|---|---|

| Title: | *Digital Marketing Advisors v. McCandless Group, LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):            Attorney(s) Present for Defendant(s):

None Appearing                                         None Appearing

**Proceedings:  [In Chambers] ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

Before the Court is Defendants McCandless Group, LLC and Nicholas McCandless's ("Defendants") Motion for Attorneys' Fees ("Motion," Dkt. No. 53). Plaintiff Digital Marketing Advisors ("Plaintiff") filed an opposition and Defendants filed a reply. The Motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff filed its original Complaint on August 26, 2021, asserting that Defendants issued false takedown notices to Reddit that claimed that Plaintiff posted a photograph that infringed Defendants' copyright. *See* Compl. ¶¶ 13-14. Based on this and other allegations, Plaintiff asserted a claim for violations of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), and four state law claims. Plaintiff filed the First Amended Complaint (Dkt. No. 22) after the Court granted its unopposed motion to do so, and filed the Second Amended Complaint ("SAC," Dkt. No. 29) on January 19, 2022, pursuant to a stipulation.

The SAC asserted only three causes of action: a DMCA claim and two state law claims. Plaintiff then filed a notice dismissing the two state law claims (Dkt. No. 34), leaving only the DMCA claim. Defendant then moved to dismiss the DMCA claim. The Court granted that Motion with leave to amend, admonishing Plaintiff that any amendment must comply with Fed. R. Civ. P. 11. Plaintiff declined to file a Third Amended Complaint, so the Court dismissed the action with prejudice and entered judgment for Defendants.

Defendants now move to recover attorneys' fees of $91,486.40 pursuant to the Copyright Act's fee-shifting provision, and in the alternative as a sanction pursuant to the Court's inherent power or pursuant to 28 U.S.C. § 1927.

## II.   LEGAL STANDARD

Section 505 of the Copyright Act allows the court to award reasonable attorneys' fees and costs to the prevailing party. *See* 17 U.S.C. § 505. "[F]ee awards under § 505 should encourage the types of lawsuits that promote" the Copyright Act's "well settled" objective of "enriching the general public through access to creative works." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204 (2016), quoting *Fogerty v. Fantasy*, 510 U.S. 517, 527 (1994). Thus, "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious defenses under the statute] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Id.*, quoting *Fogerty*, 510 U.S. at 527; accord *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *2 (C.D. Cal. Mar. 24, 2015) (Birotte Jr., J.), aff'd, 847 F.3d 657 (9th Cir. 2017) ("Under section 505, [p]revailing plaintiffs and prevailing defendants are to be treated alike ….").

"The touchstone of the decision to award attorneys' fees is whether the successful [position], and the circumstances surrounding it, further the Copyright Act's 'essential goals.' " *Tresóna Multimedia, LLC v. Burbank High School Vocal Music Association*, 953 F.3d 638, 653 (9th Cir. 2020), citing *Kirtsaeng*, 579 U.S. at 209. In deciding whether to award attorneys' fees under the Copyright Act, "[c]ourts may consider but are not limited to five factors . . . (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective reasonableness of the losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Id.* "[E]ach of those factors is merely a guidepost in the exercise of the court's equitable discretion and courts are not limited to considering them." *Perfect 10, Inc.*, 2015 WL 1746484, at *2, citing *Fogerty*, 94 F.3d at 559.

"When analyzing whether awarding attorneys' fees under the Copyright Act is proper, 'the most important factor . . . is whether an award will further the purposes of the Act.'" *Microsoft Corp. v. Softwareau.com*, 2016 WL 7647682, at *4 (C.D. Cal. June 22, 2016) (Birotte Jr., J.), citing *Mattel, Inc. v, Mattel De Mexico S.A. de C.V.*, 705 F.3d 1108, 1111 (9th Cir. 2013).

## III.   DISCUSSION

### I.   An Award of Fees Under § 505 Is Appropriate in This Case.

First, Defendant obtained complete success by securing dismissal of the action on the merits. This favors a fee award.

