GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
310.441.0500 Tel
310.441.4447 Fax

*Attorney for Judgment Creditors*
*McCandless Group, LLC*
*& Nicholas McCandless*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MARKETING ADVISORS, a California Corporation<br><br>    Plaintiff & Judgment Debtor,<br><br>vs.<br><br>MCCANDLESS GROUP, LLC, a Florida limited liability company; NICHOLAS MCCANDLESS, an individual; DOES 1 – 10,<br><br>    Defendants & Judgment Creditors. | Case No. 2:21-cv-6888<br><br>**JUDGMENT CREDITORS' OPPOSITION TO MATTHEW C. HEERDE'S NOTICE OF MOTION TO WITHDRAW AS ATTORNEY**<br><br>Hon. Andre Birotte Jr.<br>Hearing Date: June 30th, 2023<br>Hearing Time: 10:00 A.M. |

# TABLE OF CONTENTS

I.   STATEMENT OF FACT ................................................................6

II.  ARGUMENT ..........................................................................8

    A.   JUDGMENT DEBTOR IS DEFYING THIS
       COURT'S ORDERS AND REQUIRES GUIDANCE
       OF COUNSEL AT THIS JUNCTION ......................................8

    B.   PREVAILING LEGAL AUTHORITY DOES NOT
       ALLOW FOR MR. HEERDE TO WITHDRAW AS
       COUNSEL ...........................................................................9

    C.   THE CALIFORNIA RULES OF PROFESSIONAL
       CONDUCT AND OTHER STATUTES WOULD
       PROHIBIT MR. HEERDE'S WITHDRAWAL OF
       COUNSEL IN THIS INSTANCE .......................................... 14

III. CONCLUSION ...................................................................... 16

JDG. CREDITORS' OPP. TO MATTHEW C. HEERDE'S MOT. TO WITHDRAW

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                    **Page(s)**

*Caveman Foods, LLC v. Ann Payne's Caveman Foods, LLC*

    (E.D. Cal. 2015), 2015 U.S. Dist. LEXIS 150001 .............................................. 12

*CE Res., Inc. v. Magellan Group, LLC*

    (E.D. Cal. 2009), 2009 U.S. Dist. LEXIS 100776 ............................................. 12

*Constr. Laborers Trust Fund for S. Cal. Admin. Co. v. W. Coast Structures*

    (C.D. 2020), 2020 U.S. Dist. LEXIS 251477 ...................................................... 13

*Fabricant v. Fast Advance Funding, LLC*

    (C.D. Cal. 2018), 2018 U.S. Dist. LEXIS 227250 .............................................. 11

*Garcia v. Milky Way Factory Inc.*

    (C.D. Cal. 2020), No. CV 20-02595 AS, 2020 WL 8027776 ............................ 14

*Pineda v. State Bar*

    (1989), 49 Cal.3d 753 ......................................................................................... 15

*Robinson v. Delgado*

    (N.D. Cal. 2010), 2010 U.S. Dist. LEXIS 92924 ............................................... 15

*Rogers v. Cal. Highway Patrol Officer Macias*

    (C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 240442 .............................................. 10

*Saribekyan v. JP Morgan Chase Bank, N.A.*

    (C.D. Cal. 2021), No. CV 21-388 PSG (JPRx), 2021 WL 6102923 ................... 10

*Shirar v. Guerrero*

    (C.D. 2019), 2019 U.S. Dist. LEXIS 39923 ........................................................ 11

*Stewart v. Boeing Co.*

    (C.D. Cal. 2013), No. CV 12-05621 RSWL AGR, 2013 WL 1870766 ............. 10

*Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*

    (C.D. Cal. 2014), 2014 WL 3898617 .................................................................. 10

---

*Vann v. Shilleh*

    (1975), 54 Cal. App. 3d 192 ................................................... 15

*Wb Music Corp. v. Royce Int'l Broad. Corp.*

    (C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 236274 .............................. 11

**Statutes & Rules**

*Bus. & Prof. Code*

    § 6068 ................................................................ 15 – 16

*Bus. & Prof. Code*

    § 6103 ...................................................................... 16

*Cal. Rules Prof. Conduct*

    § 1.16 ................................................................. 14 – 15

*Cal. Rules Prof. Conduct*

    § 16.1 ....................................................................... 10

*Cal. Rules Prof. Conduct*

    § 3-700 ................................................................ 11 – 12

*Fed. R. Civ. Proc.*

    § 54 ........................................................................... 6

*Fed. R. Civ. Proc.*

    § 58 ........................................................................... 6

*Local Rules – Central District of California*

    § 7-9 .......................................................................... 6

*Local Rules – Central District of California*

    § 7-12 ......................................................................... 8

*Local Rules – Central District of California*

    § 37-1 ......................................................................... 7

*Local Rules – Central District of California*

    § 37-2.4 ....................................................................... 8

*Local Rules – Central District of California*

    § 83-2.1 ...................................................................... 14

*Local Rules – Central District of California*

§ 83-2.2.2 ............................................................................... 12 & 14

*Local Rules – Central District of California*

§ 83-2.3.1 ............................................................................... 16

*Local Rules – Central District of California*

§ 83-2.3.2 ............................................................................... 9 – 10, 13

*Local Rules – Central District of California*

§ 83-2.3.3 ............................................................................... 14

*Local Rules – Central District of California*

§ 83-2.3.4 ............................................................................... 13 – 14

*Local Rules – Central District of California*

§ 83-2.3.5 ............................................................................... 9 & 16

JDG. CREDITORS' OPP. TO MATTHEW C. HEERDE'S MOT. TO WITHDRAW

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Judgment Creditors MCCANDLESS GROUP LLC and NICHOLAS MCCANDLESS in compliance with and pursuant to L.R. 7-9, do hereby move the Court for an order denying Matthew C. Heerde's ("Mr. Heerde's") "Notice of Motion to Withdraw as Attorney," filed on June 1, 2023, and any further relief as this Court deems just and proper.

## I.   STATEMENT OF FACTS:

McCandless Group, LLC and Nicholas McCandless (hereinafter referred to as "Judgment Creditor(s)") filed their Notice of Motion and Motion to Dismiss on February 10, 2022, in response to Digital Marketing Advisors' ("DMA" or "Judgment Debtor") Complaint and Second Amended Complaint, filed on August 26, 2021, and January 13, 2022. *See* Exhibit 1 – Decl. of Gerard P. Fox, ¶ 4 – Exhibit A. The Court granted Judgment Creditors' Motion to Dismiss on March 28, 2022, but gave Judgment Debtor fourteen (14) days to file a Third Amended Complaint. *Id*.  On April 21, 2022, the Court entered an Order that this case is dismissed with prejudice due to Judgment Debtor's failure to file a Third Amended Complaint and pursuant to Rules 54(a) and 58(a) of the Federal Rules of Civil Procedure, decreed judgment be entered in favor of Judgment Creditors. *Id*.

A Notice of Motion and Motion for Attorneys' Fees was filed by Judgment Creditors on May 6, 2022, and on October 28, 2022, the Court granted Judgment Creditors' Motion for Attorneys' Fees in the amount of $91,486.40 and ordered Judgment Debtor to pay the fees within sixty (60) days of the issuance of this Order. *Id*. On November 28, 2022, Judgment Debtor filed their Notice of Appeal to the 9th Circuit Court of Appeals and Judgment Creditors in response filed a corrected Affidavit and Request for Issuance of Writ of Execution re: Judgment on January 3, 2023. *Id*. The Writ of Execution issued against Judgment Debtor was entered on January 4, 2023, and subsequently, on January 12, 2023, the appeal was voluntarily dismissed with the parties ordered to bear their own costs and attorneys' fees on appeal. *Id*.

Judgment Creditors issued post-judgment discovery in the form of Interrogatories and Requests for Production of Documents ( "Requests for Production") on February 13, 2023, to aid in the execution of its judgment against Judgment Debtor. *Id.*, ¶¶ 5 – 6 – Exhibits B & C. Judgment Debtor did not respond to either the Interrogatories nor the Requests for Production of Documents as of March 31, 2023, and accordingly, Judgment Creditors informed Judgment Debtor of their intent to move to compel if a conference before April 10, 2023, given Local Rule 37-1's requirements, did not occur. *Id.*, ¶¶ 7 – 9 – Exhibits D, E, & F.

Judgment Debtor maintained the services of two (2) counsel throughout these proceedings, a Mr. Heerde and a Chris Zhen ("Mr. Zhen"). Mr. Heerde communicated via email on April 3, 2023, that he will be filing a motion to withdraw as counsel in this matter and that he no longer represents Judgment Debtor in this proceeding. *Id.*, ¶ 9 – Exhibit F. No motion to withdraw as counsel was filed by Mr. Heerde, without it being stricken, until June 1, 2023, and no relevant responses to the Requests for Production have been received from Mr. Heerde. *Id.*, ¶¶ 7 – 9 – Exhibits D, E, & F; Exhibit 2. Mr. Zhen had not responded to our inquiries but sent an email communicating that he no longer represents Digital Marketing Advisors on May 1, 2023, and filed a stricken Request to Withdraw as Attorney on May 1, 2023. Exhibit 1 – Decl. of Gerard P. Fox, ¶¶ 4, 10 – Exhibits A & G.

Judgment Creditors certify that they have, in good faith, attempted to confer with Judgment Debtor in an effort to obtain responses without court action and execute their judgment accordingly.

///
///
///
///
///
///

II.   **ARGUMENT:**

     **A.**   **JUDGMENT DEBTOR IS DEFYING THIS COURT'S ORDERS AND REQUIRES GUIDANCE OF COUNSEL AT THIS JUNCTION**

As set forth above, Judgment Debtor has been ordered by this Court to file amended pleadings and respond to discovery by June 20, 2023 – prior to the hearing on this motion. Judgment Creditors anticipate that Judgment Debtor will continue to defy this Court's order to respond to discovery and, 10 days later, this Court will determine whether Judgment Debtor's counsel can be relieved from representation of Judgment Debtor. However, leaving Judgment Debtor without counsel at this critical moment – when further sanctions contempt orders will be sought – should not be considered.

A hearing in front of the Honorable Michael R. Wilner, U.S. Magistrate Judge, was set for June 14, 2023, at 9:30 a.m., to discuss Judgment Creditors' post-judgment discovery. *See* Exhibit 3 – Doc. 76 – Order Re: Discovery Motion, May 23, 2023, ¶ 2. Judgment Creditors, in an effort to enforce judgment in their favor, had to move this Court pursuant to Local Rule 37-2.4 by filing a "Motion to Compel Further Responses to Certain Requests for Production of Documents and Interrogatories" with accompanying materials (the "Motion to Compel").

These materials illustrate the difficulty Judgment Creditors are experiencing in satisfying their judgment and enforcing the obligations of Judgment Debtor as well as the reluctance of Judgment Debtor's counsel of record, Mr. Heerde and Mr. Zhen in fulfilling their client's responsibilities.  Judgment Debtor did not comply with this Court's order to reply to the Motion to Compel by May 31, 2023, leading Judgment Creditors to file a "Notice of Non-Opposition to Motion to Compel." *See* Doc. 76 – Order Re: Discovery Motion, May 23, 2023, ¶¶ 2 – 3 ("Note that the failure to file a legitimate response to the motion will lead the Court to conclude that the motion is unopposed and that DMA consents to the granting of relief. L.R. 7-12. Further, the parties are informed that the Court likely will be required to award expenses to the party succeeding on the merits…").

1    Instead of facilitating a response to Judgment Creditors' Motion to Compel or
2    expediting this process, Mr. Heerde endeavors to remove himself as Judgment Debtor's
3    counsel of record, which will surely compound the difficulties Judgment Creditors are
4    experiencing in effectively communicating with Judgment Debtor and will harm
5    Judgment Debtor as well. *See* Exhibit 4 – Doc. 82 – Order Compelling Discovery, June
6    2, 2023, ¶¶ 2 – 3 ("Judgment Creditor's unopposed motion to compel discovery is
7    GRANTED" and "[t]he Court will also award Defendant expenses it incurred in pursuing
8    the discovery motion…").

9    Mr. Heerde seeks to shirk his responsibilities towards his client, Judgment Debtor,
10   at a time in which counsel is most deeply needed. Judgment Debtor, by and through its
11   counsel of record, brought this action which resulted in the subject judgment. Judgment
12   Debtor's counsel should be required to counsel his client through the basic process of
13   debtor examinations in order to fulfill the subject judgment.

14

15       **B.       PREVAILING LEGAL AUTHORITY DOES NOT ALLOW FOR**
16              **MR. HEERDE TO WITHDRAW AS COUNSEL**

17

18   As discussed, Mr. Heerde, currently serves as one of the two counsel of record
19   serving Judgment Debtor, DMA. The other, Mr. Zhen, has unsuccessfully attempted to
20   remove himself as an attorney of record.  Although Judgment Creditors are sympathetic
21   to Mr. Heerde's cause, "[t]he motion for leave to withdraw must be supported by good
22   cause" and "[f]ailure of the client to pay agreed compensation is not necessarily sufficient
23   to establish good cause." L.R. 83-2.3.2.  Moreover, "[u]nless good cause is shown and
24   the ends of justice require, no substitution or relief of attorney will be approved that will
25   cause delay in prosecution of the case to completion." L.R. 83-2.3.5.

