Matthew C. Heerde (SBN 241771)
 mheerde@heerdelaw.com
HEERDE LAW PLLC
48 Wall Street 31st Floor
New York, New York 10005
Telephone: 347-460-3588
Facsimile:  347-535-3588
*Attorneys for Plaintiff Digital Marketing Advisors*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DIGITAL MARKETING ADVISORS, a California corporation,<br><br>*Plaintiff/Judgment Debtor,*<br><br>vs.<br><br>MCCANDLESS GROUP, LLC, a Florida limited liability company, NICHOLAS MCCANDLESS, an individual, DOES 1 – 10,<br><br>*Defendants/Judgment Creditors.* | Case No. 2:21-cv-06888-AB-GJS<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO WITHDRAW**<br><br>Hon. André Birotte Jr.<br>Hearing Date:   June 30, 2023<br>Hearing Time:  10 a.m. |

1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO WITHDRAW**

Attorney Matthew C. Heerde respectfully submits this Reply Memorandum of Points and Authorities in response to Judgment Creditors' opposition to Mr. Heerde's Motion to Withdraw as Attorney (hereinafter, the "**Motion**").

## INTRODUCTION

Judgment Creditors McCandless Group, LLC and Nicholas McCandless (hereinafter collectively "**Judgment Creditors**") opposition to the Motion is not grounded in law or fact, and is simply a tactic to apply pressure to the Judgment Debtor Digital Marketing Advisors ("**Judgment Debtor**").

Mr. Heerde's involvement in this action has been only recent and very limited, and granting Mr. Heerde's Motion will not prejudice Judgment Creditors or Judgment Debtor, and will not delay resolution or harm the administration of justice. Mr. Heerde's first appearance in this action on November 28, 2022 was only for the limited purpose of pursuing a (short-lived) appeal, which appeal was withdrawn on January 12, 2023 by stipulation with Judgment Creditors. Mr. Heerde at no point interfaced with Judgment Creditors' counsel regarding trial-level procedures. Judgment Debtor's counsel Chris Zhen—who filed Judgment Debtor's August 26, 2021 complaint in this action and has represented Judgment Debtor throughout this action—remains counsel of record. Thus, Mr. Heerde's withdrawal will not create some hole where an attorney should be, and will not affect the progress or administration of this action. Therefore, the Motion should be granted.

## I. GRANTING THE MOTION WILL NOT PREJUDICE ANY PARTY.

Mr. Heerde's involvement in this action has been very recent and limited, and neither Judgment Debtor nor Judgment Creditors have at any point relied on Mr. Heerde's representation to prosecute this case at the trial level. All counsel as well as Judgment Debtor itself have received sufficient notice of the Motion. Thus, Mr. Heerde's withdrawal will not prejudice either side.

Cases cited by Judgment Creditors are inapposite.  Judgment Creditors cite *Stewart v. Boeing Co*., No. CV 12-05621 RSWL AGR, 2013 WL 1870766 (C.D. Cal. May 2, 2013), apparently for the proposition that a breakdown in attorney client communication is necessary to establish good cause for withdrawal.  But Judgment Creditors citation omits a key fact, i.e., in *Stewart,* <u>movant counsel was the only attorney of record</u>, and movant counsel's client, the plaintiff, opposed the motion to withdraw.  2013 WL 1870766 at *2.  Here, Judgment Debtor has consented to Mr. Heerde's Motion.  (Declaration of Zachary Urbina, Docket No. 80-3)

For similar reasons, *WB Music Corp. v. Royce Int'l Broad. Corp*., No. EDCV16600JGBSPX, 2019 WL 11638326, at *2 (C.D. Cal. May 1, 2019) is also inapposite.  There, defendant's counsel moved to withdraw after defendant had already gone through two previous law firms, and again, in *WB Music Corp.,* <u>movant counsel were the only attorneys of record</u> for defendant.  This Court in *WB Music* also noted that there were "indications that the withdrawal of Counsel may be strategically calculated to delay the satisfaction of judgment."  There are no such indications here, particularly where Attorney Chris Zhen, who filed Judgment Debtors' complaint on August 26, 2021 and represented Judgment Creditors throughout this action, remains counsel of record.

*Shirar v. Guerrero*, No. EDCV13906JGBDTBX, 2019 WL 1091332, at *2 (C.D. Cal. Jan. 16, 2019) is also inapposite.  In that case, a significant factor in the Court's denial of the motion to withdraw was that movant counsel "failed to demonstrate that they have provided 'written notice given reasonably in advance' either to their clients or to the other parties who have appeared in this action." Here, Judgment Creditors acknowledge they were notified April 3, 2023 of Mr. Heerde's intent to withdraw, and the June 30, 2023 hearing on this Motion is more than 28 days from the June 1, 2023 notice of motion, as required by Local Rule 6-1.  And, again, like the other cases discussed above, granting counsel's motion to

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO WITHDRAW**

withdraw in *Shirar* would have left plaintiff without any counsel, which is not the case here.

