GERARD FOX LAW P.C.
GERARD P. FOX (SBN 151649)
gfox@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Tel: (310) 441-0500
Fax: (310) 441-4447

*Attorney for Judgment Creditors*
McCandless Group, LLC
and Nicholas McCandless

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Digital Marketing Advisors,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>McCandless Group, LLC, *et al*;<br>Nicholas McCandless,<br><br>　　　　　　Defendants. | Case No.  2:21-cv-6888<br><br>**JUDGMENT CREDITORS' APPLICATION FOR LEAVE TO FILE UNDER SEAL OR IN CAMERA REVIEW** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5.2.2(a) & (c) as well as 79-6.2, no opposition being known to MCCANDLESS GROUP, LLC & NICHOLAS MCCANDLESS ("Judgment Creditors") to this Application For Leave to File Under Seal (the "Application"), and in a good-faith effort to comply with this Court's order to provide a brief declaration describing the basis for expenses to be granted under Fed. R. Civ. Proc. 37(a)(5), Judgment Creditors file this Application to seal documents or for in camera review submitted in connection with its 'Judgment Creditors' Declaration of Gerard P. Fox in Support of Expenses Pursuant to FRCP 37(a)(5)' (the "Declaration"). *See* ECF 82, ¶ 3.

Judgment Creditors have identified the information that is sealable with particularity in the Declaration, filed herewith. As described in the Declaration, Judgment Creditors respectfully request an order from the Court to authorize the filing under seal or in camera viewing of the following:

(1)   The Time Report, attached as Exhibit A to the Declaration.

Because good cause exists to permit filing this confidential information under seal or otherwise outside of public viewing through an in camera review, as is described with particularity Declaration, the Court should grant this motion.

## II. LEGAL STANDARD

Fed. R. Evid. § 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Courts have historically recognized attorney-client privilege as protected from disclosure to encourage the purpose of giving and receiving legal advice. *See Trammel v. United States* (1980), 445 U.S. 40, 51; *Upjohn, Co. v. United States* (1981), 449 U.S. 383, 389; *also see* Fed. R. Evid. § 502(g)(1)("attorney client privilege" means the protection that applicable law provides for confidential attorney-client communications).

California has traditionally recognized attorney-client privilege as a viable

defense to prevent the disclosure of "confidential communication between client and lawyer" which includes: "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons..." *See* Cal. Evid. Code §§ 950 – 955; *also see Costco Wholesale Corp. v. Superior Court* (2009), 47 Cal.4th 725, 733 ("[T]he privilege is absolute and disclosure may not be ordered, without regard to relevance, necessity or any particular circumstances peculiar to the case"); *citing Gordon v. Superior Court* (1997), 55 Cal.App.4th 1546, 1557.

Furthermore, the "attorney-client privilege attaches to a confidential communication between the attorney and the client and bars discovery of the communication irrespective of whether it includes unprivileged material." *Costco, supra,* 47 Cal.4th at 734. "The term 'confidential communication' is broadly construed, and communications between a lawyer and his client are presumed confidential, with the burden on the party seeking disclosure to show otherwise." *Edwards Wildman Palmer LLP v. Superior Court* (2014), 231 Cal.App.4th 1214, 1226; *citing Gordon, supra,* 55 Cal.App.4th at 1557. Moreover, an attorney-client relationship exists for purposes of the privilege whenever a person consults an attorney for the purpose of obtaining the attorney's legal service or advice. *See Kerner v. Superior Court* (2012), 206 Cal.App.4th 84, 116 – 17. Thus, no formal agreement or compensation is necessary to create an attorney-client relationship for the purposes of the privilege. *See Responsible Citizens v. Superior Court* (1993), 16 Cal.App.4th 1717, 1732.

Furthermore:

> "To the extent that billing information is conveyed 'for the purpose of legal representation'—perhaps to inform the client of the nature or amount of work occurring in connection with a pending legal issue—such information lies in the heartland of the attorney-client privilege…When a legal matter remains pending and active, the privilege encompasses everything in an invoice, including the

amount of aggregate fees."

*Los Angeles County Bd. of Supervisors v. Superior Court* (2016), 2 Cal.5th 282, 297.

Lastly, when a document is entirely confidential, it is understood that the entire document can be filed under seal. *See Advanced Media Networks LLC v. Row 44 Inc.* (2014), 2014 WL 10965229, *1 - *2 (holding Balance Sheets and such financial information to be confidential and properly filed under seal); *also see* Cal. Bus. & Prof. Code § 6068(e)(1)(It is the duty of an attorney to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client.").

## III.  ARGUMENT

The Time Report, attached as Exhibit A to the Declaration, should be sealed or reviewed in camera because there is good cause to protect the confidential financial information of Judgment Creditors as well as the attorney-client communications and representations that transpired, during these ongoing post-judgment litigation proceedings. This is especially true given Judgment Debtor is a competitor towards Judgment Creditors in the online social media management sphere.

"A Court may order the sealing of court records when they contain confidential or otherwise sensitive business information." *IMAX Corp. v. Cinematech, Inc.* (9th Cir. 1998), 152 F.3d 1161, 1168. A demonstration that public disclosure of internal financial information will cause competitive harm to a party's business constitutes a compelling reason that justifies sealing. *See Rich v. Shrader* (S.D. Cal. 2013), No. 09cv652 AJB (BGS), 2013 WL 6028305, *4 (granting an application to seal business documents and financial projections, because such information could be utilized by business competitors seeking to gain an advantage); *Bauer Bros. LLC v. Nike, Inc.* (S.D. Cal. 2012), No. 09cv500–WQH–BGS, 2012 WL 1899838, *4 (granting an application to seal financial documents containing Nike's non-public, highly confidential financial data, because it could be used for improper purposes by Nike's competitors); *see also Smith v. Keurig Green Mountain, Inc.* (N.D. Cal. 2020), No. 18-

CV-06690-HSG, 2020 WL 5630051, at *11 (finding good cause to seal portions of documents that contained "confidential business and proprietary information" related to a party's operations).

The Declaration identifies the confidential information contained within the Time Report, and this Application explains the specific harm that would come from its disclosure. As set forth herein, good cause exists to grant this Application to seal or for in camera review because the information Judgment Creditors are trying to protect contains non-public, confidential, and proprietary financial information that is entitled to protection under the law. The public does not at this time have a meaningful interest in obtaining such information, and public disclosure of this information would cause particularized harm to Judgment Creditors by allowing its competitors to access sensitive information, which they could use to gain an unfair advantage against Judgment Creditors.

## IV. CONCLUSION

For the foregoing reasons, Judgement Creditors respectfully requests that the Court grant its Application to seal the aforementioned information from the public record or for in camera review.

DATED: June 29, 2023

**GERARD FOX LAW, P.C.**

By: *Gerard P. Fox*
Gerard P. Fox
Attorneys for Judgment Creditors,
McCandless Group, LLC & Nicholas McCandles