1  GERARD FOX LAW P.C.
   GERARD P. FOX (SBN 151649)
2  gfox@gerardfoxlaw.com
   1880 Century Park East, Suite 1410
3  Los Angeles, CA 90067
   310.441.0500 Tel
4  310.441.4447 Fax

5  *Attorney for Judgment Creditors*
   *McCandless Group, LLC*
6  *& Nicholas McCandless*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MARKETING ADVISORS, a California Corporation,<br><br>    Plaintiff & Judgment Debtor,<br><br>vs.<br><br>MCCANDLESS GROUP, LLC, a Florida limited liability company; NICHOLAS MCCANDLESS, an individual; DOES 1 – 10,<br><br>    Defendants & Judgment Creditors. | Case No. 2:21-cv-6888<br><br>**JUDGMENT CREDITORS' OPPOSITION TO CHRIS J. ZHEN'S NOTICE OF MOTION TO WITHDRAW AS ATTORNEY**<br><br>Hon. Andre Birotte Jr.<br>Hearing Date: September 1, 2023<br>Hearing Time: 10:00 A.M. |

**TABLE OF CONTENTS**

I. STATEMENT OF FACT ............................................................................... 5

II. ARGUMENT: ................................................................................................ 9

    A. JUDGMENT DEBTOR IS DEFYING THIS COURT'S ORDERS AND REQUIRES GUIDANCE OF COUNSEL AT THIS JUNCTION .............................................................. 9

    B. PREVAILING LEGAL AUTHORITY DOES NOT ALLOW FOR MR. ZHEN TO WITHDRAW AS COUNSEL ................................................................................. 10

    C. THE CALIFORNIA RULES OF PROFESSIONAL CONDUCT AND OTHER STATUTES WOULD PROHIBIT MR. ZHEN'S WITHDRAWAL OF COUNSEL IN THIS INSTANCE ............................................................. 15

III. CONCLUSION ........................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Caveman Foods, LLC v. Ann Payne's Caveman Foods, LLC*
(E.D. Cal. 2015), 2015 U.S. Dist. LEXIS 150001 .................................................. 14

*CE Res., Inc. v. Magellan Group, LLC*
(E.D. Cal. 2009), 2009 U.S. Dist. LEXIS 100776 .................................................. 13

*Cf. with Fabricant v. Fast Advance Funding, LLC*
(C.D. Cal. 2018), 2018 U.S. Dist. LEXIS 227250 .................................................. 12

*Constr. Laborers Trust Fund for S. Cal. Admin. Co. v. W. Coast Structures*
(C.D. 2020), 2020 U.S. Dist. LEXIS 251477 .......................................................... 14

*Garcia v. Milky Way Factory Inc.*
(C.D. Cal. 2020), No. CV 20-02595 AS, 2020 WL 8027776 ............................... 15

*Pineda v. State Bar*
(1989), 49 Cal.3d 753, 758 – 759 ........................................................................... 16

*Robinson v. Delgado*
(N.D. Cal. 2010), 2010 U.S. Dist. LEXIS 92924 .................................................... 16

*Rogers v. Cal. Highway Patrol Officer Macias*
(C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 240442 .................................................. 12

*Saribekyan v. JP Morgan Chase Bank, N.A.*
(C.D. Cal. 2021), No. CV 21-388 PSG (JPRx), 2021 WL 6102923 ..................... 11

*Shirar v. Guerrero*
(C.D. 2019), 2019 U.S. Dist. LEXIS 39923 ............................................................ 13

*Stewart v. Boeing Co.*
(C.D. Cal. 2013), No. CV 12-05621 RSWL AGR, 2013 WL 1870766 ................ 11

*Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*
(C.D. Cal. 2014), 2014 WL 3898617 ...................................................................... 11

*Vann v. Shilleh*
(1975), 54 Cal. App. 3d 192, 197 ............................................................................ 16

*Wb Music Corp. v. Royce Int'l Broad. Corp.*
(C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 236274, .................................................. 12

**Statutes**

Bus. & Prof. Code
    § 6068 ....................................................................................................................... 17

