Chris J. Zhen (SBN 275575)
Email: chris.zhen@zhenlawfirm.com
Phone: (213) 935-0715
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036

*Attorneys for Plaintiff*
Digital Marketing Advisors

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Digital Marketing Advisors, a California Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>McCandless Group, LLC, a Florida Limited Liability Company; Nicholas McCandless, an individual; DOES 1-10,<br><br>    Defendants. | Case No.: 2:21-cv-06888-AB-GJS<br><br>*The Honorable Andre Birotte Jr.*<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY**<br><br>Hon. André Birotte Jr.<br>Hearing Date: September 1, 2023<br>Hearing Time: 10:00 A.M. |

REPLY MEMORANDUM
CASE NO.: 2:21-CV-06888-AB-GJS   -1-

Attorney Chris J. Zhen respectfully submits this Reply Memorandum of Points and Authorities in response to Judgment Creditors' opposition ("Opposition") to the Motion to Withdraw as Attorney ("Motion").

## I. A Client's Right to Discharge Its Attorney Is Absolute, and Therefore Counsel Cannot Be Compelled to Serve Against the Rights of a Party

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of the court." L.R. 83-2.3.2. The motion for leave to withdraw "must be supported by good cause." *Id*. The motion may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Id*.

The law is clear that a client has the "<u>absolute</u>" right to discharge its attorney at any time for any reason. *See Fracasse v. Brent* (1972) 6 Cal. 3d 784, 790. This policy is expressed both judicially and legislatively in favor of the client's absolute right. *Id*.

In this case, the Plaintiff has discharged its attorney. Compelling an attorney to continue representation would violate this absolute right. In addition, proper notices of this Motion have been given to all counsel and Judgment Debtor; proper

REPLY MEMORANDUM
CASE NO.: 2:21-CV-06888-AB-GJS   -2-

notice of Local Rule 83-2.3.4 was provided to Plaintiff on or before January 5, 2023 so that Plaintiff has had sufficient time to retain new counsel. *See* Second Declaration of Chris Zhen ¶4 (hereinafter "Second Declaration"); *see, also*, Declaration of Mr. Urbina of May 23, 2023 [ECF No. 80-3 ¶4] (Plaintiff has been informed of the "consequences of Plaintiff's inability to proceed pro se").

Accordingly, granting the Motion will not prejudice either Judgment Debtor or Judgment Creditor.

Judgment Creditors' opposition raises a series of points that are either inapposite or irrelevant.

Judgment Creditors' claims the Plaintiff has not been advised of the consequences of proceeding pro se. Opposition at 11. The Plaintiff was provided such written notice. In any case, the Declaration of Mr. Urbina of May 23, 2023 indicates that the Plaintiff had been informed of the "consequences of Plaintiff's inability to proceed pro se". [ECF No. 80-3 ¶4].

Judgment Creditors' claims there was no irreconcilable differences or a breakdown in communication. Opposition at 11. This is not true. There has been difficulties in communication. *See* Second Declaration ¶6. Such difficulties would make any representation ineffective. *Id*.

REPLY MEMORANDUM
CASE NO.: 2:21-CV-06888-AB-GJS   -3-

Regarding the "administration of justice," it is clear that a client has the "absolute" right to discharge its attorney. *See* Fracasse v. Brent (1972) 6 Cal. 3d 784, 790.

## II. CONCLUSION

Accordingly, the undersigned respectfully requests that the Court grant the Motion to Withdraw as Counsel and grant such other and further relief as is deemed just and proper.

Dated: August 14, 2023      Respectfully Submitted,

ZHEN LAW FIRM

By: /s/ Chris J. Zhen
Chris J. Zhen
*Attorneys for Plaintiff*
Digital Marketing Advisors

REPLY MEMORANDUM
CASE NO.: 2:21-CV-06888-AB-GJS   -4-

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 14th day of August, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system. Any other counsel of record will be served by a facsimile transmission, first class mail, and/or electronic mail.

By:    /Chris J. Zhen/

REPLY MEMORANDUM
CASE NO.: 2:21-CV-06888-AB-GJS   -5-