Next, the second, third, and fourth factors—(2) frivolousness, (3) motivation, (4) objective reasonableness of the losing party's legal and factual arguments—support a fee award. At a minimum, Plaintiff's DMCA claim was objectively unreasonable. "[A] claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success . . . were slim to none.'" *See Perfect 10, Inc.,* 2015 WL 1746484, at *11, quoting *SOFA Entmt., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013). Plaintiff voluntarily dismissed its four state law claims, seemingly because those same claims were already adjudicated in state court so Plaintiff was precluded from pursuing them again. As for the DMCA claim, Plaintiff asserted it without apparently having any evidence to support the "knowingly" component of the first element, which, as the Court noted in its Order dismissing the SAC, "[t]he Ninth Circuit has interpreted . . . . as setting a high bar for plaintiffs." *Ouellette v. Viacom Intern.*, Inc., CV 10-133-M-DWM-JCL, 2012 WL 1435703, at *3 (D. Mont. Apr. 25, 2012), aff'd, 671 Fed. Appx. 972 (9th Cir. 2016) (unpublished). Because Plaintiff failed to take the demanding "knowingly" element into account, his DMCA claim was factually and legally frivolous. Also importantly, Plaintiff's opposition to the current Motion demonstrates the unreasonableness of this suit. The pivotal allegation in the SAC was that Defendants' fraudulent take-down notices caused Reddit to "permanently ban[] Plaintiff's user account from the Reddit service on or about August 15, 2021." SAC ¶ 20. However, Plaintiff's founder Zachary Urbina testified in his declaration opposing this fee motion that the account was reactivated a few days later on August 18, 2021, then banned again on August 20, and then reactivated again on September 15, 2021. *See* Urbina Decl. (Dkt No, 54-1 ¶ 4). Urbina also stated that the account was again banned on November 10, 2021, and that "[t]his ban . . . did not appear to be related to the

actions of Defendants; after some investigation, it is most likely is not related to this instant case." Urbina Decl. ¶ 11. Urbina also filed a state court Subpoena to non-party Linktree, dated November 30, 2021, that was part of Plaintiff's investigation into its ban from Reddit. *See* Dkt. No. 54-5. Apparently, Plaintiff determined by November 2021 that Linktree, and not Defendant, was involved with its permanent Reddit ban. *See* Urbina Decl. ¶¶ 9-10. Despite having that knowledge by November 2021, Plaintiff nevertheless maintained in its January 2022 SAC that Defendant's allegedly-fraudulent DMCA notices caused the permanent Reddit ban. To maintain such an allegation after knowing it was false shows that Plaintiff's claim was unreasonable and likely frivolous. It also tends to show that the action was brought and maintained in bad faith.

Next, the need for compensation favors a fee award in this case. Defendant incurred substantial fees to defend against a case that should not have been filed. Although Plaintiff has threatened Defendant with additional suits in state court, *see* Dkt. No. 53-5, the Court cannot say whether such threatened claims would be reasonable. However, Plaintiff persisted in knowingly making false allegations in this case, and that alone calls for deterrence.

Finally, Defendant's successful defense furthered the Copyright Act's goals. To ensure that copyright owners could police their rights on the internet without risking lawsuits for mere mistakes, "Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation." *Rossi v. Motion Picture Ass'n of America Inc.*, 391 F.3d 1000, 1004–05 (9th Cir. 2004). Defendant prevailed by pointing out that Plaintiff repeatedly failed to satisfy that high bar the DMCA set for plaintiffs to bring such claims. This defense on the merits therefore advanced the goals of the Copyright Act.

For all of the foregoing reasons, the Court finds that an award of fees under § 505 is appropriate. The Court declines to reach Defendant's alternative motion for fees as a sanction under §1927 or pursuant to the Court's inherent power.

## II.   Defendant is Awarded $91,486.40 in Fees

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). To establish this "presumptively reasonable lodestar figure," the party seeking fees may "provide (1) contemporaneous billing records,

(2) counsel's hourly rate, and (3) evidence that this rate is reasonable for an attorney of like skill and experience." *Discovery Communications, Inc., v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001). "[T]he district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Actors Guild, Inc.* 526 F. 2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Intel*, 6 F.3d at 622. The *Kerr* factors include "the time and labor required" and "the preclusion of other employment due to acceptance of the case," as well as "the results obtained" and "the customary fee." *Id.*

Defendant seeks $82,486.40 billed as of the date of the motion, and an additional $9,000 estimated for the reply, for a total lodestar of $91,486.40. The Court has reviewed the hourly rates set forth in the Fox and Bogorad Declarations, and finds that they are reasonable for attorneys of counsels' caliber in the Los Angeles market; Plaintiff does not argue otherwise. Plaintiff objects only that Defendants "lumps all of their expenditures together and asserts that every dollar should be awarded" and that they "failed to produce any invoices." Opp'n 14:5-12. The Court overrules these objections as they are flatly wrong. Counsel filed invoices that show their billing and their tasks, and also helpfully summarized these invoices in the Fox Declaration. Defendants have carried their burden of showing what work was performed, and that it was reasonable. Plaintiff has not pointed to any specific billing that is unjustified or unreasonable. The Court therefore finds that Defendants' lodestar amount of $91,486.40 is reasonable. The Court has considered the *Kerr* factors and declines to make an adjustment.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Attorneys' Fees and **AWARDS** them fees in the amount of $91,486.40. Plaintiff is **ORDERED** to pay the fees within 60 days of the issuance of this Order.

**IT IS SO ORDERED**.