26   ///
27   ///
28   ///

In determining whether good cause and the ends of justice require withdrawal, courts weigh: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Saribekyan v. JP Morgan Chase Bank, N.A.* (C.D. Cal. 2021), No. CV 21-388 PSG (JPRx), 2021 WL 6102923, *1; *also see Tu Thien The, Inc. v. Tu Thien Telecom, Inc.* (C.D. Cal. 2014), 2014 WL 3898617, *5.

Addressing in turn whether good cause to withdraw and compliance with the procedural rules for withdrawal exist, it is imperative to note that Judgment Debtor mentions that it "does not intend to engage or pay for Mr. Heerde to represent Plaintiff in this action or with respect to any judgment enforcement procedures…" *See* Exhibit 2 – Mr. Heerde's Notice of Motion to Withdraw as Attorney 2:20 – 23.  That, alone, is insufficient grounds to find good cause for withdrawal.

Neither Judgment Debtor nor Mr. Heerde personally have evidenced that irreconcilable differences or a breakdown in communication have impaired Mr. Heerde's ability to continue providing effective representation to Judgment Debtor nor has that been alleged or asserted. L.R. 83-2.3.2; *also see Stewart v. Boeing Co.* (C.D. Cal. 2013), No. CV 12-05621 RSWL AGR, 2013 WL 1870766, *1 (denying counsel's motion to withdraw because counsel's unsupported claim of a communication breakdown was not sufficient good cause).

As such, Mr. Heerde has not given the Court sufficient information to evaluate the gravity of Judgment Debtor's failure to pay attorneys' fees and the nonspecific declaration of Mr. Heerde is likewise insufficient to outweigh the other concerns in granting Mr. Heerde's motion. "That a case may require hard work and zealous advocacy is not good cause to for Counsel to withdraw." *Rogers v. Cal. Highway Patrol Officer Macias* (C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 240442, *6 ("By citing the catchall provision of [Cal. Rules of Prof. Conduct] 16.1(b)(10) Counsel implies that none of the enumerated bases for good cause apply-presumably" – Mr. Heerde cites no Cal. Rules of Prof. Conduct).

Consequently, given the late state of litigation, post-judgment enforcement, withdrawal would unreasonably prejudice Judgment Creditors by substantially delaying resolution of the case. *Wb Music Corp. v. Royce Int'l Broad. Corp.* (C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 236274, *6 – 9 (the Court denied Counsels' motion to withdraw from Judgment Debtor because it would delay Judgment Creditor's post-judgment discovery and execution of attorneys' fees and costs); *Cf. with Fabricant v. Fast Advance Funding, LLC* (C.D. Cal. 2018), 2018 U.S. Dist. LEXIS 227250, *7 ("Given the early stage of litigation, the Court finds that Counsel's withdrawal would neither unreasonably prejudice Defendant's rights nor delay the resolution of this case because Defendant will have sufficient time to hire new counsel"); *also see* Cal. Rules Prof. Conduct 3-700(A)(2) ("A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client…").

If Mr. Heerde is able to withdraw as counsel, Judgment Creditors will be forced to continue discussions with Zachary Urbina ("Mr. Urbina") who has been uncooperative towards execution of Judgment Creditors' award.  Moreover, Mr. Zhen has been an equally recalcitrant individual pertaining to post-judgment performance and the lack of centralized, organized, and outward communication occurring between Judgment Debtor and its two counsel is of concern.  Nonetheless, it is apparent that Mr. Heerde is in possession of a working phone number and email address at which he can reach his client given Mr. Urbina has provided a declaration in accordance with Mr. Heerde's inquiries.

With all of this in mind, the only remaining 'issue' is the collection of costs from Judgment Debtor by Judgment Creditors and "[a]llowing Plaintiffs' [Judgment Debtors'] Counsel to withdraw at this stage would likely significantly complicate Defendant's [Judgment Creditor's] efforts to collect costs." *Shirar v. Guerrero* (C.D. 2019), 2019 U.S. Dist. LEXIS 39923, *6 (the Court denied Plaintiffs' Counsel's motion to withdraw, in part because "[i]n addition to delaying their collections, the withdrawal of Plaintiffs' counsel may force Defendant to expend additional resources to locate Plaintiffs.").

1   As for the "administration of justice," it is important to note that "assent of the

2   client alone does not require the court to grant a motion for withdrawal" because "a

3   member shall not withdraw from employment in a proceeding before that tribunal without

4   its permission." Cal. Rules Prof. Conduct 3-700(A)(1); *CE Res., Inc. v. Magellan Group,*

5   *LLC* (E.D. Cal. 2009), 2009 U.S. Dist. LEXIS 100776, *4 – 6 ("A grant of attorney's

6   motion to withdraw would effectively place the Magellan Corporation in immediate

7   violation of local rules [prohibiting organizations from proceeding pro se] as they would

8   no longer have counsel to represent them. It is the duty of the trial court to see that the

9   client is protected, so far as possible, from the consequences of an attorney's

10  abandonment." – motion to withdraw denied).

11  The Court cannot deny the client the tools necessary to make decisions for itself

12  and since corporations must be "represented by an attorney permitted to practice before

13  this Court," as discussed below, it would be an injustice to leave Judgment Debtor in a

14  judicial bind until they can begrudgingly locate an attorney to assist them in continuing

15  the litigation they seek to avoid. L.R. 83-2.2.2.

16  Furthermore, in the event Judgment Debtor is financially insolvent, they may have

17  significant difficulty securing new counsel given the current posture of this case. *See*

18  *Caveman Foods, LLC v. Ann Payne's Caveman Foods, LLC* (E.D. Cal. 2015), 2015 U.S.

19  Dist. LEXIS 150001, *6 & *14 (the Court denied an entity's Counsel's motion to

20  withdraw, in part, because "the court is unable to verify Baker's representations [to his

21  client about proceeding pro se] or assure that defendant fully understands and assents to

22  the full consequences of Baker's withdrawal.").

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Not only has Mr. Heerde delayed his withdrawal from this matter[1] but he has also potentially prejudiced his client in discussing the consequences of proceeding pro se – Mr. Heerde only provided a general declaration that he warned Judgment Debtor of the consequences. *See Constr. Laborers Trust Fund for S. Cal. Admin. Co. v. W. Coast Structures* (C.D. 2020), 2020 U.S. Dist. LEXIS 251477, *6 ("Counsel fails to include any evidence of compliance with Local Rule 83-2.3.4 other than his declaration." "Moreover, this Court has repeatedly required independent proof of written notice to establish compliance with the Local Rules surrounding withdrawal.").

In addition, the Local Rules impose procedural requirements. In particular, "[a] motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. Judgment Debtor has been actively avoiding its obligations towards Judgment Creditors as far back as (i) April 21, 2022, when judgment was entered in favor of Judgment Creditors; (ii) May 6, 2022, when this Court granted Judgment Creditors' Motion for Attorney's Fees; (iii) January  2023, when the Writ of Execution was issued against Judgment Debtor; (iv) January 12, 2023, when Judgment Debtor's appeal was voluntarily dismissed; and (v) February 13, 2023, when Judgment Creditors issued post-judgment discovery.

Mr. Heerde's motion and notice for leave to withdraw is not "reasonably in advance" to all parties in this action as a thirty (30) day notice of withdrawal hardly suffices in allowing Judgment Creditors the time necessary to hold Judgment Debtor accountable (when Judgment Debtor has strategically delayed and evaded its legally-mandated commitments to Judgment Creditor).

///

---

[1] Mr. Heerde stated via email on April 3, 2023: "I will be filing a motion to withdraw as counsel…and do not represent plaintiff any longer in this matter." *See* Exhibit 1 – Decl. of Gerard P. Fox, ¶ 9 – Exhibit F. Mr. Heerde did not successfully file until June 1, 2023, and has delayed since he was "engaged" to "file an appeal of the Court's October 27, 2022 Order" given "[t]hat appeal was dismissed on January 11, 2023…" Exhibit 2 – Decl. of Mr. Heerde ISO Motion to Withdraw, ¶ 2; *also see Constr.*, 2020 U.S. Dist. LEXIS 251477 at *4 ("Counsel's year-long delay to withdraw from this matter precludes [such] ex parte relief.").

1  Furthermore, once the attorney of record withdraws, such party "must appear pro

2  se or appoint another attorney by a written substitution of attorney signed by the party and

3  the attorneys." L.R. 83-2.3.3. However, "[o]nly individuals may represent themselves pro

4  se. No organization or entity of any other kind (including corporations, limited liability

5  corporations, partnerships, limited liability partnerships, unincorporated associations,

6  trusts) may appear in any action or proceeding unless represented by an attorney permitted

7  to practice before this Court under L.R. 83-2.1." L.R. 83-2.2.2.

8  DMA is a California corporation and procedurally cannot represent itself pro se,

9  thus DMA's consent to Mr. Heerde's voluntary withdrawal is unwarranted when Mr.

10  Zhen is equally attempting to leave DMA without counsel. L.R. 83-2.3.4; Exhibit 2 –

11  Decl. of Mr. Urbina ISO Mr. Heerde's Motion to Withdraw, ¶ 4.  Although Mr. Heerde

12  claims that "Attorney Zhen…has represented Plaintiff during the entirety of this action,"

13  Mr. Zhen's actions evidence the opposite as he is likewise seeking to recuse himself from

14  this client-matter. Exhibit 2 – Decl. of Mr. Heerde ISO Motion to Withdraw, ¶ 7.

15

16  **C.    THE CALIFORNIA RULES OF PROFESSIONAL CONDUCT**

17  **AND OTHER STATUTES WOULD PROHIBIT MR. HEERDE'S**

18  **WITHDRAWAL OF COUNSEL IN THIS INSTANCE**

19

20  In addition to what is elaborated above, courts also consider California Rules of

21  Professional Conduct 1.16 in ruling on motions to withdraw. *See Garcia v. Milky Way*

22  *Factory Inc.* (C.D. Cal. 2020), No. CV 20-02595 AS, 2020 WL 8027776, *1. Rule 1.16

23  sets forth several grounds under which an attorney shall or may withdraw from

24  representing a client, but it notably rests discretion in this Court. *See* Cal. Rules Prof.

25  Conduct 1.16(c) ("If permission for termination of a representation is required by the rules

26  of a tribunal,* a lawyer shall not terminate a representation before that tribunal* without

27  its permission.").

28  ///

Despite Mr. Heerde's representation on April 3, 2023, that he no longer represented Plaintiff / Judgment Debtor in this matter, this Court undoubtedly retains the sole and absolute discretion on prohibiting or allowing this course of conduct. *See* Exhibit 1 – Decl. of Gerard P. Fox, ¶ 9 – Exhibit F.  Nonetheless, the Rules of Professional Conduct also provide guidance to this Court that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable* steps to avoid reasonably* foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel…" *See* Cal. Rules of Prof. Conduct 1.16(d).  Before withdrawing, the attorney must take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client as a lawyer violates his or her ethical mandate by abandoning a client or by withdrawing at a critical point thereby prejudicing the client. *See Pineda v. State Bar* (1989), 49 Cal.3d 753, 758 – 759 (the Court noted the "good faith and fiduciary duty that binds an attorney to the most conscientious fidelity to his client's interests" in regards to disciplining an attorney who abandons his clients); *also see Vann v. Shilleh* (1975), 54 Cal. App. 3d 192, 197.

There is rationale that withdrawing as counsel while "litigation is in its final stages" risks substantial prejudice to both parties to a proceeding and "cannot be effectuated in accordance with the requirements of the California Rules of Professional Conduct." *Robinson v. Delgado* (N.D. Cal. 2010), 2010 U.S. Dist. LEXIS 92924, *7 – 8 (Denying Cooley LLP's motion to withdraw as counsel at a late point in the litigation until the resolution of post-trial matters).  Mr. Heerde has failed to advise this Court of any "reasonable step" taken to assist his client in avoiding reasonably foreseeable prejudice that would result from his withdrawal.

Lawyers must comply with their obligations to their clients under Business and Professions Code section 6068, subdivisions (c) & (e), wherein an attorney must "[m]aintain those actions, proceedings, or defenses only as appear to him or her legal or just" and "keep clients reasonably informed of significant developments in matters with regard to which the attorney has agreed to provide legal services."  Accordingly, an

attorney cannot withdraw from a client's matter without "good cause…and the ends of justice require…" L.R. 83-2.3.5. If a tribunal denies a lawyer's permission to withdraw, the lawyer is obligated to comply with the tribunal's order and there is ample reasoning to support Judgment Creditors' opposition to Mr. Heerde's motion to withdrawal. *See* Bus. & Prof. Code, §§ 6068, subd. (b) and 6103; *also see* L.R. 83-2.3.1 ("Whenever a party has appeared by an attorney, the party may not thereafter appear or act pro se, except upon order made by the Court…").

## III.   CONCLUSION

By reason of the aforementioned rationale and statement of facts herein described, Judgment Creditors humbly request that the Court deny Mr. Heerde's Notice of Motion to Withdraw as Attorney and issue any judgment(s) or order(s) accordingly.

Dated: June 8th, 2023                    GERARD FOX LAW, P.C.