There is no merit to Judgment Creditors' assertion that Mr. Heerde "has also potentially prejudiced his client in discussing the consequences of proceeding pro se – Mr. Heerde only provided a general declaration that he warned Judgment Debtor of the consequences." Opposition at p. 13 ln. 2. *First*, granting the Motion will not result in Judgment Debtor proceeding *pro se*, because attorney Chris Zhen remains counsel of record for Judgment Debtor. *Second*, Judgment Debtor's owner Mr. Urbina has himself declared in writing under penalty of perjury that Mr. Heerde informed Judgment Debtor of Judgment Debtor's inability to proceed *pro se* and the consequences thereof. (Docket No. 80-3 ¶ 4.)

Accordingly, granting the Motion will not prejudice either Judgment Debtor or Judgment Creditor.

## II. GRANTING THE MOTION WILL NOT HARM THE ADMINSITRATION OF JUSTICE OR DELAY RESOLUTION OF THIS CASE.

Mr. Heerde's withdrawal will not change the landscape or the progress of this action. Mr. Heerde's involvement was only very recent and very limited, and Mr. Heerde was not involved for most of the history of this action. Mr. Heerde did not file the complaint in this action, or file any briefs or letters or argue any motions, and only appeared on November 28, 2022 to file a notice of appeal. This case progressed for 16 months from its August 2021 inception without Mr. Heerde's involvement, and it can continue to do so. Attorney Chris Zhen remains counsel of record, and Mr. Heerde's withdrawal would not result in Judgment Debtor impermissibly proceeding *pro se* or result in a default. Mr. Heerde's withdrawal will have no effect on this case's progress.

### III. THERE IS GOOD CAUSE FOR MR. HEERDE'S WITHDRAWAL.

Mr. Heerde's limited-purpose engagement, Judgment Debtor's consent, and Judgment Debtor's failure to pay fees owed all constitute good cause to grant the Motion.

As attested in Mr. Heerde's June 1, 2023 Declaration, (Docket No. 80-1), Judgment Debtor only ever engaged Mr. Heerde's services for the purpose of prosecuting an appeal of this Court's October 27, 2022 Order granting attorney fees (Docket No. 58). As attested in Zachary Urbina's Declaration on behalf of Judgment Debtor in support of the Motion (Docket No. 80-3), Judgment Debtor never engaged Mr. Heerde's services for trial-level representation and is not going to do so. As is clear from the record, Mr. Heerde's only appearance on behalf of Judgment Creditors at the trial level was to file a November 28, 2022 notice of appeal, which appeal was withdrawn on January 12, 2023 by stipulation with Judgment Creditors (Docket No. 66).

Thus, the purpose of Mr. Heerde's engagement by Judgment Debtor's has concluded, and accordingly, Judgment Debtor has consented to Mr. Heerde's withdrawal. This Court recognizes that "[w]ithdrawal may be permitted when the client freely assents to it." *Quezada v. City of Los Angeles*, No. 215CV07382ODWPJW, 2017 WL 2562099, at *2 (C.D. Cal. June 13, 2017).

Moreover, This Court recognizes that failure to pay counsel's fees may constitute good cause to permit an attorney's withdrawal. "A client's failure to pay legal fees, while not dispositive, may constitute good cause to permit an attorney's withdrawal from representation of a client." *Fabricant v. Fast Advance Funding, LLC*, No. 217CV05753ABJCX, 2018 WL 6927809, at *2 (C.D. Cal. June 26, 2018); *see also Privacywear, Inc. v. QTS & CTFC, LLC*, 07CV1532VAP, 2010 WL 11509227, *2 (CD. Cal. Apr. 21, 2010) (finding good cause for withdrawal based on the attorney's declaration that plaintiffs were "delinquent in the payment of fees," and plaintiff had indicated that she would continue to be unable to pay

5

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO WITHDRAW**

fees); *Garnica v. Fremont Inv. & Loan*, 12CV1366DOC, 2012 WL 5830078, *1 (CD. Cal. Nov. 14, 2012) (granting counsel for plaintiffs' motion to withdraw, based in part on the attorney's uncontested declaration that "[p]laintiffs had failed to pay an outstanding balance on the retainer agreement, as well as fees"); *see also* Cal. Rules Prof. Conduct, Rule 1.16(b)(5).

## IV.  CONCLUSION

Accordingly, the undersigned respectfully requests that the Court grant the Motion to Withdraw as Counsel and grant such other and further relief as is deemed just and proper.

Executed:   New York, New York
            June 16, 2023                HEERDE LAW PLLC

                                         /s/ Matthew C. Heerde
                                         By: Matthew C. Heerde (SBN 241771)
                                         mheerde@heerdelaw.com
                                         48 Wall Street 31st Floor
                                         New York, NY 10005
                                         Tel: 347-460-3588
                                         Fax: 347-535-3588
                                         *Attorneys for Plaintiff Digital Marketing Advisors*

6
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO WITHDRAW**