Bus. & Prof. Code
    § 6103 ....................................................................................................................... 17

**Rules**

Cal. Rules Prof. Conduct
    § 1.16 .................................................................................................................. 16

Cal. Rules Prof. Conduct
    § 16.1 .................................................................................................................. 12

Cal. Rules Prof. Conduct
    § 3-700 .......................................................................................................... 12, 13

Fed. R. Civ. Proc.
    § 54 ....................................................................................................................... 5

Fed. R. Civ. Proc.
    § 58 ....................................................................................................................... 5

Local Rules – Central District of California
    § 7-12 ................................................................................................................... 8

Local Rules – Central District of California
    § 7-9 ..................................................................................................................... 5

Local Rules – Central District of California
    § 83.2.3.1 ........................................................................................................... 17

Local Rules – Central District of California
    § 83-2.2.2 ..................................................................................................... 13, 15

Local Rules – Central District of California
    § 83-2.3.2 ............................................................................................... 10, 11, 14

Local Rules – Central District of California
    § 83-2.3.3 ........................................................................................................... 15

Local Rules – Central District of California
    § 83-2.3.4 ..................................................................................................... 14, 15

Local Rules – Central District of California
    § 83-2.3.5 ..................................................................................................... 10, 17

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Judgment Creditors MCCANDLESS GROUP LLC and NICHOLAS MCCANDLESS in compliance with and pursuant to L.R. 7-9, do hereby move the Court for an order denying Chris J. Zhen's ("Mr. Zhen's") "Notice of Motion to Withdraw as Attorney," filed on July 31, 2023, and any further relief as this Court deems just and proper.

**I.   STATEMENT OF FACTS:**

**A. The Trial's Procedural Background**

McCandless Group, LLC and Nicholas McCandless ("Judgment Creditor(s)") filed their Notice of Motion and Motion to Dismiss the above-entitled matter on February 10, 2022, in response to this Court's sustaining demurrers to Digital Marketing Advisors' ("DMA" or "Judgment Debtor") Complaint and Second Amended Complaint, filed on August 26, 2021, and January 13, 2022. *See* ECF 1, 26, & 35. The Court granted Judgment Creditors' Motion to Dismiss on March 28, 2022, but gave Judgment Debtor fourteen (14) days to file a Third Amended Complaint. *See* ECF 48. On April 21, 2022, the Court entered an Order that this case dismissed with prejudice due to Judgment Debtor's failure to file a Third Amended Complaint. *See* ECF 50. Pursuant to Rules 54(a) and 58(a) of the Federal Rules of Civil Procedure, the Court decreed judgment be entered in favor of Judgment Creditors. *See* ECF 51.

A Notice of Motion and Motion for Attorneys' Fees was filed by Judgment Creditors on May 6, 2022. *See* ECF 53. On October 28, 2022, the Court granted Judgment Creditors' Motion for Attorneys' Fees in the amount of $91,486.40 and ordered Judgment Debtor to pay the fees within sixty (60) days. *See* ECF 58. On November 28, 2022, Judgment Debtor filed their Notice of Appeal. *See* ECF 59. Thereafter, Judgment Creditors filed a corrected Affidavit and Request for Issuance of Writ of Execution re: Judgment on January 3, 2023. *See* ECF 62 – 64. The Writ of Execution issued on January 4, 2023. *See* ECF 65. On January 12, 2023, the appeal was voluntarily dismissed with the parties ordered to bear their own costs and attorneys' fees on appeal. *See* ECF 66.

**B. Post-Judgment Factual Background**

Judgment Creditors issued post-judgment discovery in the form of Interrogatories and Requests for Production of Documents ("Requests for Production") on February 13, 2023, to aid in the execution of its judgment against Judgment Debtor. *See* ECF 75-1. Judgment Debtor did not respond to either the Interrogatories or the Requests for Production of Documents, accordingly, Judgment Creditors informed Judgment Debtor of their intent to move to compel if parties were not able to meet and confer before April 10, 2023. *See* ECF 75-1.