By: _____

Gerard P. Fox
Attorney for Judgment Creditors

**PROOF OF SERVICE**

I, Lue Wahjudi, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above referenced matter. My business address is: Law Offices of Gerard Fox, Inc., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On June 8, 2023, I served the following documents, described as **JUDGMENT CREDITORS' OPPOSITION TO MATTHEW C. HEERDE'S NOTICE OF MOTION TO WITHDRAW AS ATTORNEY** on the person(s) listed in the attached Service List. The document was served by the following means:

| | |
|---|---|
| ☐ | **By personal service**. I personally delivered the document to the persons at the addresses listed in the attached Service List. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m. For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☐ | **By United States mail**. I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**. I served the documents by placing them in an envelope or packing addressed to the persons at the addresses listed in the attached Service List to Brandon Tesser, Esq. and John Phillip Godsil, Esq. and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached. |
| ☒ | **By electronic service**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 8, 2023

_Lue Wahjudi_
Lue Wahjudi

- 1 -

## SERVICE LIST

| | |
|---|---|
| Matthew Heerde, Esq. (SBN 241771)<br>HEERDE LAW PLLC<br>48 Wall Street, 31st Floor<br>New York, NY 10005<br>mheerde@heerdelaw.com<br>Tel: (347) 460-3588<br>Fax: (347) 535-3588 | Attorney for Defendant / Judgment Debtor |
| Chris J. Zhen, Esq. (SBN 275575)<br>ZHEN LAW FIRM<br>5670 Wilshire Blvd #1800<br>Los Angeles, CA 90036<br>Chris.zhen@zhenlawfirm.com<br>Tel: (213) 935-0715<br><br>STECKLER WAYNE CHERRY & LOVE<br>8416 Old McGregor Road<br>Waco, Texas 76712<br>chris@swclaw.com<br>Tel: (254) 651-3690 | Attorney for Defendant / Judgment Debtor |
| Zachary Elliot<br>DIGITAL MARKETING ADVISORS<br>200 S. Barrington Avenue, #491451<br>Los Angeles, CA 90049<br>ze@shorethang.media | Defendant / Judgment Debtor |

PROOF OF SERVICE FOR JUDGMENT CREDITORS' OPP. TO MR. HEERDE'S MOT. TO WITHDRAW

EXHIBIT – 1 –

GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Tel: (310) 441-0500
Fax: (310) 441-4447

*Attorney for Judgment Creditors*
McCandless Group, LLC
and Nicholas McCandless

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Digital Marketing Advisors, | Case No.  2:2021cv06888 |
| Plaintiff, | **JUDGMENT CREDITORS' DECLARATION OF GERARD P. FOX IN SUPPORT OF ITS OPPOSITION TO MATTHEW C. HEERDE'S NOTICE OF MOTION TO WITHDRAW AS ATTORNEY** |
| v. | |
| McCandless Group, LLC, *et al*; Nicholas McCandless, | |
| Defendants. | Hon. Andre Birotte Jr. Hearing Date: June 30th, 2023 Hearing Time: 10:00 A.M. |

## DECLARATION OF GERARD P. FOX

**I, Gerard P. Fox, hereby declare:**

1.     I am an attorney duly licensed to practice law by the State Bar of California and am admitted to practice before the state and federal courts of the State of California. I am over the age of 18 and have personal knowledge of each and every fact stated herein and, if called to testify, I could testify competently thereto. In making this declaration, it is not my intention, nor the intention of Defendants McCandless Group, LLC & Nicholas McCandless ("Judgment Creditor(s)"), to waive any applicable privilege, including the attorney-client privilege or the attorney-work product doctrine.

2.     I am the founding and managing partner at the law firm of Gerard Fox Law, P.C.

3.     I am lead trial counsel in this action Judgment Creditors versus Digital Marketing Advisors, Plaintiff ("Judgment Debtor").

4.     Attached is a true and correct copy of the Docket within the aforementioned proceedings as of June 8, 2023, referred to as "Exhibit A."

5.     Attached is a true and correct copy of the Proof of Service and Judgment Creditors' Requests for Production to Judgment Debtor Digital Marketing Advisors, referred to as "Exhibit B."

6.     Attached is a true and correct copy of the Proof of Service and Judgment Creditors' Interrogatories to Judgment Debtor Digital Marketing Advisors, referred to as "Exhibit C."

7.     Attached is a true and correct copy of an email chain between Marina Bogorad, former counsel for Judgment Creditors, and Judgment Debtor, on April 10, 2023, referred to as "Exhibit D."

8.     Attached is a true and correct copy of an email chain between Marina Bogorad and Judgment Debtor on April 10, 2023, referred to as "Exhibit E."

9.     Attached is a true and correct copy of an email chain between Marina Bogorad and Judgment Debtor's counsel, on March 31, 2023, and April 3, 2023,  referred to as "Exhibit F."

10.     Attached is a true and correct copy of an email chain received by employees of Gerard Fox Law, P.C., and Judgment Debtor's counsel, on May 1, 2023, referred to as "Exhibit G."

11.     No further communications or inquiries to my knowledge have been made by Judgment Debtor or its counsel to facilitate a meet-and-confer in connection to complying with the Hon. Michael R. Wilner's Order Compelling Discovery, which occurred on June 2, 2023.

12.     No further communications or inquiries to my knowledge have been made by Judgment

Debtor or its counsel to respond to Judgment Creditors' Requests for Production of Documents originally issued on February 13, 2023.

13.    No further communications or inquiries to my knowledge have been made by Judgment Debtor or its counsel to respond to Judgment Creditors' Interrogatories originally issued on February 13, 2023.

14.    This Declaration is brought in support of Judgment Creditors' Opposition to Matthew C. Heerde's Notice of Motion to Withdraw as Attorney, in compliance with Local Rule 7-9.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 8th day of June, 2023 in Century City, California.

_____
Gerard P. Fox, Declarant

DECL. OF GERARD P. FOX ISO JUDGMENT CREDITORS' OPP. TO HEERDE'S MOT. TO WITHDRAW

EXHIBIT – A –

ACCO,(MRWx),CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:21-cv-06888-AB-MRW

Digital Marketing Advisors v. McCandless Group, LLC et al
Assigned to: Judge Andre Birotte Jr
Referred to: Magistrate Judge Michael R. Wilner
Case in other court:  Ninth CCA, 22-56122
Cause: 28:1338 Copyright Infringement

Date Filed: 08/26/2021
Date Terminated: 04/21/2022
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

## Plaintiff

**Digital Marketing Advisors**
*a California corporation*

represented by **Matthew Charles Heerde**
Heerde Law
48 Wall Street, 31st Floor
New York, NY 10005
374-460-3588
Fax: 347-535-3588
Email: mheerde@heerdelaw.com
*ATTORNEY TO BE NOTICED*

**Chris J Zhen**
Zhen Law Firm
5670 Wilshire Boulevard No 1800
Los Angeles, CA 90036
213-935-0715
Email: chris.zhen@zhenlawfirm.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**McCandless Group, LLC**
*a Florida limited liability company*

represented by **James R. Burrell**
Gerard Fox Law PC
1880 Century Park East Suite 1410
Los Angeles, CA 90071
310-441-0500
Fax: 310-441-4447
Email: jburrell@rutan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marina Vladimir Bogorad**
Munck Wilson Mandala LLP
1925 Century Park East Suite 2300
Los Angeles, CA 90067
310-855-3311
Fax: 972-628-3616
Email: mbogorad@munckwilson.com
*TERMINATED: 04/21/2023*

Gerard P Fox
Gerard Fox Law PC
1880 Century Park East Suite 1410
Los Angeles, CA 90067
310-441-0500
Fax: 310-441-4447
Email: gfox@gerardfoxlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nicholas McCandless**                     represented by   **Marina Vladimir Bogorad**
*an individual*                                              (See above for address)
                                                             *TERMINATED: 04/21/2023*

                                                             **Gerard P Fox**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Does**                                     represented by   **Gerard P Fox**
*1-10*                                                       (See above for address)
                                                             *TERMINATED: 06/01/2023*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/26/2021 | 1 | COMPLAINT Receipt No: ACACDC-31879559 - Fee: $402, filed by Plaintiff Digital Marketing Advisors. (Attorney Chris J Zhen added to party Digital Marketing Advisors(pty:pla))(Zhen, Chris) (Entered: 08/26/2021) |
| 08/26/2021 | 2 | CIVIL COVER SHEET filed by Plaintiff Digital Marketing Advisors. (Zhen, Chris) (Entered: 08/26/2021) |
| 08/26/2021 | 3 | CERTIFICATE of Interested Parties filed by Plaintiff Digital Marketing Advisors, identifying None. (Zhen, Chris) (Entered: 08/26/2021) |
| 08/26/2021 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Digital Marketing Advisors. (Zhen, Chris) (Entered: 08/26/2021) |
| 08/26/2021 | 5 | NOTICE OF ASSIGNMENT to District Judge Andre Birotte Jr and Magistrate Judge Gail J. Standish. (esa) (Entered: 08/26/2021) |
| 08/26/2021 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (esa) (Entered: 08/26/2021) |
| 08/26/2021 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (esa) (Entered: 08/26/2021) |
| 08/26/2021 | 8 | NOTICE TO COUNSEL RE: Copyright, Patent and Trademark Reporting Requirements. Counsel shall file the appropriate AO-120 and/or AO-121 form with the Clerk within 10 days. (esa) (Entered: 08/26/2021) |
| 08/26/2021 | 9 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by Digital Marketing Advisors. (Zhen, Chris) (Entered: 08/26/2021) |

| 08/26/2021 | 10 | NOTICE OF DEFICIENCIES in Request to Issue Summons. The following error(s) was found: Duplicate summons to one defendant and both are attached together. The summons cannot be issued until this defect has been corrected. Please correct the defect and re-file your request. (esa) (Entered: 08/26/2021) |
| 08/30/2021 | 11 | STANDING ORDER upon filing of the complaint by Judge Andre Birotte Jr. (cb) (Entered: 08/30/2021) |
| 08/30/2021 | 12 | Request for Clerk to Issue Summons on Summons Request 4 , Notice of Deficiency in Request to Issue Summons, 10 filed by Plaintiff Digital Marketing Advisors. (Zhen, Chris) (Entered: 08/30/2021) |
| 08/31/2021 | 13 | 21-Day Summons Issued re Complaint 1 as to Defendant McCandless Group, LLC. (gk) (Entered: 08/31/2021) |
| 08/31/2021 | 14 | 21-Day Summons Issued re Complaint 1 as to Defendant Nicholas McCandless. (gk) (Entered: 08/31/2021) |
| 09/30/2021 | 15 | PROOF OF SERVICE Executed by Plaintiff Digital Marketing Advisors, upon Defendant McCandless Group, LLC served on 9/28/2021, answer due 10/19/2021. Service of the Summons and Complaint were executed upon Nicholas McCandless, Registered Agent in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity.Original Summons returned. (Zhen, Chris) (Entered: 09/30/2021) |
| 09/30/2021 | 16 | PROOF OF SERVICE Executed by Plaintiff Digital Marketing Advisors, upon Defendant Nicholas McCandless served on 9/28/2021, answer due 10/19/2021. Service of the Summons and Complaint were executed upon Nicholas McCandless in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Zhen, Chris) (Entered: 09/30/2021) |
| 10/19/2021 | 17 | STIPULATION Extending Time to Answer the complaint as to Nicholas McCandless answer now due 11/18/2021; McCandless Group, LLC answer now due 11/18/2021, re Complaint (Attorney Civil Case Opening) 1 filed by Defendants Nicholas McCandless; McCandless Group, LLC.(Attorney Gerard P Fox added to party Nicholas McCandless(pty:dft), Attorney Gerard P Fox added to party McCandless Group, LLC(pty:dft))(Fox, Gerard) (Entered: 10/19/2021) |
| 11/18/2021 | 18 | Second STIPULATION for Extension of Time to File Answer to November 24, 2021 re Complaint (Attorney Civil Case Opening) 1 filed by Plaintiffs Nicholas McCandless, McCandless Group, LLC. (Attachments: # 1 Proposed Order Granting Extension of Time to Respond to Initial Complaint)(Fox, Gerard) (Entered: 11/18/2021) |
| 11/22/2021 | 19 | ORDER EXTENDING TIME TO RESPOND TO INITIAL COMPLAINT TO NOVEMBER 24, 2021 18 by Judge Andre Birotte Jr. Defendants' deadline to respond to Plaintiff's Complaint is EXTENDED from November 18, 2021 to November 24, 2021. (lom) (Entered: 11/22/2021) |
| 11/24/2021 | 20 | NOTICE OF MOTION AND MOTION for Leave to file First Amended Complaint filed by Plaintiff Digital Marketing Advisors. (Attachments: # 1 Exhibit Proposed First Amended Complaint, # 2 Exhibit Redline of Proposed First Amended Complaint, # 3 Proposed Order) (Zhen, Chris) (Entered: 11/24/2021) |
| 11/29/2021 | 21 | ORDER by Judge Andre Birotte Jr: Granting 20 Plaintiff's Unopposed MOTION for Leave to File First Amended Complaint. Plaintiff must file the Proposed First Amended Complaint within 5 days of the issuance of this Order. (twdb) (Entered: 11/30/2021) |