Judgment Debtor retained two (2) counsel throughout these proceedings, Matthew C. Heerde ("Mr. Heerde") and Chris Zhen ("Mr. Zhen"). Mr. Heerde communicated via email on April 3, 2023, that he would be filing a motion to withdraw as counsel in this matter and that he no longer represents Judgment Debtor in this proceeding. *See* ECF 75-1. No motion to withdraw was filed by Mr. Heerde, without it being stricken, until June 1, 2023, and no relevant responses to discovery were ever received from Judgment Debtor. *See* ECF 77 – 80; ECF 87-2, ¶¶ 4 – 11 (ECF 87-3 – 87-7)(Mr. Heerde's motion to withdraw was granted on June 28, 2023, without a hearing on Judgment Creditors' opposition to such – *See* ECF 83 & 88). Mr. Zhen failed to respond to our inquiries but, on May 1, 2023, he sent an email communicating that he no longer represented Judgment Debtor. *See* ECF 87-2, ¶ 7 (ECF 87-6). Mr. Zhen filed a stricken Request to Withdraw as Attorney on May 1, 2023. *See* ECF 69 – 70.

Accordingly, Judgment Creditors, in an effort to enforce judgment in their favor, had to move this Court on May 22, 2023, pursuant to Local Rule 37-2.4 by filing a "Motion to Compel Further Responses to Certain Requests for Production of Documents and Interrogatories" with accompanying materials. *See* ECF 75. A hearing in front of the Honorable Judge Wilner was set for June 14, 2023, at 9:30 a.m., to discuss Judgment Creditors' post-judgment discovery. *See* ECF 76. Judgment Debtor did not comply with this Court's order to reply to the Motion to Compel by May 31, 2023, leading Judgment Creditors to file a "Notice of Non-Opposition to Motion to Compel." *See* ECF 76, ¶¶ 2 –

3 ("Note that the failure to file a legitimate response to the motion will lead the Court to conclude that the motion is unopposed and that DMA consents to the granting of relief. L.R. 7-12. Further, the parties are informed that the Court likely will be required to award expenses to the party succeeding on the merits…"). This Court later stated that: "Judgment Creditor's unopposed motion to compel discovery is GRANTED" and "[t]he Court will also award Defendant expenses it incurred in pursuing the discovery motion…" *See* ECF 82.

Further communications to meet and confer were sent to Judgment Debtor, Zachary Elliot a/k/a Zachary Chester Urbina ("Mr. Urbina") who is identified as Judgment Debtor's Chief Executive Officer, Secretary, Chief Financial Officer, Director and Agent for Service of Process. *See* ECF 87-2, ¶¶ 8 & 14 (ECF 87-7 & 87-8). That correspondence, dated June 14, 2023, also included, Mr. Heerde, and Mr. Zhen in hopes of designating a time to obtain responses to the Requests for Production pursuant to this Court's Order issued on June 2, 2023, which set a compliance deadline of June 20, 2023. *See* ECF 82; *also see* Decl. of Gerard P. Fox, ¶ 12 (Mr. Urbina still currently serves as all known officers and directors for Judgment Debtor).

No communications from Mr. Heerde or Mr. Zhen were received that responded to either the Requests for Production or designating a time to meet and confer on such. *See* ECF 87-2, ¶¶ 9 – 12; *also see* Decl. of Gerard P. Fox, ¶¶ 7 – 9. Mr. Zhen instead stated that "[m]y firm's representation for Digital Marketing Advisors was terminated" and a meet and confer was conducted on July 24, 2023, to discuss withdrawals, as Mr. Zhen did not discuss responding to the Requests for Production but instead was solely focused on receiving Judgment Creditors' consent to withdraw as counsel. *See* Decl. of Gerard P. Fox, ¶¶ 4 – 5, 13 – Exhibits A & B.