| 11/30/2021 | 22 | FIRST AMENDED COMPLAINT against Defendant All Defendants amending Complaint (Attorney Civil Case Opening) 1 , filed by Plaintiff Digital Marketing Advisors (Attachments: # 1 Exhibit Redline Showing Changes from Original Complaint)(Zhen, Chris) (Entered: 11/30/2021) |
|---|---|---|
| 12/13/2021 | 23 | STIPULATION for Extension of Time to File Answer to January 17, 2022 re Amended Complaint/Petition, 22 filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Attachments: # 1 Proposed Order Granting Extension of Time to Respond to First Amended Complaint)(Fox, Gerard) (Entered: 12/13/2021) |
| 12/14/2021 | 24 | ORDER GRANTING EXTENSION TO RESPOND TO FIRST AMENDED COMPLAINT by Judge Andre Birotte Jr.: The Court hereby GRANTS the parties' Stipulation 23 and ORDERS that Defendants' deadline to respond to the First Amended Complaint 22 is extended to 1/17/2022. (gk) (Entered: 12/15/2021) |
| 01/13/2022 | 25 | STIPULATION for Leave to File Second Amended Complaint filed by Plaintiff Digital Marketing Advisors. (Attachments: # 1 Proposed Order, # 2 Exhibit Redline Copy of SAC showing changes, # 3 Exhibit Clean Copy of SAC)(Zhen, Chris) (Entered: 01/13/2022) |
| 01/13/2022 | 26 | SECOND AMENDED COMPLAINT against Defendants All Defendants amending Amended Complaint/Petition, 22 , filed by Plaintiff Digital Marketing Advisors (Attachments: # 1 Exhibit Redline Showing Changes)(Zhen, Chris) (Entered: 01/13/2022) |
| 01/14/2022 | 27 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Amended Complaint/Petition 26 . The following error(s) was/were found: The proposed Second Amended Complaint was submitted with the Stipulation and Proposed Order, document number 25, and should not be "Filed" absent leave of court. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 01/14/2022) |
| 01/18/2022 | 28 | ORDER GRANTING STIPULATION RE FURTHER LEAVE FOR PLAINTIFF TO FILES ITS SECOND AMENDED COMPLAINT by Judge Andre Birotte Jr.: The Court GRANTS the parties' Stipulation 25 . Plaintiff must file its Second Amended Complaint within two court days of the Order. Defendants' response to Plaintiff's Second Amended Complaint is due on or before 1/27/2022. (gk) (Entered: 01/19/2022) |
| 01/19/2022 | 29 | SECOND AMENDED COMPLAINT against Defendants All Defendants amending Amended Complaint/Petition, 22 , filed by Plaintiff Digital Marketing Advisors (Attachments: # 1 Exhibit Redline Showing Changes)(Zhen, Chris) (Entered: 01/19/2022) |
| 01/26/2022 | 30 | Notice of Appearance or Withdrawal of Counsel: for attorney Marina Vladimir Bogorad counsel for Defendants Nicholas McCandless, McCandless Group, LLC. Adding Marina V. Bogorad as counsel of record for McCandless Group, LLC and Nicholas McCandless for the reason indicated in the G-123 Notice. Filed by Defendants Marina V. Bogorad. (Attorney Marina Vladimir Bogorad added to party Nicholas McCandless(pty:dft), Attorney Marina Vladimir Bogorad added to party McCandless Group, LLC(pty:dft)) (Bogorad, Marina) (Entered: 01/26/2022) |
| 01/26/2022 | 31 | STIPULATION Extending Time to Answer the complaint as to All Defendants, re Amended Complaint/Petition 29 filed by Plaintiff Digital Marketing Advisors. (Attachments: # 1 Proposed Order)(Zhen, Chris) (Entered: 01/26/2022) |
| 01/27/2022 | 32 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Stipulation Extending Time to Answer (30 days or less) 31 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Stipulations > Extending Time to Answer (More than 30 days). The filer used the event, Stipulations > |

| | | |
|---|---|---|
| | | Extending Time to Answer (30 days or less), for docketing this filing. Rule 8-3 does not apply to answers, replies or other responses to cross-claims, counterclaims, third-party complaints or any amended or supplemental pleadings. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 01/27/2022) |
| 01/27/2022 | 33 | ORDER GRANTING STIPULATION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO SECOND AMENDED COMPLAINT by Judge Andre Birotte Jr.: The parties' Stipulation for an order granting Defendants' Extension of Time to Respond To Second Amended Complaint 31 is GRANTED. Defendant's response to the Second Amended Complaint 29 is due on or before 2/10/2022. (gk) (Entered: 01/31/2022) |
| 02/10/2022 | 34 | NOTICE Dismissal of Counts TWO and THREE of SAC filed by Plaintiff Digital Marketing Advisors. (Zhen, Chris) (Entered: 02/10/2022) |
| 02/10/2022 | 35 | NOTICE OF MOTION AND MOTION to Dismiss Case *Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint* filed by Defendants Nicholas McCandless, McCandless Group, LLC. Motion set for hearing on 3/11/2022 at 10:00 AM before Judge Andre Birotte Jr. (Attachments: # 1 Declaration Declaration of N. McCandless ISO Motion to Dismiss SAC, # 2 Proposed Order Proposed Order Granting Motion to Dismiss SAC) (Bogorad, Marina) (Entered: 02/10/2022) |
| 02/10/2022 | 36 | ORDER SETTING SCHEDULING CONFERENCE by Judge Andre Birotte Jr. Scheduling Conference set for 4/29/2022 at 10:00 AM before Judge Andre Birotte Jr. (cb) (Entered: 02/10/2022) |
| 02/14/2022 | 37 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Dismiss Case *Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint* 35 . The following error(s) was/were found: Local Rule 7.1-1 No Notice of Interested Parties and/or no copies. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 02/14/2022) |
| 02/17/2022 | 38 | (IN CHAMBERS) ORDER RE DEFICIENCIES IN DEFENDANTS MOTION TO DISMISS SECOND AMENDED COMPLAINT by Judge Andre Birotte, Jr.: Please take notice that pursuant to Local Rule 7-1.1, a notice of interested parties shall be filed upon a party's first appearance. Counsel shall file a notice of interested parties on or before February 18, 2022. Failure to file the notice may result in the document being stricken. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (vv) TEXT ONLY ENTRY (Entered: 02/17/2022) |
| 02/18/2022 | 39 | *LOCAL RULE 7.1-1* CERTIFICATION AND NOTICE of Interested Parties filed by Defendants Nicholas McCandless, McCandless Group, LLC, identifying McCandless Group, LLC and Nicholas McCandless. (Bogorad, Marina) (Entered: 02/18/2022) |
| 02/21/2022 | 40 | REPLY TO NON-OPPOSITION TO NOTICE OF MOTION AND MOTION to Dismiss Case *Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint* 35 filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Bogorad, Marina) (Entered: 02/21/2022) |
| 02/22/2022 | 41 | EX PARTE APPLICATION for Leave to file Opposition to Motion to Dismiss the Second Amended Complaint filed by Plaintiff Digital Marketing Advisors. (Attachments: # 1 |

|            |    | Declaration Declaration of Chris Zhen, # 2 Proposed Order) (Zhen, Chris) (Entered: 02/22/2022) |
|------------|----|------------------------------------------------------------------------------------------------|
| 02/22/2022 | 42 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Leave to file Opposition to Motion to Dismiss the Second Amended Complaint 41 filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Attachments: # 1 Declaration of N. McCandless ISO Defendants Opposition to Ex Parte Application, # 2 Exhibit 1 to Declaration of N. McCandless)(Bogorad, Marina) (Entered: 02/22/2022) |
| 02/22/2022 | 43 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Leave to file Opposition to Motion to Dismiss the Second Amended Complaint 41 *[CORRECTED] Opposition to Ex Parte Application* filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Attachments: # 1 Declaration of N. McCandless ISO Defendants Opposition to Ex Parte Application, # 2 Exhibit 1 to Declaration of N. McCandless)(Bogorad, Marina) (Entered: 02/22/2022) |
| 02/22/2022 | 44 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss Case *Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint* 35 filed by Plaintiff Digital Marketing Advisors. (Zhen, Chris) (Entered: 02/22/2022) |
| 02/24/2022 | 45 | ORDER ACCEPTING LATE-FILED OPPOSITION TO MOTION TO DISMISS AND CONTINUING THE HEARING DATE by Judge Andre Birotte Jr.: Upon Plaintiff's Ex Parte Application for Leave To File Late-Filed Opposition To Motion To Dismiss The Second Amended Complaint 41 , the Court accepts Plaintiff's Opposition to the Motion to Dismiss 44 . The Defendants' Reply must be filed by 3/4/2022. The hearing on the Motion to Dismiss 35 is CONTINUED to 3/25/2022 at 10:00 AM. (gk) (Entered: 02/24/2022) |
| 03/03/2022 | 46 | REPLY IN FURTHER SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Case *Defendants' Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint* 35 filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Bogorad, Marina) (Entered: 03/03/2022) |
| 03/24/2022 | 47 | (IN CHAMBERS) ORDER TAKING DEFENDANTS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT 35 UNDER SUBMISSION by Judge Andre Birotte Jr.: The Court has considered the matters raised with respect to the Motion and has concluded that pursuant to Local Rule 7.15, the matter can be decided without oral argument. The Court advises counsel that the Motion, noticed for hearing on March 25, 2022, has been taken under submission and off its motion calendar. No appearance by counsel is necessary. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 03/24/2022) |
| 03/28/2022 | 48 | MINUTES (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT by Judge Andre Birotte Jr.: Defendants' Motion to Dismiss 35 is GRANTED. Plaintiff may attempt to cure the deficiencies in this order by filing a Third Amended Complaint within 14 days of the issuance of this Order. If no Third Amended Complaint is filed, the action will be deemed dismissed with prejudice and the case will be closed. Court Reporter: N/A. (gk) (Entered: 03/29/2022) |
| 04/20/2022 | 49 | NOTICE OF LODGING filed *of [Proposed] Judgment Upon Dismissal With Prejudice* re Order on Motion to Dismiss Case, 48 (Attachments: # 1 Exhibit [Proposed] Judgment Upon Dismissal With Prejudice)(Bogorad, Marina) (Entered: 04/20/2022) |
| 04/21/2022 | 50 | ORDER (IN CHAMBERS) DISMISSING ACTION WITH PREJUDICE by Judge Andre Birotte Jr. On March 29, 2022, the Court entered an Order ("Order," Dkt. No. 48) granting Defendants' Motion to Dismiss Second Amended Complaint and giving Plaintiff leave to amend within 14 days. The Order advised the Plaintiff that if a Third Amended Complaint was not filed by the deadline, the action will be deemed dismissed with prejudice and the |

| | | case will be closed. As of the date of this Order, Plaintiff has not filed a Third Amended Complaint. The Court therefore ORDERS that this case is DISMISSED WITH PREJUDICE. IT IS SO ORDERED. (rolm) (Entered: 04/22/2022) |
|---|---|---|
| 04/21/2022 | [51](#) | JUDGMENT UPON DISMISSAL WITH PREJUDICE by Judge Andre Birotte Jr. As Plaintiff has declined to filed an amended complaint by the Court-ordered deadline, this action has been dismissed with prejudice. Therefore, pursuant to Rules 54(a) and 58(a) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment is entered in favor of Defendants and against Plaintiff, that the action is dismissed with prejudice, and that the Plaintiff takes nothing by way of its Second Amended Complaint. Defendants are awarded their costs as provided by law. (MD JS-6, Case Terminated). (rolm) (Entered: 04/22/2022) |
| 04/22/2022 | [52](#) | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Copyright. (Closing) (rolm) (Entered: 04/22/2022) |
| 05/06/2022 | [53](#) | NOTICE OF MOTION AND MOTION for Attorney Fees filed by Defendants Nicholas McCandless, McCandless Group, LLC. Motion set for hearing on 6/17/2022 at 10:00 AM before Judge Andre Birotte Jr. (Attachments: # [1](#) Declaration Decl. of G. Fox ISO Defendants Motion for Attorney Fees, # [2](#) Exhibit Ex. 1 to Decl. of G. Fox ISO Defendants Motion for Attorney Fees, # [3](#) Exhibit Ex. 2 to Decl. of G. Fox ISO Defendants Motion for Attorney Fees, # [4](#) Exhibit Ex. 3 to Decl. of G. Fox ISO Defendants Motion for Attorney Fees, # [5](#) Declaration Decl. of M. Bogorad ISO Defendants Motion for Attorney Fees, # [6](#) Declaration Decl. of P. Ajmera ISO Defendants Motion for Attorney Fees, # [7](#) Proposed Order Granting Defendants Motion for Attorney Fees) (Bogorad, Marina) (Entered: 05/06/2022) |
| 05/27/2022 | [54](#) | OPPOSITION to NOTICE OF MOTION AND MOTION for Attorney Fees [53](#) filed by Plaintiff Digital Marketing Advisors. (Attachments: # [1](#) Exhibit Declaration of Zachary Urbina, # [2](#) Exhibit Reddit email stating "account has been banned for repeat copyright infringement", # [3](#) Exhibit Reddit email of Aug 20, 2022, # [4](#) Exhibit Reddit email of Nov 10, 2022, # [5](#) Exhibit Subpoena to LinkTree, # [6](#) Exhibit LinkTree document, # [7](#) Exhibit LinkTree document, # [8](#) Exhibit Redacted copy of report to FBI Cyber Crime Task Force, # [9](#) Exhibit Declaration of Chris Zhen)(Zhen, Chris) (Entered: 05/27/2022) |
| 06/03/2022 | [55](#) | REPLY In Further Support of NOTICE OF MOTION AND MOTION for Attorney Fees [53](#) filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Bogorad, Marina) (Entered: 06/03/2022) |
| 06/15/2022 | 56 | (IN CHAMBERS) ORDER CONTINUING DEFENDANTS MOTION FOR ATTORNEYS FEES, OR, IN THE ALTERNATIVE, FOR SANCTIONS [53](#) by Judge Andre Birotte Jr. The hearing date regarding this motion is continued from June 17, 2022, to July 29, 2022, at 10:00 AM before Judge Andre Birotte Jr. SO ORDEREDTHERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 06/15/2022) |
| 07/27/2022 | 57 | (IN CHAMBERS) ORDER TAKING DEFENDANTS' MOTION FOR ATTORNEYS FEES, OR, IN THE ALTERNATIVE, FOR SANCTIONS [53](#) UNDER SUBMISSION by Judge Andre Birotte Jr.: The Court has considered the matters raised with respect to the Motion and has concluded that pursuant to Local Rule 7.15, the matter can be decided without oral argument. The Court advises counsel that the Motion, noticed for hearing on July 29, 2022, has been taken under submission and off its motion calendar. No appearance by counsel is necessary. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 07/27/2022) |
| 10/27/2022 | [58](#) | MINUTES (IN CHAMBERS) ORDER GRANTING MOTION FOR ATTORNEYS' FEES by Judge Andre Birotte Jr.: The Court GRANTS Defendants' Motion for Attorneys' Fees |