Mr. Urbina, responded to the June 14, 2023, correspondence by asserting that "[u]nder no circumstances will I cooperate…" *See* ECF 87-2, ¶ 8 (ECF 87-7). Moreover, Mr. Urbina claims that there was an alleged discussion by and between Marina Bogorad ("Ms. Bogorad"), former counsel for Judgment Creditors, with himself and by that logic,

Judgment Debtor, wherein they "formally agree[d] to leave each other alone." *See* ECF 87-7. No such agreement occurred nor is there any evidence indicating the agreement ever existed. *See* ECF 87-2, ¶ 12. Later, on July 8, 2023, Mr. Urbina sent Judgment Creditors a communication further evidencing his reluctance to acknowledge this court by stating:

> "Hey Nick, I'm in Valle De Bravo partying and doing lake shit. I've been drinking mezcal and talking w/ my pal who also lives in Mexico. He had some ideas. What if we had a public fight…like Tupac vs. Biggie?...If you wanna fight forever and pay lawyers, that's fine too, but I kinda just wanna have a good time and make money. Get outta Miami and come visit Mexico, dickhead."

*See* Decl. of Gerard P. Fox, ¶ 6 – Exhibit C.

Given the reluctance of Judgment Debtor, its counsel, and Mr. Urbina to recognize the authority of this court, Judgment Creditors filed a Motion for Contempt & Sanctions on June 27, 2023, which has been set for hearing with the Honorable Judge Wilner on August 16, 2023. *See* ECF 87 & 95. Although the deadline had come and passed for Judgment Debtor and its counsel to respond to the Motion for Contempt & Sanctions, as it was unopposed, the Honorable Judge Wilner extended the deadline to August 4, 2023, but noted that "[f]ailure to respond to the motion by that date will likely lead the Court to conclude that the motion remains unopposed. L.R. 7-12." *See* ECF 95, ¶ 4. Specifically, the Honorable Judge Wilner stated that "Mr. Zhen is informed that failure to respond to Mr. Fox's inquiries and this Court's orders may lead to additional adverse outcomes (including Court discipline) beyond the four corners of this civil case." *See* ECF 95, ¶ 6. Not only did Judgment Debtor fail to respond by August 4, 2023, but no communications were received by Mr. Urbina nor Mr. Zhen requesting an extension or any concern regarding the deadline.

That said, no payments or compensation of any kind, whatsoever, has been received by Judgment Creditors from Judgment Debtor, its counsel, or Mr. Urbina, in compliance with this Court's orders. *See* ECF 87-2, ¶ 13; *also see* ECF 95, ¶¶ 8 – 9 (Pursuant to the

Honorable Judge Wilner's Order on July 19, 2023, Judgment Creditors were granted $6,287.50 in fees to be paid jointly and severally by both DMA and Mr. Zhen as "[t]he lawyer's failure to respond to Creditor's counsel or this Court's orders, or to properly withdraw from the action…strongly colors the Court's view as to the cause of the litigation strife here."); *also see* Decl. of Gerard P. Fox, ¶¶ 10 – 11, 15 – 16. Judgment Creditors complied with the Honorable Judge Wilner's Order on July 19, 2023, and have "ensure[d] that DMA receives notice of the pending proceeding" by not only calling Mr. Zhen personally and discussing such but also by emailing a copy of the Order to Mr. Zhen. *See* ECF 95, ¶ 5; *also see* Decl. of Gerard P. Fox, ¶¶ 4, 13 – 14 – Exhibit A. In response to the above, Mr. Zhen has, instead of complying with this Court's orders, filed a motion to withdraw as counsel of record on July 31, 2023. *See* ECF 98. Judgment Creditors now file this motion in opposition to Mr. Zhen's motion to withdraw as counsel.

Judgment Creditors certify that they have, in good faith, attempted to confer with Judgment Debtor in an effort to obtain responses without court action and execute their judgment accordingly.

## II. ARGUMENT:

### A. JUDGMENT DEBTOR IS DEFYING THIS COURT'S ORDERS AND REQUIRES GUIDANCE OF COUNSEL AT THIS JUNCTION

As set forth above, Judgment Debtor and its counsel have been ordered by this Court to file amended pleadings and respond to discovery by June 20, 2023. Not only did Judgment Debtor and its counsel fail to comply, they have been blatant in their disregard of this Court's orders as well as the procedures necessary to properly withdraw as counsel. Judgment Creditors anticipate that Judgment Debtor will continue to defy this Court's orders and Judgment Creditor will continue to accrue costs despite having a valid basis to enforce the rights granted by this Court. Therefore, the facts above speak for themselves, as they illustrate the difficulty Judgment Creditors are experiencing in satisfying their judgment and enforcing the obligations of Judgment Debtor as well as the reluctance of

Judgment Debtor's counsel of record in fulfilling their client's responsibilities.