| | | |
|---|---|---|
| | [53](#) | and AWARDS them fees in the amount of $91,486.40. Plaintiff is ORDERED to pay the fees within 60 days of the issuance of this Order. Court Reporter: N/A. (gk) (Entered: 10/28/2022) |
| 11/28/2022 | [59](#) | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiff / Appellant Digital Marketing Advisors. Appeal of Order on Motion for Attorney Fees, [58](#) . (Appeal Fee - $505 Fee Paid, Receipt No. ACACDC-34382902.) (Heerde, Matthew) (Entered: 11/28/2022) |
| 11/28/2022 | [60](#) | REPRESENTATION STATEMENT re Notice of Appeal to 9th Circuit Court of Appeals, [59](#) . (Heerde, Matthew) (Entered: 11/28/2022) |
| 11/30/2022 | [61](#) | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 22-56122 assigned to Notice of Appeal to 9th Circuit Court of Appeals, [59](#) as to Plaintiff Digital Marketing Advisors. (rolm) (Entered: 12/01/2022) |
| 12/29/2022 | [62](#) | Affidavit and Request for Issuance of Writ of Execution re: Judgment,, [51](#) filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Attachments: # [1](#) Proposed Writ of Execution)(Bogorad, Marina) (Entered: 12/29/2022) |
| 01/03/2023 | [63](#) | NOTICE OF DEFICIENCY WRIT OF EXECUTION. The document is being returned to you for correction of: If there are no amounts for principal, attorney fees, costs or interest, please enter a zero (0) on each line. There is a blank space for Interest on page 1 of Form CV-23. The case number is also incomplete on that form. (gk) (Entered: 01/03/2023) |
| 01/03/2023 | [64](#) | Affidavit and Request for Issuance of Writ of Execution re: Judgment,, [51](#) filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Attachments: # [1](#) Proposed Writ of Execution **Corrected**)(Bogorad, Marina) (Entered: 01/03/2023) |
| 01/04/2023 | [65](#) | Writ of Execution issued against Digital Marketing Advisors re: Affidavit and Request for Issuance of Writ of Execution [64](#) . (gk) (Entered: 01/04/2023) |
| 01/12/2023 | [66](#) | ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals [59](#) filed by Digital Marketing Advisors. CCA # 22-56122. Pursuant to the stipulation of the parties, this appeal is voluntarily dismissed. The parties shall bear their own costs and attorneys' fees on appeal. A copy of this order shall serve as and for the mandate of this court. (gk) (Entered: 01/12/2023) |
| 04/21/2023 | [67](#) | Notice of Appearance or Withdrawal of Counsel: for attorney Gerard P Fox counsel for Defendants Nicholas McCandless, McCandless Group, LLC. Marina Bogorad is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant McCandless Group LLC and Nicholas McCandless. (Fox, Gerard) (Entered: 04/21/2023) |
| 04/28/2023 | [68](#) | [DOCUMENT STRICKEN PER ORDER ON 5/1/2023, SEE DOCKET NO. 72] NOTICE OF MOTION AND First MOTION to Compel JUDGMENT CREDITORS NOTICE OF MOTION TO COMPEL FURTHER RESPONSES TO CERTAIN REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES filed by Defendants Nicholas McCandless, McCandless Group, LLC. Motion set for hearing on 10/28/2022 at 10:00 AM before Judge Andre Birotte Jr. (Attachments: # [1](#) Memorandum JUDGMENT CREDITORS MEMORANDUM OF LAW IN LIEU OF A JOINT STIPULATION, # [2](#) Declaration JUDGMENT CREDITORS DECLARATION OF GERARD P. FOX IN SUPPORT OF ITS MOTION TO COMPEL)(Fox, Gerard) Modified on 5/2/2023 (gk). (Entered: 04/28/2023) |
| 04/28/2023 | [69](#) | [DOCUMENT STRICKEN PER ORDER ON 5/1/2023, SEE DOCKET NO. 73] REQUEST of Chris J Zhen to Withdraw as Attorney filed by Plaintiff Digital Marketing |

| | | Advisors. Request set for hearing on 5/26/2023 at 10:00 AM before Judge Andre Birotte Jr. (Attachments: # 1 Proposed Order) (Zhen, Chris) Modified on 5/2/2023 (gk). (Entered: 04/28/2023) |
|---|---|---|
| 05/01/2023 | 70 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: REQUEST of Chris J Zhen to Withdraw as Attorney 69 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. The filer set this Request for hearing on 5/26/2023 at 10:00 AM. Form G-01 does not require a hearing date. The Request indicates that Plaintiff wishes to proceed in pro se. No organization or entity of any other kind may appear in any action unless represented by an attorney permitted to practice before this Court, Local Rule 83-2.2.2. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 05/01/2023) |
| 05/01/2023 | 71 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: First MOTION to Compel JUDGMENT CREDITORS NOTICE OF MOTION TO COMPEL FURTHER RESPONSES TO CERTAIN REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES 68 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. The case is closed. Motion lacks a formally noticed hearing date, Local Rule 7-4, however, filer has placed this matter on calendar for 10/28/2022 at 10:00 AM before Judge Birotte. Clerk shall remove the outdated hearing date. This is a discovery matter and should be set before the Magistrate Judge. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 05/01/2023) |
| 05/01/2023 | 72 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: Judgment Creditors' Notice of Motion to Compel filed 4/28/2023 68 by Judge Andre Birotte Jr. The document is stricken. (gk) (Entered: 05/02/2023) |
| 05/01/2023 | 73 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: Plaintiff's Request for Approval of Substitution filed 4/28/2023 69 by Judge Andre Birotte Jr. The document is stricken. (gk) (Entered: 05/02/2023) |
| 05/02/2023 | 74 | NOTICE OF REASSIGNMENT OF CASE due to Unavailability of Judicial Officer filed. The previously assigned Magistrate Judge is no longer available. Pursuant to directive of the Chief Magistrate Judge and in accordance with the rules of this Court, the case has been returned to the Clerk for reassignment. This case has been reassigned to Magistrate Judge Michael R. Wilner for any discovery and/or post-judgment matters that may be referred. Case number will now read as 2:21-cv-06888 AB(MRWx). (rn) (Entered: 05/02/2023) |
| 05/22/2023 | 75 | NOTICE OF MOTION AND First MOTION for Hearing Post Judgment Discovery Motion *to Compel* filed by Defendants Nicholas McCandless, McCandless Group, LLC. (Attachments: # 1 Declaration Declaration, # 2 Memorandum Memorandum)(Fox, Gerard) (Entered: 05/22/2023) |
| 05/23/2023 | 76 | ORDER RE: DISCOVERY MOTION by Magistrate Judge Michael R. Wilner, re First MOTION for Hearing Post Judgment Discovery Motion to Compel 75 . The motion will be set for hearing on Wednesday, June 14, at 9:30 a.m. DMA's response to the discovery motion and its explanation of its failure to comply with Local Rule 37 will be due by May 31. McCandless's optional reply submission will be due by June 7. (see document for further details) (hr) (Entered: 05/23/2023) |

| 05/23/2023 | [77](#) | [DOCUMENT STRICKEN PER ORDER ON 5/25/23 SEE DOCKET NO. 79] NOTICE OF MOTION AND MOTION of Matthew Charles Heerde to Withdraw as Attorney *for Plaintiff* filed by Plaintiff Digital Marketing Advisors. Motion set for hearing on 5/31/2023 at 09:30 AM before Magistrate Judge Michael R. Wilner. (Attachments: # [1](#) Declaration Declaration of Matthew C. Heerde, # [2](#) Declaration Declaration of Zachary Urbina / Plaintiff) (Heerde, Matthew) Modified on 5/25/2023 (rolm). (Entered: 05/23/2023) |
|---|---|---|
| 05/24/2023 | [78](#) | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION of Matthew Charles Heerde to Withdraw as Attorney *for Plaintiff* [77](#) . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. Hearing information is missing, incorrect, or untimely. The hearing date of 5/31/2023 at 9:30 AM is untimely pursuant to Local Rule 6-1; also, Judge Birotte hears civil motions on Fridays at 10:00 AM. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 05/24/2023) |
| 05/25/2023 | [79](#) | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: NOTICE OF MOTION AND MOTION of Matthew Charles Heerde to Withdraw as Attorney *for Plaintiff* [77](#) by Judge Andre Birotte Jr. The document is stricken. (rolm) (Entered: 05/25/2023) |
| 06/01/2023 | [80](#) | NOTICE OF MOTION AND MOTION of Matthew C. Heerde to Withdraw as Attorney filed by Plaintiff Digital Marketing Advisors. Motion set for hearing on 6/30/2023 at 10:00 AM before Judge Andre Birotte Jr. (Attachments: # [1](#) Declaration of Matthew C. Heerde in support, # [2](#) Exhibit 1 to Heerde Declaration, # [3](#) Declaration of Zachary Urbina in support, # [4](#) Proposed Order) (Heerde, Matthew) (Entered: 06/01/2023) |
| 06/01/2023 | [81](#) | NOTICE OF NON-OPPOSITION filed by Defendants Does, Nicholas McCandless, McCandless Group, LLC. (Attorney Gerard P Fox added to party Does(pty:dft))(Fox, Gerard) (Entered: 06/01/2023) |
| 06/02/2023 | [82](#) | ORDER COMPELLING DISCOVERY by Magistrate Judge Michael R. Wilner: Plaintiff failed to file a timely response to the motion or the Court's order.(Docket # 81.) As a result, the Judgment Creditor's unopposed motion to compel discovery is GRANTED. Plaintiff DMA is ordered to produce all responsive records and answer all interrogatories without objections by June 20. The hearing on the discovery motion (presently set for June 14) is VACATED. (et) (Entered: 06/05/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/08/2023 08:59:29 | | |
| **PACER Login:** | gfox90067 | **Client Code:** | 1823.2119 |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-cv-06888-AB-MRW End date: 6/8/2023 |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

# EXHIBIT – B –

GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
MARINA V. BOGORAD (SBN 217524)
mbogorad@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Tel: (310) 441-0500
Fax: (310) 441-4447

Attorneys for Judgment Creditors
McCandless Group, LLC
and Nicholas McCandless

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Digital Marketing Advisors,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>McCandless Group, LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:21-cv-06888<br><br>Hon. Andre Birotte Jr.<br><br>**JUDGMENT CREDITORS'<br>REQUESTS FOR PRODUCTION TO<br>JUDGMENT DEBTOR DIGITAL<br>MARKETING ADVISORS** |

McCANDLESS GROUP LLC AND NICHOLAS McCANDLESS, judgment creditors herein, pursuant to Rule 34 and 69 of the Federal Rules of Civil Procedure, hereby direct that judgment debtor DIGITAL MARKETING ADVISORS produce for inspection and copying the documents identified below at Gerard Fox Law P.C., 1880 Century Park E #1410, Los Angeles, CA, 9006, on March 20, 2023 at 11:00 a.m.

A written response to these requests for production ("Demand") is required under Fed.R.Civ.P., Rule 34, and is to be served by March 20, 2023.

### **DEFINITIONS AND INSTRUCTIONS**

With respect to any document which is called for by this Demand in which you contend you are not required to produce because of a claim of privilege which you are not presently prepared to waive, or as to which you are otherwise objecting to production, describe each such document with sufficient particularity to permit the court to make full determination as to whether the claim of privilege or other reason for refusing production is valid, including, without limitation, its (a) date; (b) author; (c) address of recipient; (d) persons to whom copies were furnished; (e) subject matter (without revealing the information as to which the privilege is claimed); (f) privilege which you claim; and (g) the names of all persons who have seen the originals or copies of such documents.

Unless otherwise specified, or the context of the Demand requires otherwise, responses to this Demand for production shall be governed by the following:

1.    "YOU" OR "YOUR" means DIGITAL MARKETING ADVISORS and ZACHARY URBINA, the person to whom this Demand is directed, and to each and any of YOUR representatives, agents, employees, associates, spouse or other such persons subject to YOUR direction or control.

2.    "DOCUMENT" means any written, printed, typed, drawn, hand-written, recorded, graphic, or photographic matter of any kind, whether produced or reproduced, whether or not sent or received, whether private or confidential, wherever located, including all writings within the scope of the term provided under the applicable rules.

3.    The term "DOCUMENTS" means each and every document known to YOU and every document in the possession, custody or control of YOU, YOUR employees or other representatives and agents, or otherwise subject to YOUR custody and control including YOUR attorney, whether they are located in YOUR office, home, or any other place wherever such documents are located.