Leaving Judgment Debtor without counsel at this critical moment should not be considered. This is especially true given further sanctions and contempt orders (i.e. means of compliance with this Court) are currently being sought and necessary for the furtherance of justice. Instead of facilitating a response to Judgment Creditors' Motion to Compel or expediting this process, Mr. Zhen endeavors to remove himself as Judgment Debtor's counsel of record, which will surely compound the difficulties Judgment Creditors are experiencing in effectively communicating with Judgment Debtor and will harm Judgment Debtor as well.

Mr. Zhen seeks to shirk his responsibilities towards his client, at a time in which counsel is most deeply needed. Judgment Debtor, by and through its counsel of record, brought this action which resulted in the subject judgment. Judgment Debtor's counsel should be required to counsel his client through the basic process of debtor examinations in order to fulfill the subject judgment.

### B. PREVAILING LEGAL AUTHORITY DOES NOT ALLOW FOR MR. ZHEN TO WITHDRAW AS COUNSEL

As discussed, Mr. Zhen, currently serves as the sole counsel of record serving Judgment Debtor and was the original attorney to file a Complaint against Judgment Creditors on August 26, 2021. *See* ECF 1. Although Judgment Creditors are sympathetic to Mr. Zhen's cause, to a degree, "[t]he motion for leave to withdraw must be supported by good cause" and that does not exist here, as elaborated on further below. L.R. 83-2.3.2. Moreover, "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5.

In determining whether good cause and the ends of justice require withdrawal, courts weigh: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."

*Saribekyan v. JP Morgan Chase Bank, N.A.* (C.D. Cal. 2021), No. CV 21-388 PSG (JPRx), 2021 WL 6102923, *1; *also see Tu Thien The, Inc. v. Tu Thien Telecom, Inc.* (C.D. Cal. 2014), 2014 WL 3898617, *5.

    Addressing in turn whether good cause to withdraw and compliance with the procedural rules for withdrawal exist, it is imperative to note that this Court, after allowing Mr. Heerde to withdraw, stated that: "Given that attorney Zhen remains counsel of record…the Court finds that the withdrawal [of Mr. Heerde] will not prejudice other litigants, harm the administration of justice, or unnecessarily delay the resolution of the case." *See* ECF 88. This Court allowed Mr. Heerde to withdraw but has already implicitly noted the importance of counsel in these proceedings as Mr. Heerde's withdrawal was in-part based on Mr. Zhen remaining counsel of record. Additionally, Mr. Zhen, unlike Mr. Heerde, has not attested that his fees have not been paid and regardless, that alone would be insufficient grounds to find good cause for withdrawal. *See* ECF 88; *also see* L.R. 83-2.3.2 ("Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause."). Moreover, as this Court noted, Mr. Heerde had a declaration signed by Mr. Urbina attesting to Mr. Heerde's withdrawal, his Client's decision to discharge his representation, and notice that his Client had been advised of the consequences of proceeding *pro se* – Mr. Zhen has provided nothing of this sort. *See* ECF 80-3.

    Further, neither Judgment Debtor nor Mr. Zhen personally have evidenced that irreconcilable differences or a breakdown in communication have impaired Mr. Zhen's ability to continue providing effective representation to Judgment Debtor nor has that been alleged or asserted. L.R. 83-2.3.2; *also see Stewart v. Boeing Co.* (C.D. Cal. 2013), No. CV 12-05621 RSWL AGR, 2013 WL 1870766, *1 (denying counsel's motion to withdraw because counsel's unsupported claim of a communication breakdown was not sufficient good cause).