## **DOCUMENTS TO BE PRODUCED**

1.      All DOCUMENTS, including but not limited to monthly, quarterly, or other periodic statements, cancelled checks, deposit slips, wire transfers, etc. regarding any domestic or foreign bank or other financial account, regardless of how such account is titled, over which YOU had signatory authority or other such control at any time during the period from August 2021 to present.

2.      Copies of all credit, debit and/or ATM card statements of account, wherever located and regardless of whose name appears on the account(s), from August 2021 to present, for such card(s) which you use or which you have signatory authority or other such control.

3.      Copies of all receipts, statements, deposit slips, wire transfer memoranda, debit slips, electronic mail messages, and other such documents reflecting any funds, stock and, or property having a value in excess of $1,000.00 transferred by: (a) YOU (individually or in any capacity); and (b) YOUR members, owners, officers, directors, Board of Directors or managers (individually or in any capacity) from August 2021 to present.

4.      Copies of all correspondence, notes, memoranda, written by YOU or received by YOU regarding any account(s) identified in response to Document Request Nos. 1 through 3 above.

5.      Copies of all DOCUMENTS signed by YOU establishing, modifying, amending or pertaining to any domestic and/or foreign trust in which YOU are a settlor, trustee, trust protector, and/or beneficiary since August 2021 to present.

6.      Copies of any DOCUMENTS reflecting that YOU have an interest or serve as officer, director, shareholder, member and/or agent for service of process in any other entity, including any corporation, limited liability company, partnership or joint venture.

7.      Copies of all DOCUMENTS, including but not limited to, correspondence, wire transfers, memoranda, notes, statements from brokerage, bank or other financial accounts, etc., regarding the purchase, transfer and sale of any property, including real estate, intellectual property or personal property from August 2021 to present.

8.      Copies of all journals, books, receipts, and other such documents reflecting, stating, identifying, and/or describing: (a) assets located in the United States which YOU possess or control directly or through other persons, entities, or nominees; and (b) assets located outside the United States which YOU possess or control directly or through other persons, entities, or nominees.

9.      Copies of all letters, notes, memoranda, and other such DOCUMENTS sent or written by YOU to any attorney (including foreign attorneys) regarding the disposition, transfer, purchase, or sale of any asset owned by YOU or held on YOUR behalf from August 2021 to present.

10.     Copies of all DOCUMENTS which constitute those identified or referred to in the judgment creditors' Interrogatories addressed to YOU and served simultaneously with this Demand or in the response to those Interrogatories.

11.     Copies of all stock, bond or other investment certificates in which YOU have or had an interest from August 2021 to present.

12.     Copies of YOUR federal and state income tax returns for years 2021 and 2022.

13.     Copies of all financial statements and/or loan applications prepared by YOU or on YOUR behalf from August 2021 to present.

14.     Copies of all deeds, deeds of trust, promissory notes, mortgages, leases, conditional sales contracts and title policies executed by YOU and/or that were in effect at any time from August 2021 to present.

15.     Copies of all insurance polices and declarations maintained by YOU, YOUR owners, members, directors, officers or managers, or on YOUR behalf, regardless of whether YOU are the owner or beneficiary of the policy, in effect at any time from August 2021 to present.

16.     All DOCUMENTS reflecting YOUR ownership or interest in any real estate.

17.     All DOCUMENTS showing YOUR corporate structure, including, without limitation, all formation agreements, management agreements, limited liability company agreements and all documents filed with the Secretary of State of California.

18.     All DOCUMENTS reflecting corporate formalities as followed by YOU under the applicable statutes, including minutes of meetings of YOUR Board of Directors, corporate resolutions, management meetings or owner consents to any action undertaken by YOU since August 2021 to present.

19.     All DOCUMENTS reflecting YOUR independent existence from Zachary Urbina.

20.     All DOCUMENTS reflecting every aspect of Zachary Urbina's involvement or participation in YOUR management or ownership.

21.     All DOCUMENTS reflecting any and all lawsuits filed by, on behalf of, or against YOU within the past five years.

22.     All DOCUMENTS reflecting all YOUR recent balance sheets and profit-and-loss statements from August 2021 to present.

23.     All DOCUMENTS reflecting YOUR cash receipts journal, cash disbursement journal, general ledger, accounts receivable journal, and accounts payable journal from August 2021 to present.

24.     All DOCUMENTS evidencing YOUR contracts for services including, without limitation, performance contracts, writing contracts, production contracts or intellectual property contracts.

25.     Copies of all DOCUMENTS relating to liens that YOU have filed relating to any lawsuits in California.


DATED: February 13, 2023          GERARD FOX LAW P.C.

                                  _____

                                  GERARD P. FOX

                                  Attorneys for Judgment Creditors

## **PROOF OF SERVICE**

1

2    I, Crusita Molina, am employed in the County of Los Angeles, in the State of California.  I am over the age of 18 and not a party to the above referenced matter.  My business address is:  GERARD FOX LAW, P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067.  On February 13, 2023, I served the following documents, described as :

3

4    1.  **JUDGMENT CREDITORS' REQUESTS FOR PRODUCTION TO JUDGMENT DEBTOR DIGITAL MARKETING ADVISORS**

5

6    on the person(s) listed in the attached Service List.  The document was served by the following means:

| | |
|---|---|
| ☐ | **By personal service**.  I personally delivered the document to the persons at the addresses listed in the attached Service List.  For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m.  For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☐ | **By United States mail**.  I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☒ | **By overnight delivery**.  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**.  I served the documents by placing them in an envelope or packing and providing them to the persons at the addresses listed in the attached Service List to and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**.  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed, is attached. |
| ☐ | **By electronic service**:  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

25    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26

27    Date: February 13, 2023    _____

28    Crusita Molina

---

Proof of Service

## SERVICE LIST

| | |
|---|---|
| Matthew Heerde<br>Heerde Law<br>48 Wall Street, 31st Floor<br>New York, NY 10005 | |
| Chris Zhen<br>Zhen Law Firm<br>5670 Wilshire Blvd, Suite 1800<br>Los Angeles, CA 90036 | |
| Chris Zhen<br>Steckler Wayne Cherry & Love<br>8416 Old McGregor Road<br>Waco, Texas 76712 | |
| Digital Marketing Advisors<br>200 S. Barrington Avenue, #491451<br>Los Angeles, CA 90049 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

EXHIBIT – C –

GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
MARINA V. BOGORAD (SBN 217524)
mbogorad@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Tel: (310) 441-0500
Fax: (310) 441-4447

Attorneys for Judgment Creditors
McCandless Group, LLC
and Nicholas McCandless

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Digital Marketing Advisors,<br><br>Plaintiff,<br><br>v.<br><br>McCandless Group, LLC, *et al.*,<br><br>Defendants. | Case No.: 2:21-cv-06888<br><br>Hon. Andre Birotte Jr.<br><br>**JUDGMENT CREDITORS' INTERROGATORIES TO JUDGMENT DEBTOR DIGITAL MARKETING ADVISORS** |

McCANDLESS GROUP LLC AND NICHOLAS McCANDLESS, judgment creditors herein and pursuant to Rules 69 and 33 of the Federal Rules of Civil Procedure, submit the following interrogatories to judgment debtor DIGITAL MARKETING ADVISORS.  Each interrogatory is to be answered fully and under oath or under the penalty of perjury, with such answers returned to the undersigned at his address listed

above on or before **35 DAYS FROM RECEIPT OF THESE INTERROGATORIES**. The term "you," "yourself," and "your" shall refer to Digital Marketing Advisors and any attorneys or agents who acted behalf on its behalf

**INTERROGATORY NUMBER 1**

Identify by name, address and telephone number each and every domestic and foreign bank and/or financial institution in which you have an account, where you made deposits or over which you have signatory authority or other such control, and provide the account number, type of account, and account balance from August 2021 to present. In addition, identify the record owner or title of the account.

**INTERROGATORY NUMBER 2**

State whether you rent or have access to a safety deposit box titled in your name or in any other name. If so, state the name and address of the bank or other financial institution at which the safety deposit box is maintained, the name and address of the person under whose name the box is rented, and list and describe in detail the contents of the box as of the date that these interrogatories were served as set forth on the attached certificate of service.

**INTERROGATORY NUMBER 3**

Furnish the following financial information with respect to yourself as of the date of your answer: as to each category listed below, please provide cost ($) and current fair market value.

(a) Assets

(1) cash

(2) cash surrender value of insurance

(3) accounts receivable

(4) notes receivable

(5) merchandise inventory

(6) real estate

(7) furniture and fixtures

(8) machinery and equipment

(9) trucks and delivery equipment

(10) automobiles

(11) stocks, bonds, or other securities

(12) annuities

(13) gold

(14) silver

(15) jewelry

(b) Liabilities

(1) loans or insurance

(2) accounts payable

(3) notes payable

(4) mortgages

(5) accrued real estate taxes

(6) judgments

(7) reserves

**INTERROGATORY NUMBER 4**

Provide the following information relating to insurance policies now in force and owned directly or indirectly by you: Number of Policy, Name of Company, Amount of Policy, and Present Cash/Surrender Value.

**INTERROGATORY NUMBER 5**

If any of the policies listed in your answer to the preceding interrogatory are assigned or pledged on indebtedness, except with insurance companies, provide the following

information about each policy: Policy Number Assigned or Pledged, Name & Address of Pledgee or Assignee, Amount of Indebtedness and Date Pledged or Assigned.

**INTERROGATORY NUMBER 6**

Do you have any accounts receivable or notes receivable? If so, set forth the name, address and telephone number of the person or entity that is indebted to you, and provide the amount of each account or note receivable

**INTERROGATORY NUMBER 7**

Do you currently own, claim an interest in, or possess any real property, including through trust, agency agreement or otherwise?  If your answer to this interrogatory is in the affirmative, state or identify:

(a) the property's address;

(b) the type of property (i.e., house, condominium, etc.);

(c) the cost of the property at the time purchased;

(d) present fair market value of the property;

(e) any encumbrances against the property and the balance, if any, of the encumbrance (i.e., mortgage, etc.);

(f) how you titled the property upon its purchase or acquisition;

(g) how the property is currently titled.

**INTERROGATORY NUMBER 8**

Do you own or use any fixtures, furniture, machinery, equipment, computer equipment, trucks or automobiles? If your answer is in the affirmative, please set forth the following information: as to each category listed below, please provide cost, liquidation value, amount of indebtedness if pledged, date pledged and current owner.

(1) Furniture/ fixtures (business)

(2) Computer equipment

(3) Other machinery/equipment (specify)

(4) Trucks (specify make, model, VIN, year)

(5) Automobiles (specify make, model, VIN, year)

## INTERROGATORY NUMBER 9

Do you own any intellectual property rights, including copyrights, trademarks or patents? If your answer is in the affirmative, please set forth the following information: as to each right owned, please identify the right, acquisition cost, liquidation value, amount of indebtedness if pledged, date pledged and current owner.

## INTERROGATORY NUMBER 10

Have you directly or indirectly transferred, conveyed or disposed of any cash, assets or other items of value with a cost or fair market value of $1,000.00 or more during the period of October 2022 to present?  If your answer to this interrogatory is in the affirmative, provide the following information for each such item: description of property or asset, date of transfer, fair market value when transferred, consideration received, name/address of transferee and your relation to that transferee.

## INTERROGATORY NUMBER 11

Do you have any life interest or remainder interest, either vested or contingent, in any trust or estate, or are you a beneficiary of any trust?  If so, please furnish the following information and identify all supporting documentation: name of trust or estate, present value of assets, value of your interests, and amounts received.

## INTERROGATORY NUMBER 12

Have you any other assets or an interest in assets, either actual or contingent, other than those listed in the previous interrogatory requests?  If so, please describe the assets in detail, identify the location of the asset, and state the current fair market value of each

1  such asset.

2

3  **INTERROGATORY NUMBER 13**

4  Have you prepared a financial statement within the last five years? If so, state:

5  (a) to whom the statement was given;

6  (b) the reason the statement was prepared;

7  (c) the date of the statement;

8  (d) the name, address and telephone number of all persons who have a copy of such

9  statement.

10

11  **INTERROGATORY NUMBER 14**

12  State the name and address of anyone who holds your power of attorney, or for whom

13  you hold power of attorney.

14

15  **INTERROGATORY NUMBER 15**

16  State the name and address of each company in which Digital Marketing Advisors owns

17  an interest, including the number of employees in each company and the interest owned.

18

19  **INTERROGATORY NUMBER 16**

20  Identify every legal action in which you have been a party in the last five years, including,

21  but not limited to the title of the action, the name of the court, the docket number or date

22  the action was filed, a brief description of the nature of the action, and the result of the

23  legal action (e.g. judgment against a certain amount).

24

25  **INTERROGATORY NUMBER 17**

26  Identify all owners, managers, directors and officers of Digital Marketing Advisors for

27  the last five years, including each owner, director, manager or officer's name or title,

28  address, phone number, email and ownership interest or management duties.

**INTERROGATORY NUMBER 18**

Identify all individuals with access and control over Digital Marketing Advisors' funds and assets, including name or title, address, phone number, email and manner of access/control.

**INTERROGATORY NUMBER 19**

Identify any debts currently owed by Digital Marketing Advisors, including name of debtor, address, phone number, email, date of debt incurred, nature of debt and amount of debt.

**INTERROGATORY NUMBER 20**

Describe the process of decision making for any acts undertaken by Digital Marketing Advisors as a company in the last five years, including all persons or entities involved in making its decisions and the corporate formalities involved in the decision making process.

**INTERROGATORY NUMBER 21**

Identify all persons or entities that control or direct your operations for the last five years.