    As such, Mr. Zhen has not given the Court sufficient information to evaluate, in context, how his professional representation of Judgment Debtor is unnecessary nor has

he provided rationale to explain why he should be excused for putting his client in this position in the first place, as Mr. Urbina stated: "It doesn't matter that Chris Zhen may have made a mistake" (likely referring to Mr. Zhen's failure to meet this Court's gracious deadline in filing a Third Amended Complaint – which led to the case being dismissed with prejudice). *See* ECF 87-7; *also see* ECF 50 – 51.

Thus, the nonspecific declaration of Mr. Zhen is likewise insufficient to outweigh the other concerns in granting Mr. Zhen's motion. "That a case may require hard work and zealous advocacy is not good cause to for Counsel to withdraw." *Rogers v. Cal. Highway Patrol Officer Macias* (C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 240442, *6 ("By citing the catchall provision of [Cal. Rules of Prof. Conduct] 16.1(b)(10) Counsel implies that none of the enumerated bases for good cause apply-presumably" – Mr. Zhen cites no Cal. Rules of Prof. Conduct).

Consequently, given the late state of litigation, post-judgment enforcement, withdrawal would unreasonably prejudice Judgment Creditors by substantially delaying resolution of the case. *Wb Music Corp. v. Royce Int'l Broad. Corp.* (C.D. Cal. 2019), 2019 U.S. Dist. LEXIS 236274, *6 – 9 (the Court denied Counsels' motion to withdraw from Judgment Debtor because it would delay Judgment Creditor's post-judgment discovery and execution of attorneys' fees and costs); *Cf. with Fabricant v. Fast Advance Funding, LLC* (C.D. Cal. 2018), 2018 U.S. Dist. LEXIS 227250, *7 ("Given the early stage of litigation, the Court finds that Counsel's withdrawal would neither unreasonably prejudice Defendant's rights nor delay the resolution of this case because Defendant will have sufficient time to hire new counsel"); *also see* Cal. Rules Prof. Conduct 3-700(A)(2) ("A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client…").

If Mr. Zhen is able to withdraw as counsel, Judgment Creditors will be forced to continue discussions solely with Mr. Urbina who has been uncooperative towards execution of Judgment Creditors' award.  Moreover, Mr. Zhen has been an equally recalcitrant individual pertaining to post-judgment performance and the lack of

centralized, organized, and outward communication occurring between Judgment Debtor and its counsel is of concern. Nonetheless, it is apparent that Mr. Zhen is in possession of a working phone number and email address, he can surely reach his client similar to Mr. Heerde.

With all of this in mind, the only remaining 'issue' is the collection of costs from Judgment Debtor by Judgment Creditors and "[a]llowing Plaintiffs' [Judgment Debtors'] Counsel to withdraw at this stage would likely significantly complicate Defendant's [Judgment Creditor's] efforts to collect costs." *Shirar v. Guerrero* (C.D. 2019), 2019 U.S. Dist. LEXIS 39923, *6 (the Court denied Plaintiffs' Counsel's motion to withdraw, in part because "[i]n addition to delaying their collections, the withdrawal of Plaintiffs' counsel may force Defendant to expend additional resources to locate Plaintiffs.").

As for the "administration of justice," it is important to note that "assent of the client alone does not require the court to grant a motion for withdrawal" because "a member shall not withdraw from employment in a proceeding before that tribunal without its permission." Cal. Rules Prof. Conduct 3-700(A)(1); *CE Res., Inc. v. Magellan Group, LLC* (E.D. Cal. 2009), 2009 U.S. Dist. LEXIS 100776, *4 – 6 ("A grant of attorney's motion to withdraw would effectively place the Magellan Corporation in immediate violation of local rules [prohibiting organizations from proceeding pro se] as they would no longer have counsel to represent them. It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." – motion to withdraw denied).

The Court cannot deny the client the tools necessary to make decisions for itself and since corporations must be "represented by an attorney permitted to practice before this Court," as discussed below, it would be an injustice to leave Judgment Debtor in a judicial bind until they can begrudgingly locate an attorney to assist them in continuing the litigation they seek to avoid. L.R. 83-2.2.2.