**INTERROGATORY NUMBER 22**

Identify any aspect of your creation, operation, decision making, actions taken or your control that does not involve Zachary Urbina.

DATED: February 13, 2023          GERARD FOX LAW P.C.

GERARD P. FOX

Attorneys for Judgment Creditors

### PROOF OF SERVICE

I, Crusita Molina, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above referenced matter. My business address is: GERARD FOX LAW, P.C., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On February 13, 2023, I served the following documents, described as:

1. **JUDGMENT CREDITORS' INTERROGATORIES TO JUDGMENT DEBTOR DIGITAL MARKETING ADVISORS**

on the person(s) listed in the attached Service List. The document was served by the following means:

| | |
|---|---|
| ☐ | **By personal service**. I personally delivered the document to the persons at the addresses listed in the attached Service List. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m. For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☐ | **By United States mail**. I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☒ | **By overnight delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**. I served the documents by placing them in an envelope or packing addressed to the persons at the addresses listed in the attached Service List and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached. |
| ☐ | **By electronic service**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 13, 2023

_____
Crusita Molina

**SERVICE LIST**

| | |
|---|---|
| Matthew Heerde<br>Heerde Law<br>48 Wall Street, 31st Floor<br>New York, NY 10005 | |
| Chris Zhen<br>Zhen Law Firm<br>5670 Wilshire Blvd, Suite 1800<br>Los Angeles, CA 90036 | |
| Chris Zhen<br>Steckler Wayne Cherry & Love<br>8416 Old McGregor Road<br>Waco, Texas 76712 | |
| Digital Marketing Advisors<br>200 S. Barrington Avenue, #491451<br>Los Angeles, CA 90049 | |

PROOF OF SERVICE

EXHIBIT – D –

## Reed Shankwiler

| | |
|---|---|
| **From:** | Marina Bogorad |
| **Sent:** | Monday, April 10, 2023 12:30 PM |
| **To:** | Zachary Elliot |
| **Cc:** | Lue Wahjudi |
| **Subject:** | FW: Digital Marketing Advisors v. McCandless, C.D. Cal. 21-cv-06888: Debtor's Failure to Serve Discovery Responses |
| **Attachments:** | PROOF OF SERVICE Prod Request.pdf; 2023.02.13 - dma debtor prod requests.pdf |

I will forward them in parts. Part 1.

---

**From:** Zachary Elliot <ze@shorethang.media>
**Sent:** Monday, April 10, 2023 12:28 PM
**To:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
**Cc:** Lue Wahjudi <lwahjudi@gerardfoxlaw.com>
**Subject:** Re: Digital Marketing Advisors v. McCandless, C.D. Cal. 21-cv-06888: Debtor's Failure to Serve Discovery Responses

" Warning, External Sender"
Marina,

So sorry, but if the questions you sent were attachments, they didn't make it through

I'm currently traveling and my phone doesn't have a solid connection

I'm reasonably confident you'd never try anything unethical or surreptitious w/r/t our good faith negotiations, so I look forward to speaking again soon

Sent from my iPhone

> On Apr 10, 2023, at 12:47 PM, Marina Bogorad <mbogorad@gerardfoxlaw.com> wrote:
>
> Zach, I understand you no longer have representation in this case. Please correct me if I am wrong. We have never received any responses to the attached requests. Please advise whether we should expect any responses and when.
>
> Best,
> Marina

EXHIBIT – E –

**Reed Shankwiler**

| | |
|---|---|
| **From:** | Marina Bogorad |
| **Sent:** | Monday, April 10, 2023 1:14 PM |
| **To:** | Zachary Elliot |
| **Cc:** | Lue Wahjudi |
| **Subject:** | RE: Digital Marketing Advisors v. McCandless, C.D. Cal. 21-cv-06888: Debtor's Failure to Serve Discovery Responses |

Zach, we served discovery, and if there are no answers, we have to follow court procedure to get them. I am required to check with you if answers will be forthcoming.  If your current email does not accept attachments, do you want to give me another email? Alternatively, we can serve them again by FedEx, let me know where.

**From:** Zachary Elliot <ze@shorethang.media>
**Sent:** Monday, April 10, 2023 12:56 PM
**To:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
**Subject:** Re: Digital Marketing Advisors v. McCandless, C.D. Cal. 21-cv-06888: Debtor's Failure to Serve Discovery Responses

" Warning, External Sender"
Still nothing.. I'm at the CDMX airport and service is lousy

My bs radar is going off, so I recommend a Zoom, at you next earliest convenience to clear the air

Sent from my iPhone


> On Apr 10, 2023, at 1:31 PM, Marina Bogorad <mbogorad@gerardfoxlaw.com> wrote:


> Part 2.


> **From:** Zachary Elliot <ze@shorethang.media>
> **Sent:** Monday, April 10, 2023 12:28 PM
> **To:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
> **Cc:** Lue Wahjudi <lwahjudi@gerardfoxlaw.com>
> **Subject:** Re: Digital Marketing Advisors v. McCandless, C.D. Cal. 21-cv-06888: Debtor's Failure to Serve Discovery Responses

> " Warning, External Sender"
> Marina,

> So sorry, but if the questions you sent were attachments, they didn't make it through

> I'm currently traveling and my phone doesn't have a solid connection

> I'm reasonably confident you'd never try anything unethical or surreptitious w/r/t our good faith negotiations, so I look forward to speaking again soon

> Sent from my iPhone

1

On Apr 10, 2023, at 12:47 PM, Marina Bogorad <mbogorad@gerardfoxlaw.com> wrote:

Zach, I understand you no longer have representation in this case. Please correct me if I am wrong. We have never received any responses to the attached requests. Please advise whether we should expect any responses and when.

Best,
Marina

EXHIBIT – F –

**Reed Shankwiler**

| | |
|---|---|
| **From:** | Matthew Heerde <mheerde@heerdelaw.com> |
| **Sent:** | Monday, April 03, 2023 4:52 PM |
| **To:** | Marina Bogorad; chris@swclaw.com |
| **Cc:** | Kathryn Lunn; Lue Wahjudi; Reed Shankwiler; Ryan Dolan |
| **Subject:** | Re: Digital Marketing Advisors v. McCandless, C.D. Cal. 21-cv-06888: Debtor's Failure to Serve Discovery Responses |

" Warning, External Sender"

Marina,

I will be filing a motion to withdraw as counsel for plaintiff in this matter, and do not represent plaintiff any longer in this matter.

Matthew Heerde, Esq.
**HEERDE LAW PLLC**
48 Wall Street 31st Floor | New York, NY 10005
Phone: (347) 460-3588 | Fax: (347) 535-3588
mheerde@heerdelaw.com | www.heerdelaw.com
-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

NOTICE: This e-mail and any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient, any dissemination, distribution or copying of this e-mail and its attachments is strictly prohibited. If you receive this transmission in error, please immediately notify the sender by telephone or e-mail and permanently delete this e-mail and its attachments and destroy any printout thereof.

**From:** Marina Bogorad <mbogorad@gerardfoxlaw.com>
**Date:** Friday, March 31, 2023 at 4:42 PM
**To:** Matthew Heerde <mheerde@heerdelaw.com>, chris@swclaw.com <chris@swclaw.com>
**Cc:** Kathryn Lunn <klunn@gerardfoxlaw.com>, Lue Wahjudi <lwahjudi@gerardfoxlaw.com>, Reed Shankwiler <rshankwiler@gerardfoxlaw.com>, Ryan Dolan <rdolan@gerardfoxlaw.com>
**Subject:** Digital Marketing Advisors v. McCandless, C.D. Cal. 21-cv-06888: Debtor's Failure to Serve Discovery Responses

Matt & Chris,

As both of you are still on the docket as counsel of record for this matter, I am directing this inquiry to both of you (if you do not represent Plaintiff in this matter any longer, please advise ASAP).

We received no responses to the attached discovery requests.  Please advise if Plaintiff intends to provide responses.  If it does not, we intend to move to compel.  Under the applicable rules, we have to hold a conference before April 10 to

discuss our motion.  Accordingly, if Plaintiff does not intend to respond, please reply to all on this email (as I will not be in the office next week) to provide a date and time that works for such a conference.

Best,
Marina


Marina V. Bogorad
Partner
GERARD FOX LAW P.C.
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
mbogorad@gerardfoxlaw.com
(310) 441-0500

Los Angeles, CA  |  New York, NY


This email is from a law firm.  It may contain confidential information.  If you are not the intended recipient, please call to let us know you received this email by mistake.  Please then delete this email and any attachments from your computer.  Do not save, forward, print, copy or share this email (or any attachments) with anyone else.  Any unauthorized copying or dissemination may result in civil liability.  Attachments, opinions, conclusions and other information in this message that do not relate to the official business of this firm shall be understood as neither given nor endorsed by it.  No attorney-client relationship can be created solely as a result of inquiry by email. Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

EXHIBIT – G –

| | |
|---|---|
| **From:** | chris.zhen@zhenlawfirm.com |
| **To:** | Lue Wahjudi; mheerde@heerdelaw.com; ze@shorethang.media |
| **Cc:** | Reed Shankwiler; Kathryn Lunn; Heather Kyles; Adriana Diaz |
| **Subject:** | RE: 2:21-CV-06888: Digital Marketing Advisors v. McCandless Group LLC |
| **Date:** | Monday, May 01, 2023 1:06:10 PM |
| **Attachments:** | image001.png |

" Warning, External Sender"

FYI, I'm no longer representing Digital Marketing Advisors. I haven't received any instructions regarding your motion, and I don't expect that I'll receive any instructions either.

-
Chris

*This email and any attachments may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or its attachments) by others is prohibited.  If you are not the intended recipient, please contact the sender and delete the original and any copies of this email and its attachments.*

Chris J. Zhen
**ZHEN LAW FIRM**
Los Angeles, CA
chris.zhen@zhenlawfirm.com
213.935.0715

---

**From:** Lue Wahjudi <lwahjudi@gerardfoxlaw.com>
**Sent:** Friday, April 28, 2023 1:46 PM
**To:** mheerde@heerdelaw.com; Chris.zhen@zhenlawfirm.com; chris@swclaw.com; ze@shorethang.media
**Cc:** Reed Shankwiler <rshankwiler@gerardfoxlaw.com>; Kathryn Lunn <klunn@gerardfoxlaw.com>; Heather Kyles <hkyles@gerardfoxlaw.com>; Adriana Diaz <adiaz@gerardfoxlaw.com>
**Subject:** 2:21-CV-06888: Digital Marketing Advisors v. McCandless Group LLC

Deal Counsel,
Please see attached.

**Lue Wahjudi**
Litigation Paralegal
Gerard Fox Law P.C.
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
lwahjudi@gerardfoxlaw.com
www.gerardfoxlaw.com
T: (310)441-0500
F: (310)441-4447

Additional locations:

New York, NY



CONFIDENTIAL AND PRIVILEGED COMMUNICATION: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. Interception of e-mail is a crime under the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and 2701-2709. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy.

EXHIBIT – 2 –

Matthew C. Heerde (SBN 241771)
mheerde@heerdelaw.com
HEERDE LAW PLLC
48 Wall Street 31st Floor
New York, New York 10005
Telephone: 347-460-3588
Facsimile: 347-535-3588
*Attorneys for Plaintiff Digital Marketing Advisors*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| DIGITAL MARKETING ADVISORS, a California corporation, | Case No. 2:21-cv-06888-AB-GJS |
| *Plaintiff,* | **NOTICE OF MOTION TO WITHDRAW AS ATTORNEY** |
| vs. | |
| MCCANDLESS GROUP, LLC, a Florida limited liability company, NICHOLAS MCCANDLESS, an individual, DOES 1 – 10, | |
| *Defendants.* | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday June 30, 2023 at 10:00 am, or as soon thereafter as counsel may be heard, in the United States District Court for the

1

Central District of California, the Honorable André Birotte, District Judge presiding, the undersigned Matthew C. Heerde will and hereby does move the Court for an order permitting Matthew C. Heerde to withdraw as attorney from representing Plaintiff in this action, and for such other and further relief as this Court deems just and proper.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 25, 2023, and is brought pursuant to Local Rule 83-2.3 and is based on the grounds that good cause exists to grant this motion, as follows:

- Plaintiff consents to Mr. Heerde's withdrawal from this case, and Plaintiff has been made aware of the consequences of its inability to proceed pro se;

- Plaintiff's engagement of Mr. Heerde's services was limited to an appeal that has been dismissed, and Plaintiff's engagement of Mr. Heerde's services has ended;

- Plaintiff's does not intend to engage or pay for Mr. Heerde to represent Plaintiff in this action or with respect to any judgment enforcement procedures;

- Plaintiff's counsel Chris Zhen, who filed the complaint in this action on behalf of Plaintiff and has represented Plaintiff for the duration of this

NOTICE OF MOTION TO WITHDRAW AS ATTORNEY

action, remains counsel of record for Plaintiff and can continue to

represent Plaintiff;

Respectfully submitted:

New York, New York
June 1, 2023                    HEERDE LAW PLLC

                               /s/ Matthew C. Heerde
                           By: Matthew C. Heerde (SBN 241771)
                               mheerde@heerdelaw.com
                               48 Wall Street 26th Floor
                               New York, NY 10005
                               Tel: 347-460-3588
                               Fax: 347-535-3588
                               *Attorneys for Plaintiff Digital
                               Marketing Advisors*

**NOTICE OF MOTION TO WITHDRAW AS ATTORNEY**

Matthew C. Heerde (SBN 241771)
  mheerde@heerdelaw.com
HEERDE LAW PLLC
48 Wall Street 26th Floor
New York, New York 10005
Telephone: 347-460-3588
Facsimile:  347-535-3588
*Attorneys for Plaintiff Digital Marketing Advisors*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| DIGITAL MARKETING ADVISORS, a California corporation, | Case No. 2:21-cv-06888-AB-GJS |
| *Plaintiff/Judgment Debtor,* | **DECLARATION OF MATTHEW C. HEERDE IN SUPPORT OF MOTION TO WITHDRAW** |
| vs. | |
| MCCANDLESS GROUP, LLC, a Florida limited liability company, NICHOLAS MCCANDLESS, an individual, DOES 1 – 10, | |
| *Defendants/Judgment Creditors.* | |

I, Matthew C. Heerde, declare the following under penalty of perjury of the laws of the United States of America:

**DECLARATION OF MATTHEW C. HEERDE**

1.     I am the principal attorney of Heerde Law PLLC, presently one of the two counsel of record for Plaintiff in this action.  I make this declaration in support of my motion to withdraw from representing Plaintiff/Judgment Creditor Digital Marketing Advisors in this action.  I have personal knowledge of the facts stated in this declaration.