Furthermore, in the event Judgment Debtor is financially insolvent, they may have significant difficulty securing new counsel given the current posture of this case. *See*

*Caveman Foods, LLC v. Ann Payne's Caveman Foods, LLC* (E.D. Cal. 2015), 2015 U.S. Dist. LEXIS 150001, *6 & *14 (the Court denied an entity's Counsel's motion to withdraw, in part, because "the court is unable to verify Baker's representations [to his client about proceeding pro se] or assure that defendant fully understands and assents to the full consequences of Baker's withdrawal.").

Not only has Mr. Zhen delayed his withdrawal from this matter[1] but he has also potentially prejudiced his client in discussing the consequences of proceeding pro se – Mr. Zhen only provided a general declaration that he warned Judgment Debtor of the consequences. *See Constr. Laborers Trust Fund for S. Cal. Admin. Co. v. W. Coast Structures* (C.D. 2020), 2020 U.S. Dist. LEXIS 251477, *6 ("Counsel fails to include any evidence of compliance with Local Rule 83-2.3.4 other than his declaration." "Moreover, this Court has repeatedly required independent proof of written notice to establish compliance with the Local Rules surrounding withdrawal.").

In addition, the Local Rules impose procedural requirements. In particular, "[a] motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. Judgment Debtor has been actively avoiding its obligations towards Judgment Creditors as far back as (i) April 22, 2022, when judgment was entered in favor of Judgment Creditors; (ii) October 27, 2022, when this Court granted Judgment Creditors' Motion for Attorney's Fees; (iii) January 4, 2023, when the Writ of Execution was issued against Judgment Debtor; (iv) January 12, 2023, when Judgment Debtor's appeal was voluntarily dismissed; (v) February 13, 2023, when Judgment Creditors issued post-judgment discovery; (vi) June 2, 2023, when this Court granted Judgment Creditors' motion to compel; and (vii) July 19, 2023, when this Court has already stated that "Mr.

---

[1] Mr. Zhen stated via email on May 4, 2023: "FYI, I'm no longer representing Digital Marketing Advisors..." *See* ECF 87-6, after ignoring communications about post-judgment discovery requests on March 31, 2023, and filing a stricken request to withdraw on May 1, 2023. *See* ECF 69 – 70 & 87-5. Mr. Zhen did not successfully file until July 31, 2023, and has delayed since judgment was successfully secured against his client on April 22, 2022. *See* ECF 51 & 98; *also see Constr.*, 2020 U.S. Dist. LEXIS 251477 at *4 ("Counsel's year-long delay to withdraw from this matter precludes [such] ex parte relief.").

1  Fox and Mr. Zhen are ordered to appear <u>in person</u> in Judge Wilner's courtroom" on
2  August 16, 2023. *See* ECF 51, 58, 65, 66, 75-1, 82, & 95.

3  Mr. Zhen's motion and notice for leave to withdraw is not "reasonably in advance"
4  to all parties in this action as a thirty (30) day notice of withdrawal hardly suffices in
5  allowing Judgment Creditors the time necessary to hold Judgment Debtor accountable
6  (when Judgment Debtor has strategically delayed and evaded its legally-mandated
7  commitments to Judgment Creditor).

8  Furthermore, once the attorney of record withdraws, such party "must appear pro
9  se or appoint another attorney by a written substitution of attorney signed by the party and
10 the attorneys." L.R. 83-2.3.3. However, "[o]nly individuals may represent themselves pro
11 se. No organization or entity of any other kind (including corporations, limited liability
12 corporations, partnerships, limited liability partnerships, unincorporated associations,
13 trusts) may appear in any action or proceeding unless represented by an attorney permitted
14 to practice before this Court under L.R. 83-2.1." L.R. 83-2.2.2.