2.     Digital Marketing Advisors engaged me only to file an appeal of the Court's October 27, 2022 Order granting attorney fees (Docket No. 58).  That appeal was dismissed on January 11, 2023 by stipulation with Defendants.

3.     Plaintiff has not engaged or paid for my firm's services representing Plaintiff in this District Court in this action; and Plaintiff will not be engaging or paying for my firm's services representing Plaintiff in this District Court with respect to any judgment enforcement procedures by Defendants.  Plaintiff's account with my office is currently in arrears and has been for several months.

4.     Per Local Rule 83-2.3.4, I have informed Plaintiff's owner Zachary Urbina of the consequences of Plaintiff's inability to proceed pro se.  As noted in his sworn declaration, Mr. Urbina has acknowledged that he understands the consequences of Plaintiff's inability to proceed pro se.

5.     On April 3, 2023, I emailed counsel for Defendants/Judgment Creditors informing them that I would be moving to withdraw from representing

2

**DECLARATION OF MATTHEW C. HEERDE**

Plaintiff in this action.  Counsel did not reply or indicate any opposition to my

moving to withdraw.

6.      On May 25, 2023, pursuant to Local Rule 7-3, I telephoned counsel

for Defendants/Judgment Creditors, Ashley Morris, but I was unable to reach her

or her associate by phone.  Thus, I emailed Ms. Morris, attaching my proposed

notice of this motion to withdraw and a proposed order, seeking counsel's consent

to my office's withdrawal from representing plaintiff, and seeking consent for me

to appear telephonically on the hearing of this motion.  About 40 minutes later,

Attorney Ashley Morris responded to my email, stating that Defendants/Judgment

Creditors "intend to oppose any motion for relief to withdraw as counsel.  We

believe that the presence of counsel is necessary to obtain the information we need

related to the judgment."  Ms. Morris indicated consent to my telephonic

appearance at the hearing of this motion.  Attached hereto as **Exhibit 1** is a true

and correct copy of my email correspondence with counsel for

Defendants/Judgment Creditors.

7.      At the time of this filing, Attorney Chris Zhen remains counsel of

record in this action for Plaintiff/Judgment Debtor.  Attorney Zhen filed the

complaint on behalf of Plaintiff in this action, and has represented Plaintiff during

the entirety of this action.

3

**DECLARATION OF MATTHEW C. HEERDE**

I declare the foregoing to be true under penalty of perjury under the laws of the United States of America.

Executed:   New York, New York
            June 1, 2023                    HEERDE LAW PLLC

                                            By: Matthew C. Heerde (SBN 241771)
                                            mheerde@heerdelaw.com
                                            48 Wall Street 26th Floor
                                            New York, NY 10005
                                            Tel: 347-460-3588
                                            Fax: 347-535-3588
                                            *Attorneys for Plaintiff Digital
                                            Marketing Advisors*

**DECLARATION OF MATTHEW C. HEERDE**

# EXHIBIT 1

**Subject:**   RE: 2:21-CV-06888: Digital Marketing Advisors v. McCandless Group LLC

**Date:**   Thursday, May 25, 2023 at 5:10:10 PM Eastern Daylight Time

**From:**   Ashley Morris

**To:**   Matthew Heerde, Emily Cuevas

**CC:**   Reed Shankwiler, Gerard Fox

**Attachments:** image001.png

Good afternoon Mr. Heerde,

I'm sorry I was unable to take your call.

While I understand the difficulty you are facing with your client, we intend to oppose any motion for relief to withdraw as counsel. We believe that the presence of counsel is necessary to obtain the information we need related to the judgment.

We will consent to your telephonic appearance.

Sincerely,

**Ashley R. Morris**
GERARD FOX LAW P.C.
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
direct: 424.777.4755
fax: 310.441.4447

---

**From:** Matthew Heerde <mheerde@heerdelaw.com>
**Sent:** Thursday, May 25, 2023 1:31 PM
**To:** Ashley Morris <amorris@gerardfoxlaw.com>; Emily Cuevas <ecuevas@gerardfoxlaw.com>
**Subject:** FW: 2:21-CV-06888: Digital Marketing Advisors v. McCandless Group LLC

" Warning, External Sender"
Ashley,

I called your office hoping to speak with Reed about my email below, and I spoke with Emily who said you are the attorney handling the Digital Marketing Advisors / McCandless case in CD Cal.

Can you please let me know if your clients have any objection to my firm withdrawing its representation of Digital Marketing Advisors in this case.

Please also let me know if you consent to my telephonic appearance at any hearing on this motion.

The revised notice of motion I intend to file is attached here, setting any hearing for June 30, 2023, with a draft proposed order.  The rest of the motion would be the same as was filed May 23.

If a phone call is helpful, please let me know when works, or please call the 347 number below.

Thank you

Matthew Heerde, Esq.
**HEERDE LAW PLLC**
48 Wall Street 31st Floor  |  New York, NY 10005
Phone: (347) 460-3588 | Fax: (347) 535-3588
mheerde@heerdelaw.com | www.heerdelaw.com
-----------------------------------------------------------------------------------------------------------------------------
-----------------------------------------------------

NOTICE: This e-mail and any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient, any dissemination, distribution or copying of this e-mail and its attachments is strictly prohibited. If you receive this transmission in error, please immediately notify the sender by telephone or e-mail and permanently delete this e-mail and its attachments and destroy any printout thereof.

**From:** Matthew Heerde <mheerde@heerdelaw.com>
**Date:** Thursday, May 25, 2023 at 2:18 PM
**To:** Lue Wahjudi <lwahjudi@gerardfoxlaw.com>, ze@shorethang.media <ze@shorethang.media>
**Cc:** Reed Shankwiler <rshankwiler@gerardfoxlaw.com>, Kathryn Lunn <klunn@gerardfoxlaw.com>, Heather Kyles <hkyles@gerardfoxlaw.com>, Adriana Diaz <adiaz@gerardfoxlaw.com>
**Subject:** Re: 2:21-CV-06888: Digital Marketing Advisors v. McCandless Group LLC

Mr. Shankwiler and counsel,

Pursuant to Local Rule 7-3, please let me know if your clients have any objection to my firm withdrawing its representation of Digital Marketing Advisors in this case.

Please also let me know if you consent to my telephonic appearance at any hearing on this motion.

The revised notice of motion I intend to file is attached here, setting any hearing for June 30, 2023, with a draft proposed order.  The rest of the motion would be the same as was filed May 23.

If a phone call is helpful, please let me know when works, or please call the 347 number below.

Thank you

Matthew Heerde, Esq.
**HEERDE LAW PLLC**
48 Wall Street 31st Floor  |  New York, NY 10005
Phone: (347) 460-3588 | Fax: (347) 535-3588
mheerde@heerdelaw.com | www.heerdelaw.com

----------------------------------------------------------------------------------------------------------------------------------
-----------------------------------------------------

NOTICE: This e-mail and any attachments may contain legally privileged and/or confidential information. If you are not the intended recipient, any dissemination, distribution or copying of this e-mail and its attachments is strictly prohibited. If you receive this transmission in error, please immediately notify the sender by telephone or e-mail and permanently delete this e-mail and its attachments and destroy any printout thereof.

Matthew C. Heerde (SBN 241771)
  mheerde@heerdelaw.com
HEERDE LAW PLLC
48 Wall Street 26th Floor
New York, New York 10005
Telephone: 347-460-3588
Facsimile:  347-535-3588
*Attorneys for Plaintiff/Judgment
Creditor*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| DIGITAL MARKETING ADVISORS, a California corporation, | Case No. 2:21-cv-06888-AB-GJS |
| *Plaintiff,* | **DECLARATION OF ZACHARY URBINA IN SUPPORT OF MATTHEW C. HEERDE MOTION TO WITHDRAW AS ATTORNEY** |
| vs. | |
| MCCANDLESS GROUP, LLC, a Florida limited liability company, NICHOLAS MCCANDLESS, an individual, DOES 1 – 10, | |
| *Defendants*. | |

I, Zachary Urbina, declare the following under penalty of perjury of the laws

of the United States:

---

1

**DECLARATION OF ZACHARY URBINA**

1.      I am the owner of Plaintiff/Judgment Creditor Digital Marketing Advisors in this action.  I am submitting this declaration in support of Matthew C. Heerde's motion to withdraw from representing Plaintiff in this case.

2.      Digital Marketing Advisors engaged Matthew C. Heerde to file an appeal of the Court's October 27, 2022 Order granting attorney fees (Docket No. 58).  That appeal was dismissed on January 11, 2023 by stipulation with Defendants.

3.      Plaintiff has not engaged or paid for Matthew C. Heerde's services representing Plaintiff in this Court in this action; and Plaintiff will not be engaging or paying for Matthew C. Heerde's services representing Plaintiff in this Court with respect to any judgment enforcement action by Defendants.

4.      Mr. Heerde has informed me of the consequences of Plaintiff's inability to proceed pro se.  Plaintiff consents to Mr. Heerde's withdrawal.

I declare the foregoing under penalty of perjury under the laws of the United States of America.

Executed May 23, 2023 at Mexico City, Mexico.   _____
                                         Zachary Urbina

**DECLARATION OF ZACHARY URBINA**

EXHIBIT – 3 –

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6888 AB (MRWx) | Date | May 23, 2023 |
|---|---|---|---|
| Title | Digital Marketing Advisors v McCandless Group | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:**     ORDER RE: DISCOVERY MOTION

1.      Defendant / Judgment Creditor McCandless Group moves to compel post-judgment discovery. (Docket # 75.) The declaration accompanying the motion explains that the lawyers representing Plaintiff DMA have not responded to counsel, not successfully withdrawn from the action, and failed to cooperate in the joint discovery motion process. (Docket # 69, 70, 75-1.) On the basis of the declaration, the Court accepts the motion under Local Rule 37-2.4.

2.      The motion will be set for hearing on Wednesday, June 14, at 9:30 a.m. DMA's response to the discovery motion <u>and</u> its explanation of its failure to comply with Local Rule 37 will be due by May 31. McCandless's optional reply submission will be due by June 7.

3.      Note that the failure to file a legitimate response to the motion will lead the Court to conclude that the motion is unopposed and that DMA consents to the granting of relief. L.R. 7-12. Further, the parties are informed that the Court likely will be required to award expenses to the party succeeding on the merits of the motion pursuant to Federal Rule of Civil Procedure 37(a)(5).

4.      Should the motion proceed to hearing, note that the hearing will be in person Judge Wilner sits in Courtroom 550, Roybal Federal Courthouse, 255 E. Temple St., in downtown Los Angeles.

EXHIBIT – 4 –

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-6888 AB (MRWx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | Digital Marketing Advisors v McCandless Group | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| James Muñoz | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Plaintiff: | | Attorneys for Defendant: |
| n/a | | n/a |

**Proceedings:** ORDER COMPELLING DISCOVERY

1. Plaintiff DMA failed to participate in the process of submitting a joint discovery motion as required by Local Rule 37-1. (Docket # 75.) The Court ordered Plaintiff to respond to the motion. (Docket # 76.) In that order, the Court informed Plaintiff that failure to submit a substantive response would lead the Court to conclude that the motion was unopposed and that Plaintiff consented to the requested relief under Local Rule 7-12.

2. Plaintiff failed to file a timely response to the motion or the Court's order. (Docket # 81.) As a result, the Judgment Creditor's unopposed motion to compel discovery is GRANTED. Plaintiff DMA is ordered to produce all responsive records and answer all interrogatories without objections by June 20.[1]

3. The Court will also award Defendant expenses it incurred in pursuing the discovery motion pursuant to Federal Rule of Civil Procedure 37(a)(5). The defense may submit a brief declaration by July 5 for the Court's review to explain those costs. Plaintiff will have a one-week opportunity to address that assessment.

4. The hearing on the discovery motion (presently set for June 14) is VACATED.

---

[1] The Court is aware that one of Plaintiff's attorneys (Mr. Heerde) has moved to withdraw from the action. (Docket # 80.) The declaration supporting that motion suggests that Plaintiff's other listed attorney (Mr. Zhen) continues to represent DMA. (Docket # 80-1 at 3.) Regardless, there is no factual basis to conclude that Plaintiff itself is unaware of the pendency of the discovery or the existence of the motion to compel.