15 DMA is a California corporation and procedurally cannot represent itself pro se,
16 thus DMA's alleged consent to Mr. Zhen's voluntary withdrawal is unwarranted when
17 Mr. Zhen is equally attempting to leave DMA without counsel. L.R. 83-2.3.4.  It was Mr.
18 Heerde's stance that "Attorney Zhen filed the complaint on behalf of Plaintiff in this
19 action, and has represented Plaintiff during the entirety of this action," and as such, Mr.
20 Zhen should hold a modicum of responsibility for his actions and these proceedings
21 instead of being allowed to recuse himself from this client-matter. *See* ECF 80-1.

### C. THE CALIFORNIA RULES OF PROFESSIONAL CONDUCT AND OTHER STATUTES WOULD PROHIBIT MR. ZHEN'S WITHDRAWAL OF COUNSEL IN THIS INSTANCE

25 In addition to what is elaborated above, courts also consider California Rules of
26 Professional Conduct 1.16 in ruling on motions to withdraw. *See Garcia v. Milky Way*
27 *Factory Inc.* (C.D. Cal. 2020), No. CV 20-02595 AS, 2020 WL 8027776, *1. Rule 1.16
28 sets forth several grounds under which an attorney shall or may withdraw from

representing a client, but it notably rests discretion in this Court. *See* Cal. Rules Prof. Conduct 1.16(c) ("If permission for termination of a representation is required by the rules of a tribunal,* a lawyer shall not terminate a representation before that tribunal* without its permission.").

Despite Mr. Zhen's representations, as evidenced above, that he no longer represents Plaintiff / Judgment Debtor in this matter, this Court undoubtedly retains the sole and absolute discretion on prohibiting or allowing this course of conduct. Nonetheless, the Rules of Professional Conduct also provide guidance to this Court that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable* steps to avoid reasonably* foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel…" *See* Cal. Rules of Prof. Conduct 1.16(d).  Before withdrawing, the attorney must take reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client as a lawyer violates his or her ethical mandate by abandoning a client or by withdrawing at a critical point thereby prejudicing the client. *See Pineda v. State Bar* (1989), 49 Cal.3d 753, 758 – 759 (the Court noted the "good faith and fiduciary duty that binds an attorney to the most conscientious fidelity to his client's interests" in regards to disciplining an attorney who abandons his clients); *also see Vann v. Shilleh* (1975), 54 Cal. App. 3d 192, 197.

There is rationale that withdrawing as counsel while "litigation is in its final stages" risks substantial prejudice to both parties to a proceeding and "cannot be effectuated in accordance with the requirements of the California Rules of Professional Conduct." *Robinson v. Delgado* (N.D. Cal. 2010), 2010 U.S. Dist. LEXIS 92924, *7 – 8 (Denying Cooley LLP's motion to withdraw as counsel at a late point in the litigation until the resolution of post-trial matters). Mr. Zhen has failed to advise this Court of any "reasonable step" taken to assist his client in avoiding reasonably foreseeable prejudice that would result from his withdrawal.

Lawyers must comply with their obligations to their clients under Business and Professions Code section 6068, subdivisions (c) & (e), wherein an attorney must

"[m]aintain those actions, proceedings, or defenses only as appear to him or her legal or just" and "keep clients reasonably informed of significant developments in matters with regard to which the attorney has agreed to provide legal services." Accordingly, an attorney cannot withdraw from a client's matter without "good cause…and the ends of justice require…" L.R. 83-2.3.5. If a tribunal denies a lawyer's permission to withdraw, the lawyer is obligated to comply with the tribunal's order and there is ample reasoning to support Judgment Creditors' opposition to Mr. Zhen's motion to withdrawal. *See* Bus. & Prof. Code, §§ 6068, subd. (b) and 6103; *also see* L.R. 83-2.3.1 ("Whenever a party has appeared by an attorney, the party may not thereafter appear or act pro se, except upon order made by the Court…").

### III. CONCLUSION

By reason of the aforementioned rationale and statement of facts herein described, Judgment Creditors humbly request that the Court deny Mr. Zhen's Notice of Motion to Withdraw as Attorney and issue any judgment(s) or order(s) accordingly.

Dated: August 7, 2023          GERARD FOX LAW, P.C.

By: /s/ Gerard P. Fox
Gerard P. Fox, Esq.
Attorney for Judgment Creditors